UNITED STATES BANKRUPTCY COURT
IN THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| IN RE: TERRY BERRY AND JENNIFER BERRY AKA JENNIFER WILMOTH, DEBTORS | CASE NO. 4:20-BK-14553<br>CHAPTER 13 |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, IN TRUST FOR THE REGISTERED HOLDERS OF MORGAN STANLEY ABS CAPITAL I TRUST 2006-HE6, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-HE6 | MOVANT |
| V. | |
| TERRY BERRY AND JENNIFER BERRY FKA JENNIFER WILMOTH, DEBTORS AND REBECCA DARLENE BERRY, CO-DEBTOR AND JACK W. GOODING, TRUSTEE | RESPONDENTS |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND CO-DEBTOR STAY AND FOR IN REM RELIEF

Comes now Deutsche Bank National Trust Company, as Trustee, in trust for the registered holders of Morgan Stanley ABS Capital I Trust 2006-HE6, Mortgage Pass-Through Certificates, Series 2006-HE6, by and through its attorneys, Mackie Wolf Zientz & Mann, P.C. and for its Motion for Relief from the Automatic Stay and Co-Debtor Stay and for In Rem Relief against Terry Berry and Jennifer Berry aka Jennifer Wilmoth, Debtors and Rebecca Darlene Berry, Co-Debtor herein, states:

1.      Terry Berry and Jennifer Berry aka Jennifer Wilmoth ("Debtors") filed their Voluntary Petition for Chapter 13 bankruptcy on December 16, 2020.

13-000103-850-31

2.    On June 1, 2006, Terry Allen Berry, executed a Note in favor of New Century Mortgage Corporation in the principal sum of $76,500.00. A copy of the Note is attached hereto as Exhibit A (the "Note").

3.    Terry Allen Berry and Rebecca Darlene Berry, Co-Debtor, executed and delivered to New Century Mortgage Corporation, a Mortgage dated June 1, 2006, upon real property described in the Mortgage which is attached hereto as Exhibit B (the "Mortgage") and hereafter referred to as the "Property".

4.    The Mortgage was filed for record in the real estate records of Saline County, Arkansas June 6, 2006.

5.    The Mortgage was duly and properly assigned to Movant. Copies of the Assignments of Mortgage are attached hereto as Exhibit C (the "Assignment").

6.    The loan was modified on November 1, 2016. Copies of the Home Affordable Modification Agreement are attached hereto as Exhibit D.

7.    As of December 18, 2020, the loan is contractually due for December 1, 2017, and the principal remaining is $132,372.75 plus interest, other charges, and attorney's fees. The total payoff as of December 17, 2020 is $148,701.11 consisting of the following amounts:

| | |
|---|---|
| Unpaid Principal Balance | $132,372.75 |
| Interest Due at 3.00000% (11/01/2017-12/18/20) | $8,478.40 |
| Escrow Advances | $7,688.10 |
| Pro-rata MIP/PMI | $0.00 |
| Recoverable Fees and Recoverable Balance | $264.22 |
| Suspense Balance | ($102.36) |

13-000103-850-31

| Total Payoff | $148,701.11 |
|---|---|

8.   Movant is prohibited from protecting its interest in foreclosing due to the automatic stay.

9.   Pursuant to 11 U.S.C. §362(d)(1) and §362(d)(4) sufficient cause exists for the terminating of the automatic stay as to Movant, its collateral, and the proceeds thereof.  The Debtors have filed multiple bankruptcies in an attempt to delay, hinder, and defraud Movant and prevent it from exercising its remedies with respect to the Property.  The Debtors have failed to provide for adequate protection of Movant's interest.

10.   The Debtors' present case has been filed in bad faith and is merely an attempt to delay the foreclosure process. As indicated herein, the Debtors have demonstrated a pattern of filing bankruptcy cases and failing to make payments as required.

## 2017 BANKRUPTCY FILING BY TERRY BERRY AND JENNIFER BERRY AKA JENNIFER WILMOTH

11.   The Debtors' case, 4:17-bk-12950, (hereinafter "2017 case") was filed on May 24, 2017.

12.   The Debtors' 2017 case was dismissed prior to confirmation on January 29, 2018, for failure to make payments.  A copy of the docket report and dismissal order are attached as Exhibits E and F, respectively.

## 2018 BANKRUPTCY FILING BY TERRY BERRY AND JENNIFER BERRY AKA JENNIFER WILMOTH

13.   The Debtors' case, 4:18-bk-10629, (hereinafter "2018 case") was filed on February 6, 2018.

14.   The Debtors' 2018 case was dismissed on February 25, 2019 for failure to make plan payments. A copy of the 2018 case docket and dismissal order are attached as Exhibits G and H, respectively.

13-000103-850-31

## 2019 BANKRUPTCY FILING BY TERRY BERRY AND JENNIFER BERRY AKA JENNIFER WILMOTH

15.   The Debtors' case, 4:19-bk-11907, (hereinafter "2019 case") was filed on March 12, 2019.

16.   The Debtors' 2019 case was dismissed on December 11, 2019 for failure to make plan payments. A copy of the 2019 case docket and dismissal order are attached as Exhibits I and J, respectively.

## JANUARY 2020 BANKRUPTCY FILING BY JENNIFER BERRY AKA JENNIFER WILMOTH

17.   The Debtor, Jennifer Berry aka Jennifer Wilmoth filed case number 4:20-bk-10393 (hereinafter "January 2020 case") on January 24, 2020.  The Debtor's January 2020 case was dismissed on October 13, 2020 for failure to make plan payments.  A copy of the January 2020 case docket and dismissal order are attached as Exhibits K and L, respectively.

## DECEMBER 2020 BANKRUPTCY FILING BY TERRY BERRY AND JENNIFER BERRY AKA JENNIFER WILMOTH (PRESENT CASE)

18.   The Debtors' present case, 4:20-bk-14553, was filed on December 16, 2020.

19.   The Debtors' schedules do not indicate a change in circumstances since the last case that would enable them to complete the present Chapter 13 case. The Debtors' net monthly income of $2,150.00 as indicated on Schedule J is less than the net monthly income in the previous case in the amount of $2,590.49.

20.   A copy of schedules I and J from the January 2020 case (4:20-bk-10393) and the present case are attached as Exhibits M and N, respectively.

21.   Furthermore, the Debtors' plan understates the pre-petition arrearage by approximately

13-000103-850-31

$4,462.79. The plan provides for an arrearage of $15,975.86, while the actual arrearage is $20,438.65 as evidenced by Movant's proof of claim number 8-1 filed on January 8, 2021.

## CO-DEBTOR RELIEF

22. Based on information and belief, the Co-Debtor, Rebecca Darlene Berry, has an interest in the Property. Movant is entitled to relief from the co-debtor stay pursuant to 11 U.S.C. §1301(c)(3) because payment are not being received, and its interest would be irreparably harmed by the continuation of the stay.

## IN-REM RELIEF

23. As evidenced herein, the multiple filings by the Debtors are part of a scheme to delay, hinder and defraud Movant and prevent it from exercising its remedies against the real property located at 816 W. Ashley Street, Benton, AR 72015. The Debtors actions indicate a pattern of filing cases without making payments to successfully fund a Chapter 13 Plan.

24. Movant is entitled to in-rem relief with respect to this real property in order to prevent any fraud or delay by the Debtors.

25. Pursuant to 11 U.S.C.§362(d)(1) and 11 U.S.C. §362(d)(4) sufficient cause exists for terminating of the automatic stay as to Movant, its collateral, and the proceeds thereof.

26. Movant requests that relief be granted pursuant to 11 U.S.C. §362(d)(4) and that the order granting relief be recorded in the property records and binding with respect to the Property for a period of 2 years.

## RIGHT TO FORECLOSE

27. In the event the automatic stay in this case is modified, this case dismisses, and/or the Debtors obtain a discharge and a foreclosure action is commenced on the mortgaged

13-000103-850-31

property, the foreclosure will be conducted in the name of Movant. Movant, directly or through an agent, has possession of the promissory note. Movant will enforce the promissory note as transferee in possession. Movant is the original mortgagee or beneficiary or the assignee of the Mortgage.

## 11 U.S.C. 362(e) WAIVER

28.    Movant requests that the Court set this matter for hearing on the next regularly scheduled divisional day and waives the 30-day hearing requirement in 11 U.S.C. §362(e). Movant consents to the continuation of the automatic stay until the Court enters an order terminating the automatic stay.

WHEREFORE, Movant prays:

29.    That it be relieved from the automatic stay pursuant to 11 U.S.C. §362(d)(1) and §362(d)(4), that it be relieved from the co-debtor stay pursuant to 11 U.S.C. §1301(c)(3), and that the 14-day stay described by Bankruptcy Rule 4001 (a)(3) be waived so that it may proceed with its regular and customary collection activities.

30.    For attorney's fees and costs, and such other and further relief to which it may be entitled.

Respectfully Submitted,

MACKIE WOLF ZIENTZ & MANN, P.C.

124 W. Capitol Avenue, Suite 1560
Little Rock, AR 72201
Phone: (501) 218-8111
Facsimile: (501) 588-0070
Email: smcdaniel@mwzmlaw.com

By:    */s/ Sarah Murphy McDaniel*
        Sarah Murphy McDaniel (Bar No. 2012130)

        Leslie N. Mann (Bar No. 95142)
        Sarah Murphy McDaniel (Bar No. 2012130)

Michael Tackett (Bar No. 2018110)
Stephen Wu (Texas Bar No. 24042396) *

*Licensed to Practice in Eastern and
Western Districts of Arkansas

Attorney for Movant

13-000103-850-31

## <u>CERTIFICATE OF SERVICE</u>

       I, Sarah Murphy McDaniel, do hereby certify on January 15, 2021, a copy of the foregoing pleading was served via electronic mail or first-class mail upon the following parties:

                              By: */s/ Sarah Murphy McDaniel*

                              Leslie N. Mann (Bar No. 95142)
                              Sarah Murphy McDaniel (Bar No. 2012130)
                              Michael Tackett (Bar No. 2018110)
                              Stephen Wu (Texas Bar No. 24042396) *
                              *Licensed to Practice in Eastern and Western
                              Districts of Arkansas

Via Pre-Paid U.S. Mail:
Terry Berry
Jennifer Berry aka Jennifer Wilmoth
816 W Ashley Street
Benton, AR 72015
Debtors

Rebecca Darlene Berry
816 W. Ashley Street
Benton, AR 72015
Co-Debtor

Via ECF:
Mickey Lynn Stevens
2615 N. Prickett Road Suite 2
Bryant, AR 72022
Attorney for Debtors

Via ECF:
Jack W. Gooding
Po Box 8202
Little Rock, AR 72221
Chapter 13 Trustee

Via ECF:
U.S. TRUSTEE
Office of U.S. Trustee
200 W Capitol, Ste. 1200
Little Rock, AR 72201

13-000103-850-31

# ADJUSTABLE RATE NOTE

(LIBOR Six-Month Index (As Published In *The Wall Street Journal*) - Rate Caps)

**THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND MY MONTHLY PAYMENT. THIS NOTE LIMITS THE AMOUNT MY INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY.**

June 1, 2006              BENTON              Arkansas
[Date]                    [City]              [State]

816 W. ASHLEY STREET, BENTON, AR  72015
[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 76,500.00        (this amount is called "Principal"), plus interest, to the order of Lender. Lender is New Century Mortgage Corporation

I will make all payments under this Note in the form of cash, check or money order.

I understand that Lender may transfer this Note. Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of        10.413 %. The interest rate I will pay may change in accordance with Section 4 of this Note.

The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.

## 3. PAYMENTS

(A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payments on the first day of each month beginning on August 1, 2006 . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on 07/01/2036             , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at 18400 Von Karman, Suite 1000, Irvine, CA 92612

or at a different place if required by the Note Holder.

(B) Amount of My Initial Monthly Payments

Each of my initial monthly payments will be in the amount of U.S. $ 694.81           . This amount may change.

(C) Monthly Payment Changes

Changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 of this Note.

MULTISTATE ADJUSTABLE RATE NOTE - LIBOR SIX-MONTH INDEX (AS PUBLISHED IN *THE WALL STREET JOURNAL*) - Single Family - Fannie Mae UNIFORM INSTRUMENT

VMP MORTGAGE FORMS - (800)52     1-7291
Page 1 of 4                        Initials JAB

GC 9/18/17

## 4. INTEREST RATE AND MONTHLY PAYMENT CHANGES

(A) Change Dates

The interest rate I will pay may change on the first day of July, 2008                  , and on that day every 6th         month thereafter. Each date on which my interest rate could change is called a "Change Date."

(B) The Index

Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the average of interbank offered rates for six month U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in *The Wall Street Journal*. The most recent Index figure available as of the first business day of the month immediately preceding the month in which the Change Date occurs is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

(C) Calculation of Changes

Before each Change Date, the Note Holder will calculate my new interest rate by adding Six And Three Tenth(s)                              percentage points (                 6.300 %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

(D) Limits on Interest Rate Changes

The interest rate I am required to pay at the first Change Date will not be greater than                 11.913 % or less than         10.413%. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than One And One-half         percentage point(s) (           1.500 %) from the rate of interest I have been paying for the preceding 6              months. My interest rate will never be greater than         17.413%.

(E) Effective Date of Changes

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

(F) Notice of Changes

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

## 5. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under this Note.

I may make a full Prepayment or partial Prepayments without paying any Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount before applying my Prepayment to reduce the Principal amount of this Note. If I make a partial Prepayment, there will be no changes in the due dates of my monthly payments unless the Note Holder agrees in writing to those changes. My partial Prepayment may reduce the amount of my monthly payments after the first Change Date following my partial Prepayment. However, any reduction due to my partial Prepayment may be offset by an interest rate increase.

## 6. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me that exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

B C a/18

## 7. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charges for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of **fifteen** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **5.000** % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal that has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. These expenses include, for example, reasonable attorneys' fees.

## 8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Unless the Note Holder requires a different method, any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 10. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 11. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses that might result if I do not keep the promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions read as follows:

Form 3520 1/01

Initials: 

BC a118

**Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender also may require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED

_____ (Seal)
TERRY ALLEN BERRY    -Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

Pay to the order of, without recourse
New Century Mortgage Corporation
By: Steve Nagy
V.P. Records Management        [Sign Original Only]

Page 4 of 4

Return To:

New Century Mortgage
18400 Von Karman, Ste 1000
Irvine, CA 92612

Prepared By:
New Century Mortgage
Corporation
18400 Von Karman, Ste 1000
Irvine, CA 92612

FILED
SALINE COUNTY
CIRCUIT CLERK

2006 JUN -6  PM 2:41

BY:

———————————[Space Above This Line For Recording Data]———————————
PURCHASE MONEY
# MORTGAGE

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in
Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are
also provided in Section 16.

(A) "Security Instrument" means this document, which is dated  June 1, 2006
together with all Riders to this document.
(B) "Borrower" is TERRY ALLEN BERRY and REBECCA DARLENE BERRY, Husband and
Wife

Borrower is the mortgagor under this Security Instrument.
(C) "Lender" is New Century Mortgage Corporation

Lender is a Corporation
organized and existing under the laws of California

ARKANSAS-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

Page 1 of 16

Initials:

VMP MORTGAGE FORMS - (800)521-7291

Lender's address is **18400 Von Karman, Suite 1000, Irvine, CA 92612**

Lender is the mortgagee under this Security Instrument.

**(D) "Note"** means the promissory note signed by Borrower and dated **June 1, 2006**
The Note states that Borrower owes Lender SEVENTY-SIX THOUSAND FIVE HUNDRED AND
00/100                                                                          Dollars
(U.S. $ **76,500.00**            ) plus interest. Borrower has promised to pay this debt in regular Periodic
Payments and to pay the debt in full not later than **07/01/2036**

**(E) "Property"** means the property that is described below under the heading "Transfer of Rights in the
Property."

**(F) "Loan"** means the debt evidenced by the Note, plus interest, any prepayment charges and late charges
due under the Note, and all sums due under this Security Instrument, plus interest.

**(G) "Riders"** means all Riders to this Security Instrument that are executed by Borrower. The following
Riders are to be executed by Borrower [check box as applicable]:

| | | |
|---|---|---|
| [X] Adjustable Rate Rider | [ ] Condominium Rider | [ ] Second Home Rider |
| [ ] Balloon Rider | [ ] Planned Unit Development Rider | [ ] 1-4 Family Rider |
| [ ] VA Rider | [ ] Biweekly Payment Rider | [X] Other(s) [specify] |
| | | **Prepayment Rider** |
| | | **ARM Rider Addendum** |

**(H) "Applicable Law"** means all controlling applicable federal, state and local statutes, regulations,
ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final,
non-appealable judicial opinions.

**(I) "Community Association Dues, Fees, and Assessments"** means all dues, fees, assessments and other
charges that are imposed on Borrower or the Property by a condominium association, homeowners
association or similar organization.

**(J) "Electronic Funds Transfer"** means any transfer of funds, other than a transaction originated by
check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic
instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit
or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller
machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse
transfers.

**(K) "Escrow Items"** means those items that are described in Section 3.

**(L) "Miscellaneous Proceeds"** means any compensation, settlement, award of damages, or proceeds paid
by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i)
damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the
Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the
value and/or condition of the Property.

**(M) "Mortgage Insurance"** means insurance protecting Lender against the nonpayment of, or default on,
the Loan.

**(N) "Periodic Payment"** means the regularly scheduled amount due for (i) principal and interest under the
Note, plus (ii) any amounts under Section 3 of this Security Instrument.

**(O) "RESPA"** means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its
implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to
time, or any additional or successor legislation or regulation that governs the same subject matter. As used
in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard
to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage
loan" under RESPA.

VMP®-6(AR) (0108)                          Page 2 of 15                          Initials: JAB   RDB          Form 3004   1/01

BL  9/14

(P) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably mortgages, grants and conveys to Lender the following described property located in the

| County | of | Saline | : |
| [Type of Recording Jurisdiction] | | [Name of Recording Jurisdiction] | |

**See Legal Description Attached Hereto and Made a Part Hereof**

Parcel ID Number                                                    which currently has the address of
**816 W. ASHLEY STREET**                                                                    [Street]
**BENTON**                                              [City], Arkansas **72015**          [Zip Code]
("Property Address"):

    TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

    BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

    THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

    UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

    **1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S currency. However, if any check or other instrument received by Lender as payment under the Note or this



BL  9114

Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

2. **Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

3. **Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts

Initials  

BC 9/18

due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

4. **Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the



BC   9/18

lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

5. **Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with

Initials: 

BC a/18

the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

**6. Occupancy.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

**7. Preservation, Maintenance and Protection of the Property; Inspections.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

**8. Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

**9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable



BC  9/18

attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**10. Mortgage Insurance.** If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

(a) Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.



BC 9/18

(b) Any such agreements will not affect the rights Borrower has – if any – with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.

11. Assignment of Miscellaneous Proceeds; Forfeiture. All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

VMP ®-6(AR) (0108)                    Page 9 of 15                    Initials 

OC 4/18

**12. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

**13. Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

**14. Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

**15. Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

VMP ®-6(AR) (0109)    Page 10 of 15    

**16. Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

**17. Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

**18. Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**19. Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

**20. Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA





BC 9118

requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

**21. Hazardous Substances.** As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.




PC 1/18

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

22. **Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.**

It is understood and agreed to by Borrower that this Security Instrument is subject to the foreclosure procedures of the Arkansas Statutory Foreclosure Law, Act 53 of 1987, as amended from time to time (the "Act"), for Borrower's breach of any covenant or agreement in this Security Instrument. In furtherance and not in limitation of the provisions of Section 12, any forbearance by Lender in exercising any right or remedy under the Act shall not be a waiver of or preclude acceleration and the exercise of any right or remedy under the Act, or at the option of Lender, use of judicial foreclosure proceedings.

23. **Release.** Upon payment in full of all sums secured by this Security Instrument, Lender shall release this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

24. **Waivers.** Borrower waives all rights of homestead exemption in, and statutory redemption of, the Property and all right of appraisement of the Property and relinquishes all rights of curtesy and dower in the Property.

-6(AR) (0108)

Initials JAB
RDB



BL 9/18

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses:

_____    _____ (Seal)
                                    TERRY ALLEN BERRY           -Borrower

_____    _____ (Seal)
                                    REBECCA  DARLENE  BERRY      -Borrower


_____ (Seal)    _____ (Seal)
                  -Borrower                               -Borrower


_____ (Seal)    _____ (Seal)
                  -Borrower                               -Borrower


_____ (Seal)    _____ (Seal)
                  -Borrower                               -Borrower


-6(AR) (0108)                     Page 14 of 15

BC  9/18

STATE OF ARKANSAS,                                    SALINE          County ss:

On this the    1st    day of        June, 2006        , before me, the undersigned officer,
personally appeared      Terry Allen Berry and Rebecca Darlene Berry,
                          husband and wife

known to me (or satisfactorily proven) to be the person(s) whose name(s) is/are subscribed to the within
instrument and acknowledged that he/she (they) executed the same for the purposes therein contained.

In witness whereof I hereunto set my hand and official seal.

My Commission Expires:
   January 27, 2014

Notary Public              Sherrie D. Mitchell

Lien Holder: New Century Mortgage
Corporation
Address: 3109 W Martin Luther King
Blvd,

Contact

                    for release of lien.



VMP -6(AR) (0108)                Page 15 of 16

BC  9118

# ADJUSTABLE RATE RIDER

### (LIBOR Six-Month Index (As Published In *The Wall Street Journal*) - Rate Caps)

THIS ADJUSTABLE RATE RIDER is made this 1st       day of June, 2006            ,
and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed
of Trust, or Security Deed (the "Security Instrument") of the same date given by the
undersigned ("Borrower") to secure Borrower's Adjustable Rate Note (the "Note") to
New Century Mortgage Corporation

("Lender") of the same date and covering the property described in the Security Instrument
and located at: 816 W. ASHLEY STREET, BENTON, AR  72015

[Property Address]

**THE NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN THE
INTEREST RATE AND THE MONTHLY PAYMENT. THE NOTE LIMITS THE
AMOUNT BORROWER'S INTEREST RATE CAN CHANGE AT ANY ONE TIME
AND THE MAXIMUM RATE BORROWER MUST PAY.**

ADDITIONAL COVENANTS. In addition to the covenants and agreements made in the
Security Instrument, Borrower and Lender further covenant and agree as follows :
**A. INTEREST RATE AND MONTHLY PAYMENT CHANGES**
The Note provides for an initial interest rate of            10.413 %. The Note provides
for changes in the interest rate and the monthly payments, as follows :
**4. INTEREST RATE AND MONTHLY PAYMENT CHANGES**
**(A) Change Dates**
The interest rate I will pay may change on the first day of July, 2008            ,
and on that day every 6th             month thereafter. Each date on which my interest rate
could change is called a "Change Date."
**(B) The Index**
Beginning with the first Change Date, my interest rate will be based on an Index. The
"Index" is the average of interbank offered rates for six month U.S. dollar-denominated
deposits in the London market ("LIBOR"), as published in The Wall Street Journal. The most
recent Index figure available as of the first business day of the month immediately preceding
the month in which the Change Date occurs is called the "Current Index."
If the Index is no longer available, the Note Holder will choose a new index that is based
upon comparable information. The Note Holder will give me notice of this choice.
**(C) Calculation of Changes**
Before each Change Date, the Note Holder will calculate my new interest rate by adding
Six And Three Tenth(s)                                 percentage points
(          6.300 %) to the Current Index. The Note Holder will then round the result of

MULTISTATE ADJUSTABLE RATE RIDER - LIBOR SIX-MONTH INDEX (AS PUBLISHED IN
THE WALL STREET JOURNAL) - Single Family - Fannie Mae Uniform Instrument

Page 1 of 3            Initials:
VMP Mortgage Solutions, Inc.

BC  9/18

  
this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than **11.913** % or less than **10.413** %. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than **One And One-half** percentage points ( **1.500** %) from the rate of interest I have been paying for the preceding **6** months. My interest rate will never be greater than **17.413** %.

(E) Effective Date of Changes

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

(F) Notice of Changes

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

**B. TRANSFER OF THE PROPERTY OR A BENEFICIAL INTEREST N BORROWER**

Uniform Covenant 18 of the Security Instrument is amended to read as follows:

Transfer of the Property or a Beneficial Interest in Borrower. As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender also may require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

Page 2 of 3

Initials 

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Adjustable Rate Rider.

_____ (Seal)
TERRY ALLEN BERRY        -Borrower

_____ (Seal)
REBECCA DARLENE BERRY    -Borrower

_____ (Seal)
                         -Borrower

_____ (Seal)
                         -Borrower

_____ (Seal)
                         -Borrower

_____ (Seal)
                         -Borrower

_____ (Seal)
                         -Borrower

_____ (Seal)
                         -Borrower

Page 3 of 3

# ADJUSTABLE RATE RIDER ADDENDUM
### (Libor Index - Rate Caps)

This Adjustable Rate Rider Addendum is made this **1st** day of **June** **2006** , and is incorporated into and shall be deemed to amend and supplement the Promissory Note (the "Note") and Mortgage, Deed of Trust or Security Deed (the "Security Instrument") and Adjustable Rate Rider (the "Rider") of the same date given by the undersigned (the "Borrower") to secure repayment of Borrower's Note to

**New Century Mortgage Corporation**                                        (the "Lender").

Property securing repayment of the Note is described in the Security Instrument and located at:
### 816 W. ASHLEY STREET, BENTON, AR 72015
(Property Address)

To the extent that the provisions of this Adjustable Rate Rider Addendum are inconsistent with the provisions of the Note and/or Security Instrument and/or Rider, the provisions of this Addendum shall prevail over and supersede any such inconsistent provisions of the Note and/or Security Instrument and/or Rider.

In addition to the covenants and agreements made in the Note, Security Instrument, and Rider, Borrower and Lender further covenant and agree as follows:

**4.    (D) LIMITS ON INTEREST RATE CHANGES**
        The interest rate I am required to pay at the first change date will not be greater than **11.913** % or less than **10.413** %. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than **One And One-half** percentage point(s) ( **1.500** %) from the rate of interest I have been paying for the preceding **6** months. My interest rate will never be greater than **17.413** % or less than **10.413** %.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Adjustable Rate Rider Addendum.

TERRY ALLEN BERRY

REBECCA DARLENE BERRY

**NCMC**

Adjustable Rate Rider Addendum                    Page 1 of 1

# PREPAYMENT RIDER
## ADJUSTABLE RATE LOAN

This Prepayment Rider is made this **1st** day of **June** **2006** , and is incorporated into and shall be deemed to amend and supplement the Promissory Note (the "Note") and Mortgage, Deed of Trust or Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to secure repayment of Borrower's Note to

**New Century Mortgage Corporation** (the "Lender").

To the extent that the provisions of this Prepayment Rider are inconsistent with the provisions of the Note and/or Security Instrument, the provisions of this Rider shall prevail over and shall supersede any such inconsistent provisions of the Note and/or Security Instrument.

In addition to the covenants and agreements made in the Note and Security Instrument, the Borrower and Lender further covenant and agree as follows:

**5. BORROWERS RIGHT TO PREPAY**

I have the right to make payments of Principal at any time before they are due. A prepayment of all of the unpaid principal is known as a "Full Prepayment." A prepayment of only part of the unpaid principal is known as a "Partial Prepayment."

Except as provided below, I may make a Full or Partial Prepayment at any time without paying any penalty. If I make a Partial Prepayment equal to one or more of my monthly payments, my due date may be advanced no more than one month. If I make any other Partial Prepayment, I must still make each later payment as it becomes due and in the same amount. I may make a Full Prepayment at any time. However, if within the first **2** year(s) after the execution of the Security Instrument I make a Full Prepayment, I will pay a prepayment charge subject to the following limitations: Limited to three percent (3%) of the principal loan amount remaining on the date of the prepayment, if the prepayment is made within the first twelve-month period immediately following the date the loan was made; or two percent (2%) of the principal loan amount remaining on the date of the prepayment, if the prepayment is made within the second twelve-month period immediately following the date the loan was made; or one percent (1%) of the principal loan amount remaining on the date of the prepayment, if the prepayment is made within the third twelve-month period following the date the loan was made.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Prepayment Rider.

_____
TERRY ALLEN BERRY

_____
REBECCA DARLENE BERRY

_____

_____

_____

_____

_____

_____

NCMC

BC 9/18

Exhibit A

The West 80 feet of Lots 1, 2, and 3, Block 2, Kelley's Subdivision to the City of Benton, Saline County, Arkansas.

FILED FOR RECORD
In _____ Book _O6_ Page _6238_

JUN 06 2006

at _2:41_ o'clock _____ PM
DOUG KIDD, CIRCUIT CLERK
BY _____ DC

m c 9/18

Client: Bank of America

PM Process Name: ▓▓▓▓▓▓▓

   Date Printed: 05/02/2011 (1)

   Printed From Serv▓▓▓▓▓▓▓

PM Ref Id: ▓▓▓▓▓▓ ▓▓   /02/2011 03:17 PM

   NIE ▓▓▓▓▓▓▓▓

   Referral Type: Signature Required

   Referral Date: 05/02/2011

   PM Selected Doc Type: ASSIGNMENT


   PM Entered Doc Type:

   File Na▓▓▓▓▓▓AOM    .doc  05/02/2011 03:19 PM   (Ref Doc ▓▓▓▓▓▓▓
(Img Doc Id▓▓▓

   Borrower Name: TERRY BERRY

   Attorney: ReconTrust Company

   Property State: AR

   Comment: Please provided signed and executed power of attorney from NEW CENTURY
   MORTGAGE CORPORATION to DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE ON
   BEHALF OF THE CERTIFICATEHOLDERS OF THE MORGAN STANLEY ABS CAPITAL I INC. TRUST
   2006-HE6, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-HE6. Thank you

B C  a/18

EXHIBIT C

---

THIS FORM PREPARED BY AND COMPLETED FORM APPROVED BY:
Dyke, Henry,    Goldsholl, Winzerling, PLC
Dyke, Henry,    Goldsholl, et al., PLC
415 N. MCKINLEY SUITE 1177
LITTLE ROCK, AR 72205

Grantor: NEW CENTURY MORTGAGE CORPORATION
Grantee: DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE ON BEHALF OF TH
CERTIFICATEHOLDERS OF THE MORGAN STANLEY ABS CAPITAL I INC. TRUST 2
PASS-THROUGH CERTIFICATES, SERIES 2006-HE6

## ASSIGNMENT OF MORTGAGE

The undersigned, of NEW CENTURY MORTGAGE CORPORATION, does hereby grant, bargain, sell, assign, transfer, set over and convey to DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE ON BEHALF OF THE CERTIFICATEHOLDERS OF THE MORGAN STANLEY ABS CAPITAL I INC. TRUST 2006-HE6, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-HE6, that certain Mortgage executed by TERRY ALLEN BERRY AND REBECCA DARLENE BERRY, HUSBAND AND WIFE on June 1, 2006 to NEW CENTURY MORTGAGE CORPORATION, which Mortgage was recorded on June 6, 2006, in Book 06, at Page 62385 in the Office of the Circuit Clerk of Saline County, Arkansas, relating to the property legally described as:

THE WEST 80 FEET OF LOTS 1,2, AND 3, BLOCK 2, KELLEY'S SUBDIVISION TO THE CITY OF BENTON, SALINE COUNTY, ARKANSAS.

It is the undersigned's intention to assign and transfer to the assignee all of its right, title, interest and estate in and to the above-described Mortgage and the Note secured by such Mortgage.

IN WITNESS WHEREOF, the said Assignor, on this 2nd day of May, 2011, has caused these presents to be executed for and in its name and behalf by its undersigned Officer.

BC 9/18

By: NEW CENTURY MORTGAGE CORPORATION
By its attorney -in- fact, BAC Home Loans Servicing, LP
(BAC)

Jennifer Kay Watson
Assistant Vice President (AVP)

STATE OF Pennsylvania
COUNTY OF Allegheny          ACKNOWLEDGEMENT

BEFORE ME, the undersigned authority, on this day personally appeared Jennifer Kay Watson known to me to be the person whose name is subscribed to the foregoing instrument as and who acknowledged himself/herself to be the AVP of BAC Attorney -in- fact of NEW CENTURY MORTGAGE CORPORATION, a party thereto and acknowledged to me that he/she executed the same as said AVP of BAC Attorney -in- fact, being authorized so to do business in the State of Arkansas, executed the foregoing instrument for the purposes therein contained and consideration therein expresses, and in the capacity therein stated, by signing the name of the corporation by himself/herself as AVP of BAC Attorney -in- fact.

GIVEN UNDER MY HAND AND SEAL OF OFFICE, this 9th day of May, 2011.

Notary Public s Signature

COMMONWEALTH OF PENNSYLVANIA

NOTARIAL SEAL
RANDILYNN ANN BLAKE, NOTARY PUBLIC
SOUTH PYMATUNING TWP, MERCER COUNTY
MY COMMISSION EXPIRES OCT. 4, 2011

BC 9118

FILED
SALINE COUNTY
CIRCUIT CLERK

2013 OCT 14   PM 2:57

BY:_____ BT _____

**RETURN TO:**
**MACKIE WOLF ZIENTZ & MANN P.C.**
Union Plaza
124 West Capitol, Suite 1890
Little Rock, AR 72201

<u>AFFIDAVIT REGARDING LOST OR MISPLACED ASSIGNMENT</u>

Saline, Arkansas                                         "BERRY"
INVESTOR #

Before me, the undersigned authority, personally appeared JEFF YOUNG who upon being duly sworn deposes and says as follows:

1) That he/she is Vice President of Select Portfolio Servicing, Inc., formerly known as Fairbanks Capital Corp. the Custodian of the document which is the subject of this affidavit and the holder of that certain Note and Mortgage / Deed of Trust **06/01/2006** from **TERRY ALLEN BERRY AND REBECCA DARLENE BERRY, HUSBAND AND WIFE** in the original amount of **$76,500.00** (hereinafter the 'Mortgage / Deed of Trust' and 'Note'):

2) The Mortgage / Deed of Trust dated **Dated: 06/01/2006 Recorded: 06/06/2006 in Book/Reel/Liber: 2006 Page/Folio: 62383** In **Saline County , State of Arkansas**. The original Mortgagor / Grantee on the Mortgage / Deed of Trust was from **TERRY ALLEN BERRY AND REBECCA DARLENE BERRY, HUSBAND AND WIFE** to **NEW CENTURY MORTGAGE CORPORATION** as beneficiary.

**Address:** 816 W. ASHLEY STREET, BENTON, AR  72015

3) That the Mortgage / Deed of Trust and Note was purchased by **DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, IN TRUST FOR THE REGISTERED HOLDERS OF MORGAN STANLEY ABS CAPITAL I TRUST 2006-HE6, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-HE6** , but the assignment from **NEW CENTURY MORTGAGE CORPORATION** to **DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, IN TRUST FOR THE REGISTERED HOLDERS OF MORGAN STANLEY ABS CAPITAL I TRUST 2006-HE6, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-HE6** cannot be located for the recording:

4) That at all times **DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, IN TRUST FOR THE REGISTERED HOLDERS OF MORGAN STANLEY ABS CAPITAL I TRUST 2006-HE6, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-HE6** is the holder of the Mortgage / Deed of Trust and Note with full Authority to exercise the rights of a lender thereunder:



ST
3/5/18

AFFIDAVIT REGARDING LOST OR MISPLACED ASSIGNMENT Page 2 of 3

5) Select Portfolio Servicing, Inc. formerly known as Fairbanks Capital Corp., as Attorney-in-Fact for **DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, IN TRUST FOR THE REGISTERED HOLDERS OF MORGAN STANLEY ABS CAPITAL I TRUST 2006-HE6, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-HE6** is incorporated herein by reference, further evidencing authority to exercise the rights of a Loan Servicer there under and under the Note and Mortgage / Deed of Trust:

6) This Affidavit is given with the knowledge that it will be relied upon the Purchasers,Sellers, Lender, Attorneys, and Title Insurance Companies:



AFFIDAVIT REGARDING LOST OR MISPLACED ASSIGNMENT Page 3 of 3

FURTHER AFFIANT SAITH NOT.
Executed this day ___2 6 th___ day of ___Sept___, ___2013___
By: Select Portfolio Servicing, Inc. formerly known as Fairbanks Capital Corp., as Attorney-in-Fact for

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, IN TRUST FOR THE REGISTERED
HOLDERS OF MORGAN STANLEY ABS CAPITAL I TRUST 2006-HE6, MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2006-HE6

By: _____
JEFF YOUNG, VICE PRESIDENT

WITNESS                                    WITNESS

_____                    _Helen Tobler_
Ana Novakovich                             Helen Tobler

STATE OF UTAH
COUNTY OF SALT LAKE
        SEP 2 6 2013
On _____, before me, SHIRLEY TUITUPOU, a Notary Public in and for SALT LAKE in the
State of UTAH, personally appeared JEFF YOUNG, Vice President of Select Portfolio Servicing, Inc.
formerly known as Fairbanks Capital Corp., signing on behalf of  DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE, IN TRUST FOR THE REGISTERED HOLDERS OF MORGAN STANLEY
ABS CAPITAL I TRUST 2006-HE6, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-HE6
, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s)
whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they
executed the same in his/her/their authorized capacity, and that by his/her/their signature on the
instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal,

_____
SHIRLEY TUITUPOU
Notary Expires: 11/12/2016 #659599

> SHIRLEY TUITUPOU
> Notary Public  State of Utah
> My Commission Expires on:
> November 12 2016
> Comm Number 659599

(This area for notarial seal)





FILED FOR RECORD
In DC Book 2013 Page 95866

OCT 1 4 2013

at 2:57 o'clock P M
DENNIS MILLIGAN, CIRCUIT CLERK
By _____ DC

EXHIBIT D

DIGIMAIL   NOV 0 1 2016

## HOME AFFORDABLE MODIFICATION AGREEMENT
### (Step Two of Two-Step Documentation Process)

Borrower ("I"):1  **TERRY ALLEN BERRY**
Lender or Servicer ("Lender"): **Select Portfolio Servicing, Inc.**
Date of first lien mortgage, deed of trust, or security deed ("Mortgage") and Note ("Note"): **June 1, 2006**
Loan Number
Property Address [and Legal Description if recordation is necessary] ("Property"):
**816 W ASHLEY STREET**
**BENTON, AR 72015**

If my representations in Section 1 continue to be true in all material respects, then this Home Affordable Modification Agreement ("Agreement") will, as set forth in Section 3, amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Agreement and not defined have the meaning given to them in Loan Documents.

I understand that after I sign and return two copies of this Agreement to the Lender, the Lender will send me a signed copy of this Agreement. This Agreement will not take effect unless the preconditions set forth in Section 2 have been satisfied.

1. **My Representations and Covenants**. I certify, represent to Lender, covenant and agree:

   A. I am experiencing a financial hardship, and as a result, (i) I am in default under the Loan Documents or default is imminent, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future;
   B. One of the borrowers signing this Agreement lives in the Property as a principal residence, and the Property has not been condemned;
   C. There has been no impermissible change in the ownership of the Property since I signed the Loan Documents. A permissible change would be any transfer that the lender is required by law to allow, such as a transfer to add or remove a family member, spouse or domestic partner of the undersigned in the event of a death, divorce or marriage;
   D. I have provided documentation for **all** income that I receive (and I understand that I am not required to disclose child support or alimony unless I chose to rely on such income when requesting to qualify for the Home Affordable Modification program ("Program"));
   E. Under penalty of perjury, all documents and information I have provided to Lender in connection with this Agreement, including the documents and information regarding my eligibility for the Program, are true and correct;
   F. If Lender requires me to obtain credit counseling in connection with the Program, I will do so; and
   G. I have made or will make all payments required under a Trial Period Plan or Loan Workout Plan.

2. **Acknowledgements and Preconditions to Modification**. I understand and acknowledge that:

   A. If prior to the Modification Effective Date as set forth in Section 3 the Lender determines that any of my representations in Section 1 are no longer true and correct or any covenant in Section 1 has not been performed, the Loan Documents will not be modified and this Agreement will terminate. In that event, the Lender will have all of the rights and remedies provided by the Loan Documents; and

   B. I understand that the Loan Documents will not be modified unless and until (i) the Lender accepts this Agreement by signing and returning a copy of it to me, and (ii) the Modification Effective Date (as defined in Section 3) has occurred. I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Agreement.

---

1. If more than one Borrower or Mortgagor is executing this document, each is referred to as "I." For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT – Single Family – Fannie Mae/Freddie Mac
UNIFORM INSTRUMENT Form 3157

Deferred Principal Balance

 SF 3418

3. **The Modification.** If my representations and covenants in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 have been met, the Loan Documents will automatically become modified on **November 1, 2016** (the "Modification Effective Date") and all unpaid late charges that remain unpaid will be waived. I understand that if I have failed to make any payments as a precondition to this modification under a workout plan or trial period plan, this modification will not take effect. The first modified payment will be due on **November 1, 2016**.

   A.  The Maturity Date will be: **August 1, 2036.**

   B.  The modified principal balance of my Note will include all amounts and arrearages that will be past due as of the Modification Effective Date (including unpaid and deferred interest, fees, escrow advances and other costs, but excluding unpaid late charges, collectively, Unpaid Amounts) less any amounts paid to the Lender but not previously credited to my Loan. The new principal balance of my Note will be **$133,706.47** (the "New Principal Balance"). The New Principal Balance will consist of two (2) parts: (i) an amount which will accrue interest at the Note rate shown below, and on my monthly statement as Interest Bearing Principal Balance and (ii) an amount which will not accrue interest, shown below, and on my monthly statement as Deferred Principal Balance.

   C.  **$40,111.94** of the New Principal Balance shall be deferred (the Deferred Principal Balance) and I will not pay interest or make monthly payments on this amount. The new Principal Balance less the Deferred Principal Balance shall be referred to as the Interest Bearing Principal Balance and this amount is **$93,594.53**. Interest at the rate of **3.000%** will begin to accrue on the Interest Bearing Principal Balance as of **October 1, 2016** and the first new monthly payment on the Interest Bearing Principal Balance will be due on **November 1, 2016**. My payment schedule for the modified Loan is as follows:

| Years | Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment Amount | Estimated Monthly Escrow Payment Amount* | Total Monthly Payment* | Payment Begins On | Number of Monthly Pay-ments |
|-------|---------------|---------------------------|-----------------------------------------------|------------------------------------------|------------------------|-------------------|-----------------------------|
| 1-20  | 3.000%        | 10/01/2016                | $335.05                                       | $192.50, may adjust periodically         | $527.55, may adjust periodically | 11/01/2016 | 238 |

**A final balloon payment on the Interest Bearing Principal Balance of $60,780.53 is due on the Maturity Date.**

   The Deferred Principal Balance of **$40,111.94** will be due as a balloon payment on the earlier of, payoff of the Interest Bearing Principal Balance, transfer of the property or on the Modified Maturity Date. The above terms in this Section 3.C. shall supersede any provisions to the contrary in the Loan Documents, including but not limited to, provisions for an adjustable or step interest rate.
   *The escrow payments may be adjusted periodically in accordance with applicable law and therefore my total monthly payment may change accordingly.

   The above terms in this Section 3.C. shall supersede any provisions to the contrary in the Loan Documents, including but not limited to, provisions for an adjustable, step or simple interest rate.

   I understand that, if I have a pay option adjustable rate mortgage loan, upon modification, the minimum monthly payment option, the interest-only or any other payment options will no longer be offered and that the monthly payments described in the above payment schedule for my modified Loan will be the minimum payment that will be due each month for the remaining term of the Loan. My modified Loan will not have a negative amortization feature that would allow me to pay less than the interest due resulting in any unpaid interest to be added to the outstanding principal balance.

   D.  I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Agreement.

   E.  If a default rate of interest is permitted under the Loan Documents, then in the event of default under the Loan Documents, as amended, the interest that will be due will be the rate set forth in Section 3.C.

Deferred Principal Balance



SF 3-4-18

F.  I agree to pay in full the Deferred Principal Balance less any Deferred Principal Reduction Amount to which I am entitled, and any other amounts still owned under the Loan Documents by the earliest of: (i) the date I sell or transfer an interest in the Property, (ii) the date I pay the entire Interest Bearing Principal Balance, or (iii) the Maturity Date.

G.  If I make a partial prepayment of Principal, the Lender may apply that partial prepayment first to any Deferred Principal Balance before applying such partial prepayment to other amounts due.

4. **Additional Agreements.** I agree to the following:

A.  That all persons who signed the Loan Documents or their authorized representative(s) have signed this Agreement, unless (i) a borrower or co-borrower is deceased; (ii) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the divorce decree, the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents); or (iii) the Lender has waived this requirement in writing.

B.  That this Agreement shall supersede the terms of any modification, forbearance, Trial Period Plan or other Workout Plan that I previously entered into with Lender.

C.  To comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of my Loan.

D.  **Funds for Escrow Items.** I will pay to Lender on the day payments are due under the Loan Documents as amended by this Agreement, until the Loan is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over the Mortgage as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under the Loan Documents; (d) mortgage insurance premiums, if any, or any sums payable to Lender in lieu of the payment of mortgage insurance premiums in accordance with the Loan Documents; and (e) any community association dues, fees, and assessments that Lender requires to be escrowed. These items are called "Escrow Items." I shall promptly furnish to Lender all notices of amounts to be paid under this Section 4.D. I shall pay Lender the Funds for Escrow Items unless Lender waives my obligation to pay the Funds for any or all Escrow Items. Lender may waive my obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, I shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. My obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in the Loan Documents, as the phrase "covenant and agreement" is used in the Loan Documents. If I am obligated to pay Escrow Items directly, pursuant to a waiver, and I fail to pay the amount due for an Escrow Item, Lender may exercise its rights under the Loan Documents and this Agreement and pay such amount and I shall then be obligated to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with the Loan Documents, and, upon such revocation, I shall pay to Lender all Funds, and in such amounts, that are then required under this Section 4.D.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under the Real Estate Settlement Procedures Act ("RESPA"), and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.





SF 3-6-18

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge me for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays me interest on the Funds and applicable law permits Lender to make such a charge. Unless an agreement is made in writing or applicable law requires interest to be paid on the Funds, Lender shall not be required to pay me any interest or earnings on the Funds. Lender and I can agree in writing, however, that interest shall be paid on the Funds. Lender shall provide me, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to me for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify me as required by RESPA, and I shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify me as required by RESPA, and I shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by the Loan Documents, Lender shall promptly refund to me any Funds held by Lender.

E.  That the Loan Documents as modified by this Agreement are duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.

F.  That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Lender and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents.

G.  That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, if all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. Lender shall not exercise this option if state or federal law, rules or regulations prohibit the exercise of such option as of the date of such sale or transfer. If Lender exercises this option, Lender shall give me notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which I must pay all sums secured by the Mortgage. If I fail to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Mortgage without further notice or demand on me.

H.  That, as of the Modification Effective Date, I understand that the Lender will only allow the transfer and assumption of the Loan, including this Agreement, to a transferee of my property as permitted under the Garn St. Germain Act, 12 U.S.C. Section 1701j-3. A buyer or transferee of the Property will not be permitted, under any other circumstance, to assume the Loan. Except as noted herein, this Agreement may not be assigned to, or assumed by, a buyer or transferee of the Property.

I.  That, as of the Modification Effective Date, if any provision in the Note or in any addendum or amendment to the Note allowed for the assessment of a penalty for full or partial prepayment of the Note, such provision is null and void.

J.  That, I will cooperate fully with Lender in obtaining any title endorsement(s), or similar title insurance product(s), and/or subordination agreement(s) that are necessary or required by the Lender's procedures to ensure that the modified mortgage loan is in first lien position and/or is fully enforceable upon modification and that if, under any circumstance and not withstanding anything else to the contrary in this Agreement, the Lender does not receive such title endorsement(s), title insurance product(s) and/or subordination agreement(s), then the terms of this Agreement will not become effective on the Modification Effective Date and the Agreement will be null and void.



K.    That I will execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Agreement; or (ii) correct the terms and conditions of this Agreement if an error is detected after execution of this Agreement. I understand that either a corrected Agreement or a letter agreement containing the correction will be provided to me for my signature. At Lender's option, this Agreement will be void and of no legal effect upon notice of such error. If I elect not to sign any such corrective documentation, the terms of the original Loan Documents shall continue in full force and effect, such terms will not be modified by this Agreement, and I will not be eligible for a modification under the Home Affordable Modification program.

L.    Mortgage Electronic Registration Systems, Inc. ("MERS") is a separate corporation organized and existing under the laws of Delaware and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, 888-679-MERS. In cases where the loan has been registered with MERS who has only legal title to the interests granted by the borrower in the mortgage and who is acting solely as nominee for Lender and Lender's successors and assigns, MERS has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling the mortgage loan.

M.    That Lender will collect and record personal information, including, but not limited to, my name, address, telephone number, social security number, credit score, income, payment history, government monitoring information, and information about account balances and activity. In addition, I understand and consent to the disclosure of my personal information and the terms of the Trial Period Plan and this Agreement by Lender to (i) the U.S. Department of the Treasury, (ii) Fannie Mae and Freddie Mac in connection with their responsibilities under the Home Affordability and Stability Plan; (iii) any investor, insurer, guarantor or servicer that owns, insures, guarantees or services my first lien or subordinate lien (if applicable) mortgage loan(s); (iv) companies that perform support services for the Home Affordable Modification Program and the Second Lien Modification Program; and (v) any HUD certified housing counselor.

N.    That if any document related to the Loan Documents and/or this Agreement is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the loan as modified, or is otherwise missing, I will comply with the Lender's request to execute, acknowledge, initial and deliver to the Lender any documentation the Lender deems necessary. If the Note is replaced, the Lender hereby indemnifies me against any loss associated with a demand on the Note. All documents the Lender requests of me under this Section 4.N. shall be referred to as "Documents." I agree to deliver the Documents within ten (10) days after I receive the Lender's written request for such replacement.

O.    That the mortgage insurance premiums on my Loan, if applicable, may increase as a result of the capitalization which will result in a higher total monthly payment. Furthermore, the date on which I may request cancellation of mortgage insurance may change as a result of the New Principal Balance.

**BALLOON NOTICE.** In order to reach an affordable payment, we extended your amortization term, which is the rate or speed by which your mortgage is calculated to be paid off; however, your maturity term, which is the period of time until your mortgage becomes due and payable, could not be fully extended to an equal term. This is because the investor on your account allows us to change your amortization term but does not allow us to change the maturity term to match. As a result of the difference between these two periods, there will be an amount due $60,780.53 on the date your lien matures on August 1, 2036. The amount due at maturity is in addition to your monthly scheduled payment and the principal forbearance of $40,111.94 that you received as part of your modification.



In Witness Whereof, the Lender and I have executed this Agreement.

_____ (Seal)
TERRY ALLEN BERRY

**Select Portfolio Servicing, Inc.**

10/28/16 _____ Date

By: _____

_____ (Seal)

10/28/16 _____ Date

10/28/16 _____ Date

_____[Space Below This Line For Acknowledgement]_____



## Making Home Affordable Program
## Streamline HAMP Affidavit


MAKING HOME AFFORDABLE.GOV

*Each borrower and co-borrower is required to sign this Affidavit as a condition of receiving a streamline mortgage modification under the Home Affordable Modification Program (HAMP). Each reference to "I" or other similar words means each borrower and co-borrower signing below.*
*When you sign and date this Affidavit, you will be certifying, under penalty of perjury, that all of the statements, representations and certifications made herein are true and correct.*

| LOAN ID NUMBER | PROPERTY ADDRESS | MORTGAGE SERVICER |
|---|---|---|
| | 16 W ASHLEY STREET<br>NTON, AR 72015 | Select Portfolio Servicing, Inc. |

### HARDSHIP AFFIDAVIT

I understand that having a financial hardship is a condition to receiving a mortgage modification under HAMP. I hereby certify that I am experiencing a financial hardship, and as a result, I do not have sufficient income or access to sufficient liquid assets to make the contractual monthly mortgage payments now or in the near future. Examples of financial hardships include, but are not limited to, reduced household income, increased household expenses, unemployment, excessive debt payments, and insufficient cash reserves.

### DODD-FRANK CERTIFICATION

The following information is requested by the federal government in accordance with the Dodd-Frank Wall Street Reform and Consumer Protection Act (Pub. L. 111-203). You are required to furnish this information. The law provides that no person shall be eligible to begin receiving assistance from the Making Home Affordable Program (MHA), authorized under the Emergency Economic Stabilization Act of 2008 (12 U.S.C. 5201 et seq.), or any other mortgage assistance program authorized or funded by that Act, if such person, in connection with a mortgage or real estate transaction, has been convicted, within the last 10 years, of any one of the following: (A) felony larceny, theft, fraud, or forgery, (B) money laundering or (C) tax evasion.

I certify under penalty of perjury that I have not been convicted within the last 10 years of any one of the following in connection with a mortgage or real estate transaction: (a) felony larceny, theft, fraud, or forgery, (b) money laundering or (c) tax evasion.

I understand that the servicer, the U.S. Department of the Treasury, or their respective agents may investigate the accuracy of my statements by performing routine background checks, including automated searches of federal, state and county databases, to confirm that I have not been convicted of such crimes. I also understand that knowingly submitting false information may violate Federal law. This certification is effective on the earlier of the date listed below or the date this Affidavit is received by my servicer.

### RENTAL PROPERTY CERTIFICATION

I understand that I am only eligible for a mortgage modification under HAMP if the property described above is my principal residence OR a rental property. If the property described above is a rental property and not my principal residence, I hereby make the following certifications:

(a) I intend to rent the property to a tenant or tenants for at least five years following the effective date of my mortgage modification. I understand that the servicer, the U.S. Department of the Treasury, or their respective agents may ask me to provide evidence of my intention to rent the property during such time. I further understand that such evidence must show that I used reasonable efforts to rent the property to a tenant or tenants on a year-round basis, if the property is or becomes vacant during such five-year period. The term "reasonable efforts" includes, without limitation, advertising the property for rent in local newspapers, websites or other commonly used forms of written or electronic media, and/or engaging a real estate or other professional to assist in renting the property, in either case, at or below market rent.

(b) The property is not my secondary residence and I do not intend to use the property as a secondary residence for at least five years following the effective date of my mortgage modification. I understand that if I do use the property as a secondary residence during such five-year period, my use of the property may be considered to be inconsistent with the certifications I have made herein. The term "secondary residence" includes, without limitation, a second home, vacation home or other type of residence that I personally use or occupy on a part-time, seasonal or other basis.

(c) I do not own more than five (5) single-family homes (i.e., one-to-four unit properties) excluding my principal residence.

**Notwithstanding the foregoing certifications, I may at any time sell the property, occupy it as my principal residence, or permit my legal dependent, parent or grandparent to occupy it as their principal residence with no rent charged or collected, none of which will be considered to be inconsistent with the certifications made herein.**

SP 3478

## ✗—OTHER HAMP MODIFICATIONS

I have notified my mortgage servicer of any trial period plan or permanent mortgage modification that I previously received under HAMP for any other property I own or have owned in the past, individually or jointly with other borrowers. I understand that my mortgage servicer needs this information to determine my eligibility for HAMP.

## INFORMATION FOR GOVERNMENT MONITORING PURPOSES

The following information is requested by the federal government in order to monitor compliance with federal statutes that prohibit discrimination in housing. **You are not required to furnish this information, but are encouraged to do so. The law provides that a lender or servicer may not discriminate either on the basis of this information, or on whether you choose to furnish it.** If you furnish the information, please provide both ethnicity and race. For race, you may check more than one designation. If you do not furnish ethnicity, race, or sex, the lender or servicer is required to note the information on the basis of visual observation or surname if your lender or servicer interviewed you in person. If you do not wish to furnish the information, please check the box below.

| BORROWER | ☐ I do not wish to furnish this information | CO-BORROWER | ☐ I do not wish to furnish this information |
|---|---|---|---|
| Ethnicity: | ☐ Hispanic or Latino | Ethnicity: | ☐ Hispanic or Latino |
| | ☐ Not Hispanic or Latino | | ☐ Not Hispanic or Latino |
| Race: | ☐ American Indian or Alaska Native | Race: | ☐ American Indian or Alaska Native |
| | ☐ Asian | | ☐ Asian |
| | ☐ Black or African American | | ☐ Black or African American |
| | ☐ Native Hawaiian or Other Pacific Islander | | ☐ Native Hawaiian or Other Pacific Islander |
| | ☐ White | | ☐ White |
| Sex: | ☐ Female | Sex: | ☐ Female |
| | ☐ Male | | ☐ Male |

| This request was taken by: | Interviewer's Name (print or type) & ID Number | Name/Address of Interviewer's Employer |
|---|---|---|
| ☐ Face-to-face Interview | | |
| ☐ Mail | Interviewer's Signature          Date | |
| ☐ Telephone | | |
| ☐ Internet | Interviewer's Phone Number (include area code) | |

## NOTICE TO BORROWERS

Be advised that by signing this document you understand that any documents and information you submit to your servicer in connection with the Making Home Affordable Program are under penalty of perjury. Any misstatement of material fact made in the completion of these documents including but not limited to misstatement regarding your occupancy of your property, hardship circumstances, and/or income, expenses, or assets will subject you to potential criminal investigation and prosecution for the following crimes: perjury, false statements, mail fraud, and wire fraud. The information contained in these documents is subject to examination and verification. Any potential misrepresentation will be referred to the appropriate law enforcement authority for investigation and prosecution. By signing this document you certify, represent and agree that: "Under penalty of perjury, all documents and information I have provided to my Servicer in connection with the Making Home Affordable Program, including the documents and information regarding my eligibility for the program, are true and correct."

If you are aware of fraud, waste, abuse, mismanagement or misrepresentations affiliated with the Troubled Asset Relief Program, please contact the SIGTARP Hotline by calling 1-877-SIG-2009 (toll-free), or www.sigtarp.gov and provide them with your name, our name as your servicer, your property address, loan number and the reason for escalation.

**Beware of Foreclosure Rescue Scams. Help is FREE!**

- There is never a fee to get assistance or information about the Making Home Affordable Program from your lender or a HUD-approved housing counselor.
- Beware of any person or organization that asks you to pay a fee in exchange for housing counseling services or modification of a delinquent loan.
- Beware of anyone who says they can "save" your home if you sign or transfer over the deed to your house. Do not sign over the deed to your property to any organization or individual unless you are working directly with your mortgage company to forgive your debt.
- Never make your mortgage payments to anyone other than your mortgage company without their approval.

Page 2 of 3



## ACKNOWLEDGEMENT AND AGREEMENT

1. I understand that the Servicer, the U.S. Department of the Treasury, the owner or guarantor of my mortgage loan, or their respective agents may investigate the accuracy of my statements, may require me to provide additional supporting documentation and that knowingly submitting false information may violate Federal or other applicable law.

2. I authorize and give permission to the Servicer, the U.S. Department of the Treasury, and their respective agents, to assemble and use a current consumer report on all borrowers obligated on the loan, to investigate each borrower's eligibility for HAMP and the accuracy of my statements and any documentation that I provide in connection therewith. I understand that these consumer reports may include, without limitation, a credit report, and be assembled and used at any point to assess each borrower's eligibility thereafter.

3. I understand that if I have intentionally defaulted on my existing mortgage, engaged in fraud or if it is determined that any of my statements or any information contained in the documentation that I provide are materially false and that I was ineligible for HAMP, the Servicer, the U.S. Department of the Treasury, or their respective agents may terminate my participation in HAMP, including any right to future benefits and incentives that otherwise would have been available thereunder, and also may seek other remedies available at law and in equity, such as recouping any benefits or incentives previously received.

4. I certify that the property located at the address set forth above is a habitable residential property that is not subject to a condemnation notice.

5. I certify that I am willing to provide all requested documents and to respond to all Servicer communications in a timely manner. I understand that time is of the essence.

6. I understand that the Servicer will use the information I provide to evaluate my eligibility for HAMP, but the Servicer is not obligated to offer me assistance based solely on the representations in this document or other documentation submitted in connection with HAMP.

7. If I am eligible for HAMP, and I accept and agree to all terms of a related trial period notice, plan, or agreement, I also agree that the terms of this Acknowledgment and Agreement are incorporated into such notice, plan, or agreement by reference as if set forth therein in full. My first timely payment following my servicer's notification of my eligibility for HAMP has served or will serve as my acceptance of the terms set forth in the notice, plan, or agreement sent to me.

8. I understand that my Servicer will collect and record personal information that I submit in this Affidavit or through other means, including, but not limited to, my name, address, telephone number, social security number, credit score, income, payment history, government monitoring information, and information about my account balances and activity. I understand and consent to the Servicer's disclosure of my personal information and the terms of any HAMP notice, plan or agreement to the U.S. Department of the Treasury and its agents, Fannie Mae and Freddie Mac in connection with their responsibilities under HAMP, companies that perform support services in conjunction with HAMP, any investor, insurer, guarantor, or servicer that owns, insures, guarantees, or services my first lien or subordinate lien (if applicable) mortgage loan(s) and to any HUD-certified housing counselor.

9. I consent to being contacted concerning my mortgage modification at any e-mail address or cellular or mobile telephone number I have provided to the Servicer. This includes text messages and telephone calls to my cellular or mobile telephone.

**The undersigned certifies under penalty of perjury that all statements in this document are true and correct.**

| | | | |
|---|---|---|---|
| _Borrower Signature_ | _Social Security Number_ | 10/29/71 | 10/28/16 |
| | | Date of Birth | Date |

| | | | |
|---|---|---|---|
| Co-Borrower Signature | Social Security Number | Date of Birth | Date |

## HOMEOWNER'S HOPE HOTLINE

If you have questions about this document or the Making Home Affordable Program, please call your servicer.

If you have questions about the program that your servicer cannot answer or need further counseling, you can call the Homeowner's HOPE™ Hotline at 1-888-995-HOPE (4673). The Hotline can help with questions about the program and offers free HUD-certified counseling services in a variety of languages.


888-995-HOPE

Page 3 of 3

5Y-3-4-8

**Last Updated: Dec 22 2020 2:19PM CST**

**MDSM, DISMISSED, DebtEd, Repeat, CLOSED**

**U.S. Bankruptcy Court**
**Eastern District of Arkansas (Central Division)**
**Bankruptcy Petition #: 4:17-bk-12950**

*Assigned to:* Judge Phyllis M. Jones
Chapter 13
Voluntary
Asset Claims Register

*Date filed:* 05/24/2017
*Date terminated:* 06/15/2018
*Debtor dismissed:* 01/29/2018
*Joint debtor dismissed:* 01/29/2018

*Debtor disposition:* Dismissed for failure to make plan payments
*Joint debtor disposition:* Dismissed for failure to make plan payments

**Debtor**
**Terry A Berry**
816 W. Ashley Street
Benton, AR 72015
SALINE-AR
SSN / ITIN: xxx-xx-0877

represented by

**Marc Honey**
HONEY LAW FIRM, P.A.
P.O. Box 1254
Hot Springs, AR 71902
(501) 321-1007
Fax : (501) 321-1255
Email:
mhoney@honeylawfirm.com

**William Marshall Hubbard**
Caddell Reynolds Law Firm
PO Box 184
Fort Smith, AR 72902
501.214.9311
Fax : 501.222.8824
Email:
mhubbard@justicetoday.com

**Joint Debtor**
**Jennifer M. Berry**
816 W. Ashley Street
Benton, AR 72015
SALINE-AR
SSN / ITIN: xxx-xx-9819
*fka* Jennifer Wilmath

represented by

**Marc Honey**
(See above for address)

**William Marshall Hubbard**
(See above for address)

**Trustee**
**Jack W. Gooding**
Chapter 13 Standing Trustee
**Line 1: 877-988-6627**
**code3840362**
**Line 2: 877-921-0644**
**code4852474**
P.O. Box 8202
Little Rock, AR 72221-8202
501-537-4400

**U.S. Trustee (ust)**
Office Of U. S. Trustee
200 W Capitol, Ste. 1200
Little Rock, AR 72201
501-324-7357

| Last Updated: Dec 22 2020 2:19PM CST | | |
|---|---|---|
| **Filing Date** | **#** | **Docket Text** |
| 5/24/2017 | 1 | Chapter 13 Voluntary Petition. Fee Amount $310 Filed by Terry A Berry, Jennifer M. Berry. (Honey, Marc) (Entered: 05/24/2017) |
| 5/24/2017 | 2 | RECEIPT of Voluntary Petition (Chapter 13)(4:17-bk-12950) [misc,volp13a] ( 310.00) Filing Fee. receipt number 12044164, amount $ 310.00. (U.S. Treasury) (Entered: 05/24/2017) |
| 5/25/2017 | 3 | Request by PRA Receivables Management, LLC Designating Mailing Address for Notices pursuant to Bankruptcy Rule 2002(g)(1), requesting service of copies of all future notices at the address specified in the process of filing this Request Filed by (Smith, Valerie) (Entered: 05/25/2017) |
| 5/25/2017 | 4 | Meeting of Creditors 341(a) meeting to be held on 6/22/2017 at 02:30 PM at U.S. Trustee's Office Meeting Room. Last day to oppose dischargeability is 8/21/2017. Proofs of Claims due by 9/20/2017. (Orell, Brian) (Entered: 05/25/2017) |
| 5/25/2017 | 5 | Order of Deficiency Summary of Assets and Liabilities due 6/7/2017. Schedules-Documents due 6/7/2017. Statement of Financial Affairs due 6/7/2017. Ch. 13 Plan and/or Notice of Opportunity to Object due by 6/7/2017. Statement of Current Monthly Income Ch 13 due 6/7/2017 (Johnson, Rob) (Entered: 05/25/2017) |
| 5/25/2017 | * | Clerk's Evidence of Repeat Filings for joint debtors Terry A Berry and Jennifer M. Berry Case Number 00-43304, Chapter 13 filed in Arkansas Eastern Bankruptcy Court on 07/31/2000; Case Number 10-18494, Chapter 7 filed in Arkansas Eastern Bankruptcy Court on 11/23/2010 , Standard Discharge on 03/15/2011.(Admin) (Entered: 05/25/2017) |
| 5/26/2017 | 6 | Notice of Appearance and Request for Notice filed by Leslie N. Mann Creditor Select Portfolio Servicing, Inc.. (Mann, Leslie) (Entered: 05/26/2017) |
| 5/27/2017 | 7 | BNC Certificate of Mailing - Meeting of Creditors(RE: related document(s) 4 Meeting of Creditors 341(a) meeting to be held on 6/22/2017 at 02:30 PM at U.S. Trustee's Office Meeting Room. Last day to oppose dischargeability is 8/21/2017. Proofs of Claims due by 9/20/2017.) No. of Notices: 25. Notice Date 05/27/2017. (Admin.) (Entered: 05/27/2017) |
| 5/27/2017 | 8 | BNC Certificate of Mailing(RE: related document(s) 5 Order of Deficiency Summary of Assets and Liabilities due 6/7/2017. Schedules-Documents due 6/7/2017. Statement of Financial Affairs due 6/7/2017. Ch. 13 Plan and/or Notice of Opportunity to Object due by 6/7/2017. Statement of Current Monthly Income Ch 13 due 6/7/2017) No. of Notices: 2. Notice Date 05/27/2017. (Admin.) (Entered: 05/27/2017) |
| 6/5/2017 | 9 | Meeting of Creditors Rescheduled for Debtor(s) Terry and Jennifer Berry 341(a) meeting to be held on 6/27/2017 at 02:30 PM at U.S. Trustee's Office Meeting Room. (Orell, Brian) (Entered: 06/05/2017) |
| 6/7/2017 | 10 | Motion to Extend Deadline to File Schedules or Provide Required Information Filed by Marc Honey on behalf of Jennifer M. Berry, Terry A Berry (Honey, Marc) (Entered: 06/07/2017) |
| 6/7/2017 | 11 | BNC Certificate of Mailing(RE: related document(s) 9 Meeting of Creditors Rescheduled for Debtor(s) Terry and Jennifer Berry 341(a) meeting to be held on 6/27/2017 at 02:30 PM at U.S. Trustee's Office Meeting Room.) No. of Notices: 28. Notice Date 06/07/2017. (Admin.) (Entered: 06/07/2017) |
| 6/9/2017 | 12 | Order Granting Motion To Extend Deadline to File Schedules or Provide Required Information (Related Doc # 10) Schedules-Documents due 6/21/2017. Summary of Assets and Liabilities due 6/21/2017. Statement of Financial Affairs due 6/21/2017. Ch. 13 Plan and/or Notice of Opportunity to Object due by 6/21/2017. Statement of Current Monthly Income Ch 13 due 6/21/2017 Entered on Docket 6/9/2017 (Robinson, Annette) (Entered: 06/09/2017) |
| 6/11/2017 | 13 | |

| | | |
|---|---|---|
| | | BNC Certificate of Mailing(RE: related document(s) 10 Order Granting Motion To Extend Deadline to File Schedules or Provide Required Information (Related Doc 10) Schedules-Documents due 6/21/2017. Summary of Assets and Liabilities due 6/21/2017. Statement of Financial Affairs due 6/21/2017. Ch. 13 Plan and/or Notice of Opportunity to Object due by 6/21/2017. Statement of Current Monthly Income Ch 13 due 6/21/2017 Entered on Docket 6/9/2017 (Robinson, Annette) ) No. of Notices: 1. Notice Date 06/11/2017. (Admin.) (Entered: 06/11/2017) |
| 6/21/2017 | 14 | Second Motion to Extend Deadline to File Schedules or Provide Required Information Filed by Marc Honey on behalf of Jennifer M. Berry, Terry A Berry (Honey, Marc) (Entered: 06/21/2017) |
| 6/23/2017 | 15 | Order Granting Motion To Extend Deadline to File Schedules or Provide Required Information (Related Doc # 14) Schedules-Documents due 7/5/2017. Summary of Assets and Liabilities due 7/5/2017. Statement of Financial Affairs due 7/5/2017. Ch. 13 Plan and/or Notice of Opportunity to Object due by 7/5/2017. Statement of Current Monthly Income Ch 13 due 7/5/2017 Entered on Docket 6/23/2017 (Johnson, Rob) (Entered: 06/23/2017) |
| 6/25/2017 | 16 | BNC Certificate of Mailing(RE: related document(s) 15 Order Granting Motion To Extend Deadline to File Schedules or Provide Required Information (Related Doc 14) Schedules-Documents due 7/5/2017. Summary of Assets and Liabilities due 7/5/2017. Statement of Financial Affairs due 7/5/2017. Ch. 13 Plan and/or Notice of Opportunity to Object due by 7/5/2017. Statement of Current Monthly Income Ch 13 due 7/5/2017 Entered on Docket 6/23/2017 (Johnson, Rob) ) No. of Notices: 1. Notice Date 06/25/2017. (Admin.) (Entered: 06/25/2017) |
| 6/29/2017 | 17 | Meeting of Creditors Continued for Debtor(s) Terry and Jennifer Berry 341(a) meeting to be held on 8/3/2017 at 01:00 PM at U.S. Trustee's Office Meeting Room. (Orell, Brian) (Entered: 06/29/2017) |
| 7/1/2017 | 18 | BNC Certificate of Mailing(RE: related document(s) 17 Meeting of Creditors Continued for Debtor(s) Terry and Jennifer Berry 341(a) meeting to be held on 8/3/2017 at 01:00 PM at U.S. Trustee's Office Meeting Room.) No. of Notices: 31. Notice Date 07/01/2017. (Admin.) (Entered: 07/01/2017) |
| 7/5/2017 | 19 | Amended Schedules/Statements Filed:Voluntary Petition, Summary of Assets and Liabilities, Sch A/B, Sch C, Sch D, Sch E/F, Sch G, Sch H, Sch I, Sch J, Declaration About Individual Debtor Schedules, Stmt of Financial Affairs, Disclosure of Compensation of Attorney, List of Creditors, Stmt of Current Monthly Income, [Fee Due Yes] Filed by Marc Honey on behalf of Joint Debtor Jennifer M. Berry, Debtor Terry A Berry (Honey, Marc) (Entered: 07/05/2017) |
| 7/5/2017 | 20 | Chapter 13 Plan With Notice of Opportunity to Object/Respond Filed by Marc Honey on behalf of Joint Debtor Jennifer M. Berry, Debtor Terry A Berry (Attachments: # 1 NOTO)(Honey, Marc) (Entered: 07/05/2017) |
| 7/5/2017 | 21 | Application for Compensation Filed by Marc Honey on behalf of Jennifer M. Berry, Terry A Berry (Honey, Marc) (Entered: 07/05/2017) |
| 7/7/2017 | 22 | RECEIPT of Amended Schedules, Statements, Petition Page or Creditors(4:17-bk-12950) [misc,amdsc] ( 31.00) Filing Fee. receipt number 12136767, amount $ 31.00. (U.S. Treasury) (Entered: 07/07/2017) |
| 7/10/2017 | 23 | Memorandum of Document Deficiency to Marc Honey Regarding Other Deficiency (RE: related document(s) 20 Chapter 13 Plan With Notice of Opportunity to Object/Respond Filed by Marc Honey on behalf of Debtors) (Mansfield, MaryBeth) (Entered: 07/10/2017) |
| 7/10/2017 | 24 | Notice of Opportunity to Object/Respond to (related documents 20 Chapter 13 Plan). Certificate of Service.(RE: related document(s) 20 Chapter 13 Plan filed by Debtor Terry A Berry, Joint Debtor Jennifer M. Berry) (Honey, Marc) (Entered: 07/10/2017) |
| 7/18/2017 | 25 | Order to Pay Trustee (etrustee) (Entered: 07/18/2017) |
| 7/31/2017 | 26 | Objection to Confirmation of Plan (2013 Buick Regal) Filed by Joseph F. Kolb on behalf of Creditor Ally Bank (Attachments: # 1 Exhibit Contract # 2 Exhibit Title) (Kolb, Joseph) (Entered: 07/31/2017) |
| 8/1/2017 | 27 | Hearing SCHEDULED(RE: related document(s) 26 Objection to Confirmation of Plan (2013 Buick Regal) Filed by Joseph F. Kolb on behalf of Creditor Ally Bank) Hearing scheduled for 9/15/2017 at 09:30 AM at Judge Jones' Little Rock Courtroom. (Mansfield, MaryBeth) (Entered: 08/01/2017) |
| 8/3/2017 | 28 | BNC Certificate of Mailing - Hearing(RE: related document(s) 27 Hearing |

| | | |
|---|---|---|
| | | Regal) Filed by Joseph F. Kolb on behalf of Creditor Ally Bank) Hearing scheduled for 9/15/2017 at 09:30 AM at Judge Jones' Little Rock Courtroom.) No. of Notices: 1. Notice Date 08/03/2017. (Admin.) (Entered: 08/03/2017) |
| 8/4/2017 | 29 | Objection to Confirmation of Plan Filed by Trustee (etrustee) (Entered: 08/04/2017) |
| 8/4/2017 | 30 | Objection to Debtor(s) Claim of Exemptions Filed by Trustee (etrustee) (Entered: 08/04/2017) |
| 8/7/2017 | 31 | Notice of Requirement to Complete Course in Financial Management (admin) (Entered: 08/07/2017) |
| 8/9/2017 | 32 | Hearing SCHEDULED(RE: related document(s) 29 Objection to Confirmation of Plan Filed by Trustee (etrustee), 30 Objection to Debtor(s) Claim of Exemptions Filed by Trustee (etrustee)) Hearing scheduled for 9/15/2017 at 09:30 AM at Judge Jones' Little Rock Courtroom. (Mansfield, MaryBeth) (Entered: 08/09/2017) |
| 8/9/2017 | 33 | BNC Certificate of Mailing(RE: related document(s) 31 Notice of Requirement to Complete Course in Financial Management (admin)) No. of Notices: 1. Notice Date 08/09/2017. (Admin.) (Entered: 08/09/2017) |
| 8/11/2017 | 34 | BNC Certificate of Mailing - Hearing(RE: related document(s) 32 Hearing SCHEDULED(RE: related document(s) 29 Objection to Confirmation of Plan Filed by Trustee (etrustee), 30 Objection to Debtor(s) Claim of Exemptions Filed by Trustee (etrustee)) Hearing scheduled for 9/15/2017 at 09:30 AM at Judge Jones' Little Rock Courtroom.) No. of Notices: 1. Notice Date 08/11/2017. (Admin.) (Entered: 08/11/2017) |
| 8/14/2017 | 35 | Meeting of Creditors Held and Concluded 08/03/2017. (Orell, Brian) (Entered: 08/14/2017) |
| 8/15/2017 | 36 | Order to Pay Trustee (etrustee) (Entered: 08/15/2017) |
| 9/11/2017 | 37 | Motion to Dismiss Case for Failure to Make Plan Payments Filed by Trustee (etrustee) (Entered: 09/11/2017) |
| 9/12/2017 | 38 | Court Calendar Update(RE: related document(s) 37 Motion to Dismiss Case for Failure to Make Plan Payments Filed by Trustee (etrustee)) Hearing scheduled for 10/19/2017 at 09:30 AM at Phyllis Jones' Little Rock Courtroom. (Mansfield, MaryBeth) (Entered: 09/12/2017) |
| 9/14/2017 | 39 | Hearing Continued (RE:Objection to Confirmation of Plan - related document(s) 29) (Continued to 10/19/2017 09:30 AM at Phyllis Jones' Little Rock Courtroom) (Hearing NOT Held 9/15/17 - PER EMAIL FROM TRUSTEE; CONTINUED, PARTIES REQUESTED & AGREED)(Mansfield, MaryBeth) (Entered: 09/14/2017) |
| 9/14/2017 | 40 | Hearing Continued (RE:Objection to Debtor(s) Claim of Exemptions - related document(s) 30) (Continued to 10/19/2017 09:30 AM at Phyllis Jones' Little Rock Courtroom) (Hearing NOT Held 9/15/17 - PER EMAIL FROM TRUSTEE; CONTINUED, PARTIES REQUESTED & AGREED)(Mansfield, MaryBeth) (Entered: 09/14/2017) |
| 9/15/2017 | 41 | Hearing Held (RE: Objection to Confirmation of the Plan - related document(s) 26) (SUSTAINED W/ 28 TO MOD, KOLB WILL SUBMIT ORDER)(Mansfield, MaryBeth) (Entered: 09/15/2017) |
| 9/16/2017 | 42 | BNC Certificate of Mailing - Hearing(RE: related document(s) 39 Hearing Continued (RE:Objection to Confirmation of Plan - related document(s) 29) (Continued to 10/19/2017 09:30 AM at Phyllis Jones' Little Rock Courtroom) (Hearing NOT Held 9/15/17 - PER EMAIL FROM TRUSTEE; CONTINUED, PARTIES REQUESTED & AGREED)) No. of Notices: 1. Notice Date 09/16/2017. (Admin.) (Entered: 09/16/2017) |
| 9/16/2017 | 43 | BNC Certificate of Mailing - Hearing(RE: related document(s) 40 Hearing Continued (RE:Objection to Debtor(s) Claim of Exemptions - related document(s) 30) (Continued to 10/19/2017 09:30 AM at Phyllis Jones' Little Rock Courtroom) (Hearing NOT Held 9/15/17 - PER EMAIL FROM TRUSTEE; CONTINUED, PARTIES REQUESTED & AGREED)) No. of Notices: 1. Notice Date 09/16/2017. (Admin.) (Entered: 09/16/2017) |
| 9/18/2017 | 44 | Order Sustaining Objection To Confirmation. (RE: related document(s) 26 Objection to Confirmation of Plan (2013 Buick Regal) Filed by Joseph F. Kolb on behalf of Creditor Ally Bank (Attachments: # 1 Exhibit Contract # 2 Exhibit Title) filed by Creditor Ally Bank) Entered on 9/18/2017(Penrod, Arch) (Entered: 09/18/2017) |
| 9/20/2017 | 45 | BNC Certificate of Mailing(RE: related document(s) 44 Order Sustaining Objection To Confirmation. (RE: related document(s) 26 Objection to Confirmation of Plan (2013 Buick Regal) Filed by Joseph F. Kolb on behalf of Creditor Ally Bank (Attachments: # 1 Exhibit |

| | | |
|---|---|---|
| | | Contract #2 Exhibit Title (filed by Creditor Ally Bank) Enrod, Arch) ) No. of Notices: 1. Notice Date 09/20/2017. (Admin.) (Entered: 09/20/2017) |
| 10/18/2017 | 46 | NO Hearing Held (RE: Objection to Confirmation of Plan - related document(s) 29) (Hearing NOT Held 10/19/17 - PER EMAIL FROM TRUSTEE; SUSTAINED W/ 28 TO MOD & DOC)(Mansfield, MaryBeth) (Entered: 10/18/2017) |
| 10/18/2017 | 47 | NO Hearing Held (RE: Objection to Debtor(s) Claim of Exemptions - related document(s) 30) (Hearing NOT Held 10/19/17 - PER EMAIL FROM TRUSTEE; SUSTAINED)(Mansfield, MaryBeth) (Entered: 10/18/2017) |
| 10/18/2017 | 48 | NO Hearing Held (RE: Motion to Dismiss Case for Failure to Make Plan Payments - related document(s) 37) (Hearing NOT Held 10/19/17 - PER EMAIL FROM TRUSTEE; WITHDRAWN UPON CONDITION, STRICT COMPLIANCE; NOV 2017 - APRIL 2018)(Mansfield, MaryBeth) (Entered: 10/18/2017) |
| 10/23/2017 | 49 | Order to Modify Plan (etrustee) (Entered: 10/23/2017) |
| 10/23/2017 | 50 | Order Sustaining Trustee Objection to Exemptions. (etrustee) (Entered: 10/23/2017) |
| 10/25/2017 | 51 | Order Withdrawing Trustee Motion to Dismiss Upon Conditions (etrustee) (Entered: 10/25/2017) |
| 10/25/2017 | 52 | Order to Pay Trustee (etrustee) (Entered: 10/25/2017) |
| 11/17/2017 | 53 | Application for Compensation for Additional Services Filed by William Marshall Hubbard on behalf of Jennifer M. Berry, Terry A Berry (Hubbard, William) (Entered: 11/17/2017) |
| 11/27/2017 | 54 | Chapter 13 AMENDED Plan With Notice of Opportunity to Object/Respond Filed by William Marshall Hubbard on behalf of Joint Debtor Jennifer M. Berry, Debtor Terry A Berry (Attachments: # 1 matrix)(Hubbard, William) (Entered: 11/27/2017) |
| 11/27/2017 | 55 | Amended Schedules/Statements Filed: Sch A/B, Sch C, Sch D, Sch E/F, Sch I, Sch J, [Fee Due No] Filed by William Marshall Hubbard on behalf of Joint Debtor Jennifer M. Berry, Debtor Terry A Berry (Hubbard, William) (Entered: 11/27/2017) |
| 11/27/2017 | 56 | Application for Compensation for Additional Services Filed by William Marshall Hubbard on behalf of Jennifer M. Berry, Terry A Berry (Hubbard, William) (Entered: 11/27/2017) |
| 11/28/2017 | 57 | Order to Pay Trustee (etrustee) (Entered: 11/28/2017) |
| 12/11/2017 | 58 | Order on Application For Compensation Ch. 13 (etrustee) (Entered: 12/11/2017) |
| 12/13/2017 | 59 | Amended Application for Compensation Filed by William Marshall Hubbard on behalf of Jennifer M. Berry, Terry A Berry (Hubbard, William) (Entered: 12/13/2017) |
| 12/13/2017 | 60 | Amended Schedules/Statements Filed: Disclosure of Compensation of Attorney, [Fee Due No] Filed by William Marshall Hubbard on behalf of Joint Debtor Jennifer M. Berry, Debtor Terry A Berry (Hubbard, William) (Entered: 12/13/2017) |
| 12/14/2017 | 61 | BNC Certificate of Mailing(RE: related document(s) 58 Order on Application For Compensation Ch. 13 (etrustee)) No. of Notices: 1. Notice Date 12/14/2017. (Admin.) (Entered: 12/14/2017) |
| 12/20/2017 | 62 | Order on Application For Compensation Ch. 13 (etrustee) (Entered: 12/20/2017) |
| 12/22/2017 | 63 | BNC Certificate of Mailing(RE: related document(s) 62 Order on Application For Compensation Ch. 13 (etrustee)) No. of Notices: 1. Notice Date 12/22/2017. (Admin.) (Entered: 12/22/2017) |
| 12/27/2017 | 64 | Objection to Debtor(s) Claim of Exemptions Filed by Trustee (etrustee) (Entered: 12/27/2017) |
| 12/27/2017 | 65 | Objection to Confirmation of Amended Plan Filed by Trustee (etrustee) (Entered: 12/27/2017) |
| 12/28/2017 | 66 | Hearing SCHEDULED(RE: related document(s) 64 Objection to Debtor(s) Claim of Exemptions Filed by Trustee (etrustee), 65 Objection to Confirmation of Amended Plan Filed by Trustee (etrustee)) Hearing scheduled for 2/8/2018 at 09:30 AM at Phyllis Jones' Little Rock Courtroom. (Mansfield, MaryBeth) (Entered: 12/28/2017) |
| 12/30/2017 | 67 | BNC Certificate of Mailing - Hearing(RE: related document(s) 66 Hearing SCHEDULED(RE: related document(s) 64 Objection to Debtor(s) Claim of Exemptions Filed by Trustee (etrustee), 65 Objection to Confirmation of Amended Plan Filed by Trustee (etrustee)) Hearing scheduled for 2/8/2018 at 09:30 AM at Phyllis Jones' Little Rock Courtroom.) No. of Notices: 1. Notice Date 12/30/2017. (Admin.) (Entered: 12/30/2017) |
| 1/5/2018 | 68 | Order on (RE: related document(s) 21 Application for Compensation Filed by Marc |

| | | Honey on behalf of Jennifer M. Berry, Terry A Berry filed by Debtor Terry A Berry, Joint Debtor Jennifer M. Berry, 59 Amended Application for Compensation Filed by William Marshall Hubbard on behalf of Jennifer M. Berry, Terry A Berry filed by Debtor Terry A Berry, Joint Debtor Jennifer M. Berry) Entered on 1/5/2018(Johnson, Rob) (Entered: 01/05/2018) |
|---|---|---|
| 1/7/2018 | 69 | BNC Certificate of Mailing(RE: related document(s) 68 Order on (RE: related document(s) 21 Application for Compensation Filed by Marc Honey on behalf of Jennifer M. Berry, Terry A Berry filed by Debtor Terry A Berry, Joint Debtor Jennifer M. Berry, 59 Amended Application for Compensation Filed by William Marshall Hubbard on behalf of Jennifer M. Berry, Terry A Berry filed by Debtor Terry A Berry, Joint Debtor Jennifer M. Berry) Entered on 1/5/2018(Johnson, Rob) ) No. of Notices: 1. Notice Date 01/07/2018. (Admin.) (Entered: 01/07/2018) |
| 1/17/2018 | 70 | Application for Administrative Expenses Filed by William Marshall Hubbard on behalf of Jennifer M. Berry, Terry A Berry (Attachments: # 1 Matrix) (Hubbard, William) (Entered: 01/17/2018) |
| 1/29/2018 | 71 | Order To Dismiss Both Debtors (etrustee) (Entered: 01/29/2018) |
| 2/1/2018 | 72 | BNC Certificate of Mailing(RE: related document(s) 71 Order To Dismiss Both Debtors (etrustee)) No. of Notices: 30. Notice Date 02/01/2018. (Admin.) (Entered: 02/01/2018) |
| 2/5/2018 | 73 | Hearing Scheduled For 2/8/18 Not Held. CASE DISMISSED 1/29/18 Prior to the Hearing(RE: related document(s) 64 Objection to Debtor(s) Claim of Exemptions Filed by Trustee (etrustee), 65 Objection to Confirmation of Amended Plan Filed by Trustee (etrustee)) (Mansfield, MaryBeth) (Entered: 02/05/2018) |
| 3/5/2018 | 74 | Order Approving Application For Administrative Expenses (Related Doc # 70) Entered on Docket 3/5/2018 (Johnson, Rob) (Entered: 03/05/2018) |
| 3/7/2018 | 75 | BNC Certificate of Mailing(RE: related document(s) 74 Order Approving Application For Administrative Expenses (Related Doc 70) Entered on Docket 3/5/2018 (Johnson, Rob) ) No. of Notices: 1. Notice Date 03/07/2018. (Admin.) (Entered: 03/07/2018) |
| 5/15/2018 | 76 | Chapter 13 Final Report and Account Filed by Trustee (etrustee) (Entered: 05/15/2018) |
| 6/13/2018 | 77 | Order that the Chapter 13 Trustee is Discharged and Relieved of his/her Trust in This Case (ADIclerk) (Entered: 06/13/2018) |
| 6/15/2018 | 78 | Bankruptcy Case Closed. The Trustee Has Performed All Duties Required and is Discharged From and Relieved of His Trust. (Johnson, Rob) (Entered: 06/15/2018) |
| **Last Updated: Dec 22 2020 2:19PM CST** | | |

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN AND WESTERN DISTRICTS OF ARKANSAS

Exhibit F

IN RE:  Terry A Berry and Jennifer M Berry

CASE NO:   4:17-bk-12950 J

Chapter 13

CHAPTER 13 ORDER DISMISSING CASE
FOR VIOLATING STRICT COMPLIANCE ORDER

COMES NOW THE COURT and finds that an order was entered in the above styled case on October 25, 2017, Docket Entry [51],   requiring the debtor to make specific payments to the Trustee. The order further provided that the case was to be dismissed if payments were not submitted as required. The court finds that the payments have not been submitted as required and, therefore, the case should be, and hereby is, dismissed for failure of the debtor to comply with the court's order of October 25, 2017.

IT IS SO ORDERED.

Date:  01/29/2018

/s/  Phyllis M. Jones

Phyllis M. Jones
U.S. Bankruptcy Judge

cc:   Jack W Gooding, Trustee

The Honey Law Firm
P O Box 1254
Hot Springs, AR  71902

Terry A Berry and Jennifer M Berry
816 W Ashley Street
Benton, AR  72015

All Creditors

**DebtEd, Repeat, DISMISSED, MDSM, CLOSED**

Exhibit G

**U.S. Bankruptcy Court**
**Eastern District of Arkansas (Central Division)**
**Bankruptcy Petition #: 4:18-bk-10629**

*Assigned to:* Judge Phyllis M. Jones
Chapter 13
Voluntary
Asset <u>Claims Register</u>

*Date filed:* 02/06/2018
*Date terminated:* 05/24/2019
*Debtor dismissed:* 02/25/2019
*Joint debtor dismissed:* 02/25/2019
*Plan confirmed:* 12/20/2018

*Debtor disposition:* Dismissed for failure to
make plan payments
*Joint debtor disposition:* Dismissed for
failure to make plan payments

| | |
|---|---|
| **Debtor**<br>**Terry A Berry**<br>816 W. Ashley Street<br>Benton, AR 72015<br>SALINE-AR<br>SSN / ITIN: xxx-xx-0877 | **Marc Honey**<br>HONEY LAW FIRM, P.A.<br>P.O. Box 1254<br>Hot Springs, AR 71902<br>(501) 321-1007<br>Fax : (501) 321-1255<br>Email:<br>mhoney@honeylawfirm.com<br><br>**William Marshall Hubbard**<br>Caddell Reynolds Law Firm<br>PO Box 184<br>Fort Smith, AR 72902<br>represented by 501.214.9311<br>Fax : 501.222.8824<br>Email:<br>mhubbard@justicetoday.com<br>*TERMINATED: 10/15/2018*<br><br>**Jennifer Wyse**<br>Honey Law Firm, P.A.<br>1311 Central Ave.<br>Hot Springs, AR 71901<br>501-321-1007<br>Email:<br>jwyse@honeylawfirm.com |
| **Joint Debtor**<br>**Jennifer M. Berry**<br>816 W. Ashley Street<br>Benton, AR 72015<br>SALINE-AR<br>SSN / ITIN: xxx-xx-9819<br>*fka* Jennifer Wilmoth | **Marc Honey**<br>(See above for address)<br><br>**William Marshall Hubbard**<br>represented by (See above for address)<br>*TERMINATED: 10/15/2018*<br><br>**Jennifer Wyse**<br>(See above for address) |

**Trustee**
**Jack W. Gooding**

Chapter 13 Standing Trustee
**Line 1: 877-988-6627**
**code3840362**
**Line 2: 877-921-0644**
**code4852474**
P.O. Box 8202
Little Rock, AR 72221-8202
501-537-4400

***U.S. Trustee***
**U.S. Trustee (ust)**
Office Of U. S. Trustee
200 W Capitol, Ste. 1200
Little Rock, AR 72201
501-324-7357

| Last Updated: Dec 22 2020 2:03PM CST | | |
|---|---|---|

| Filing Date | # | Docket Text |
|---|---|---|
| 2/6/2018 | 1 | Chapter 13 Voluntary Petition. Fee Amount $310 Filed by Terry A Berry, Jennifer M. Berry. (Honey, Marc) (Entered: 02/06/2018) |
| 2/6/2018 | 2 | Credit Counseling Certificate Filed by Marc Honey on behalf of Debtor Terry A Berry (Honey, Marc) (Entered: 02/06/2018) |
| 2/6/2018 | 3 | Credit Counseling Certificate Filed by Marc Honey on behalf of Joint Debtor Jennifer M. Berry (Honey, Marc) (Entered: 02/06/2018) |
| 2/6/2018 | 4 | RECEIPT of Voluntary Petition (Chapter 13)(4:18-bk-10629) [misc,volp13a] ( 310.00) Filing Fee. receipt number 12583282, amount $ 310.00. (U.S. Treasury) (Entered: 02/06/2018) |
| 2/6/2018 | 5 | Motion to Extend Automatic Stay Filed by Marc Honey on behalf of Jennifer M. Berry, Terry A Berry (Attachments: # 1 Matrix) (Honey, Marc) (Entered: 02/06/2018) |
| 2/7/2018 | 6 | Meeting of Creditors with 341(a) meeting to be held on 03/07/2018 at 01:00 PM at U.S. Trustee's Office Meeting Room. Last day to oppose dischargeability is 05/07/2018. Proof of Claim due by 04/17/2018. (admin, ) (Entered: 02/07/2018) |
| 2/7/2018 | 7 | Order of Deficiency Summary of Assets and Liabilities due 2/20/2018. Schedules-Documents due 2/20/2018. Statement of Financial Affairs due 2/20/2018. Ch. 13 Plan and/or Notice of Opportunity to Object due by 2/20/2018. Statement of Current Monthly Income Ch 13 due 2/20/2018 (Jones, Michelle) (Entered: 02/07/2018) |
| 2/7/2018 | * | Clerk's Evidence of Repeat Filings for joint debtors Terry A Berry and Jennifer M. Berry Case Number 00-43304, Chapter 13 filed in Arkansas Eastern Bankruptcy Court on 07/31/2000; Case Number 10-18494, Chapter 7 filed in Arkansas Eastern Bankruptcy Court on 11/23/2010 , Standard Discharge on 03/15/2011; Case Number 17-12950, Chapter 13 filed in Arkansas Eastern Bankruptcy Court on 05/24/2017.(Admin) (Entered: 02/07/2018) |
| 2/9/2018 | 8 | BNC Certificate of Mailing - Meeting of Creditors(RE: related document(s) 6 Meeting of Creditors with 341(a) meeting to be held on 03/07/2018 at 01:00 PM at U.S. Trustee's Office Meeting Room. Last day to oppose dischargeability is 05/07/2018. Proof of Claim due by 04/17/2018. (admin, )) No. of Notices: 36. Notice Date 02/09/2018. (Admin.) (Entered: 02/09/2018) |
| 2/9/2018 | 9 | BNC Certificate of Mailing(RE: related document(s) 7 Order of Deficiency Summary of Assets and Liabilities due 2/20/2018. Schedules-Documents due 2/20/2018. Statement of Financial Affairs due 2/20/2018. Ch. 13 Plan and/or Notice of Opportunity to Object due by 2/20/2018. Statement of Current Monthly Income Ch 13 due 2/20/2018) No. of Notices: 1. Notice Date 02/09/2018. (Admin.) (Entered: 02/09/2018) |
| 2/12/2018 | 10 | Notice of Appearance and Request for Notice filed by Sarah Murphy McDaniel Creditor Select Portfolio Servicing Inc.. (McDaniel, Sarah) (Entered: 02/12/2018) |
| 2/20/2018 | 11 | Motion to Extend Deadline to File Schedules or Provide Required Information Filed by Marc Honey on behalf of Jennifer M. Berry, Terry A Berry (Honey, Marc) (Entered: 02/20/2018) |

| | | |
|---|---|---|
| 2/21/2018 | 12 | Order Granting Motion To Extend Deadline to File Schedules or Provide Required Information (Related Doc # 11) Schedules-Documents due 3/6/2018. Summary of Assets and Liabilities due 3/6/2018. Statement of Financial Affairs due 3/6/2018. Ch. 13 Plan and/or Notice of Opportunity to Object due by 3/6/2018. Statement of Current Monthly Income Ch 13 due 3/6/2018 Entered on Docket 2/21/2018 (Jones, Michelle) (Entered: 02/21/2018) |
| 2/22/2018 | 13 | Order Granting Motion to Extend Automatic Stay(Related Doc # 5) Entered on Docket 2/22/2018 (Jones, Michelle) (Entered: 02/22/2018) |
| 2/23/2018 | 14 | BNC Certificate of Mailing(RE: related document(s) 12 Order Granting Motion To Extend Deadline to File Schedules or Provide Required Information (Related Doc 11) Schedules-Documents due 3/6/2018. Summary of Assets and Liabilities due 3/6/2018. Statement of Financial Affairs due 3/6/2018. Ch. 13 Plan and/or Notice of Opportunity to Object due by 3/6/2018. Statement of Current Monthly Income Ch 13 due 3/6/2018 Entered on Docket 2/21/2018 (Jones, Michelle) ) No. of Notices: 1. Notice Date 02/23/2018. (Admin.) (Entered: 02/23/2018) |
| 2/24/2018 | 15 | BNC Certificate of Mailing(RE: related document(s) 13 Order Granting Motion to Extend Automatic Stay(Related Doc 5) Entered on Docket 2/22/2018 (Jones, Michelle) ) No. of Notices: 41. Notice Date 02/24/2018. (Admin.) (Entered: 02/24/2018) |
| 3/6/2018 | 16 | Second Motion to Extend Deadline to File Schedules or Provide Required Information Filed by Marc Honey on behalf of Jennifer M. Berry, Terry A Berry (Honey, Marc) (Entered: 03/06/2018) |
| 3/8/2018 | 17 | Ch. 13 Meeting of Creditors to be Continued (Jones, Tanya) (Entered: 03/08/2018) |
| 3/8/2018 | 18 | Notice of CONTINUED Meeting of Creditors 341(a) meeting to be held on 4/3/2018 at 01:00 PM at U.S. Trustee's Office Meeting Room. (Jones, Michelle) (Entered: 03/08/2018) |
| 3/10/2018 | 19 | BNC Certificate of Mailing - Ch 13 Meeting Continued(RE: related document(s) 18 Notice of CONTINUED Meeting of Creditors 341(a) meeting to be held on 4/3/2018 at 01:00 PM at U.S. Trustee's Office Meeting Room.) No. of Notices: 41. Notice Date 03/10/2018. (Admin.) (Entered: 03/10/2018) |
| 3/20/2018 | 20 | Schedules Filed: Summary of Assets and Liabilities, Sch A/B, Sch C, Sch D, Sch E/F, Sch G, Sch H, Sch I, Sch J, Declaration About Individual Debtor Schedules, Stmt of Financial Affairs, Disclosure of Compensation for Attorney, Stmt of Current Monthly Income, [Fee Due Yes] Filed by Marc Honey on behalf of Joint Debtor Jennifer M. Berry, Debtor Terry A Berry (Honey, Marc) (Entered: 03/20/2018) |
| 3/20/2018 | 21 | Chapter 13 Plan With Notice of Opportunity to Object/Respond. Filed by Marc Honey on behalf of Joint Debtor Jennifer M. Berry, Debtor Terry A Berry (Attachments: # 1 matrix # 2 Certificate of Service)(Honey, Marc) (Entered: 03/20/2018) |
| 3/20/2018 | 22 | Application for Compensation Filed by Marc Honey on behalf of Jennifer M. Berry, Terry A Berry (Honey, Marc) (Entered: 03/20/2018) |
| 3/20/2018 | 23 | RECEIPT of Schedules Filed(4:18-bk-10629) [misc,schdfld] ( 31.00) Filing Fee. receipt number 12682259, amount $ 31.00. (U.S. Treasury) (Entered: 03/20/2018) |
| 3/21/2018 | 24 | Order to Pay Trustee (etrustee) (Entered: 03/21/2018) |
| 3/29/2018 | 25 | Order on Application For Compensation Ch. 13 (etrustee) (Entered: 03/29/2018) |
| 3/30/2018 | 26 | Objection to Confirmation of Plan (2013 Buick Regal) Filed by Joseph F. Kolb on behalf of Creditor Ally Bank (Attachments: # 1 Exhibit Contract # 2 Exhibit Title) (Kolb, Joseph) (Entered: 03/30/2018) |
| 3/31/2018 | 27 | BNC Certificate of Mailing(RE: related document(s) 25 Order on Application For Compensation Ch. 13 (etrustee)) No. of Notices: 1. Notice Date 03/31/2018. (Admin.) (Entered: 03/31/2018) |
| 4/3/2018 | 28 | Objection to Confirmation of Plan Filed by Sarah Murphy McDaniel on behalf of Creditor Select Portfolio Servicing Inc. (McDaniel, Sarah) (Entered: 04/03/2018) |
| 4/3/2018 | 29 | Hearing SCHEDULED(RE: related document(s) 26 Objection to Confirmation of Plan (2013 Buick Regal) Filed by Joseph F. Kolb on behalf of Creditor Ally Bank , 28 Objection to Confirmation of Plan Filed by Sarah Murphy McDaniel on behalf of Creditor Select Portfolio Servicing Inc.) Hearing scheduled for 5/8/2018 at 09:30 AM at Phyllis Jones' Little Rock Courtroom. (Mansfield, MaryBeth) (Entered: 04/03/2018) |
| 4/5/2018 | 30 | BNC Certificate of Mailing - Hearing(RE: related document(s) 29 Hearing SCHEDULED(RE: related document(s) 26 Objection to Confirmation of Plan (2013 Buick |

| | | |
|---|---|---|
| | | Regal) Filed by Joseph P. Kolb on behalf of Creditor Ally Bank , 28 Objection to Confirmation of Plan Filed by Sarah Murphy McDaniel on behalf of Creditor Select Portfolio Servicing Inc.) Hearing scheduled for 5/8/2018 at 09:30 AM at Phyllis Jones' Little Rock Courtroom.) No. of Notices: 1. Notice Date 04/05/2018. (Admin.) (Entered: 04/05/2018) |
| 4/6/2018 | 31 | Meeting of Creditors Held and Concluded 4/3/2018. (Jones, Tanya) (Entered: 04/06/2018) |
| 4/11/2018 | 32 | Objection to Confirmation of Plan Filed by Trustee (etrustee) (Entered: 04/11/2018) |
| 4/13/2018 | 33 | Hearing SCHEDULED(RE: related document(s) 32 Objection to Confirmation of Plan Filed by Trustee (etrustee)) Hearing scheduled for 5/8/2018 at 09:30 AM at Phyllis Jones' Little Rock Courtroom. (Mansfield, MaryBeth) (Entered: 04/13/2018) |
| 4/15/2018 | 34 | BNC Certificate of Mailing - Hearing(RE: related document(s) 33 Hearing SCHEDULED(RE: related document(s) 32 Objection to Confirmation of Plan Filed by Trustee (etrustee)) Hearing scheduled for 5/8/2018 at 09:30 AM at Phyllis Jones' Little Rock Courtroom.) No. of Notices: 1. Notice Date 04/15/2018. (Admin.) (Entered: 04/15/2018) |
| 4/23/2018 | 35 | Notice of Requirement to Complete Course in Financial Management (admin) (Entered: 04/23/2018) |
| 4/25/2018 | 36 | BNC Certificate of Mailing(RE: related document(s) 35 Notice of Requirement to Complete Course in Financial Management (admin)) No. of Notices: 1. Notice Date 04/25/2018. (Admin.) (Entered: 04/25/2018) |
| 5/7/2018 | 37 | Hearing CONTINUED - PARTIES REQUESTED & AGREED(RE: related document(s) 32 Objection to Confirmation of Plan Filed by Trustee (etrustee)) (Mansfield, MaryBeth) (Entered: 05/07/2018) |
| 5/7/2018 | 38 | Hearing Scheduled For 5/8/18 Not Held. PER EMAIL FROM MCDANIEL; SUSTAINED W/ 28 TO MOD , SHE WILL SUBMIT ORDER (RE: related document(s) 28 Objection to Confirmation of Plan Filed by Sarah Murphy McDaniel on behalf of Creditor Select Portfolio Servicing Inc.) (Mansfield, MaryBeth) (Entered: 05/07/2018) |
| 5/8/2018 | 39 | Hearing Continued (RE:Objection to Confirmation of the Plan - related document(s) 26) (Continued to 6/13/2018 09:30 AM at Phyllis Jones' Little Rock Courtroom) (Hearing Held 5/8/18; CONTINUED, PARTIES REQUESTED & AGREED)(Mansfield, MaryBeth) (Entered: 05/08/2018) |
| 5/9/2018 | 40 | BNC Certificate of Mailing - Hearing(RE: related document(s) 37 Hearing CONTINUED - PARTIES REQUESTED & AGREED(RE: related document(s) 32 Objection to Confirmation of Plan Filed by Trustee (etrustee))) No. of Notices: 1. Notice Date 05/09/2018. (Admin.) (Entered: 05/09/2018) |
| 5/10/2018 | 41 | BNC Certificate of Mailing - Hearing(RE: related document(s) 39 Hearing Continued (RE:Objection to Confirmation of the Plan - related document(s) 26) (Continued to 6/13/2018 09:30 AM at Phyllis Jones' Little Rock Courtroom) (Hearing Held 5/8/18; CONTINUED, PARTIES REQUESTED & AGREED)) No. of Notices: 1. Notice Date 05/10/2018. (Admin.) (Entered: 05/10/2018) |
| 5/16/2018 | 42 | Order on Objection to Confirmation of Plan (RE: related document(s) 28 Objection to Confirmation of Plan Filed by Sarah Murphy McDaniel on behalf of Creditor Select Portfolio Servicing Inc. filed by Creditor Select Portfolio Servicing Inc.) Entered on 5/16/2018(Jones, Michelle) (Entered: 05/16/2018) |
| 5/18/2018 | 43 | BNC Certificate of Mailing(RE: related document(s) 42 Order on Objection to Confirmation of Plan (RE: related document(s) 28 Objection to Confirmation of Plan Filed by Sarah Murphy McDaniel on behalf of Creditor Select Portfolio Servicing Inc. filed by Creditor Select Portfolio Servicing Inc.) Entered on 5/16/2018(Jones, Michelle) ) No. of Notices: 1. Notice Date 05/18/2018. (Admin.) (Entered: 05/18/2018) |
| 6/7/2018 | 44 | Motion to Dismiss Case for Failure to Make Plan Payments Filed by Trustee (etrustee) (Entered: 06/07/2018) |
| 6/11/2018 | 45 | Court Calendar Update(RE: related document(s) 44 Motion to Dismiss Case for Failure to Make Plan Payments Filed by Trustee (etrustee)) Hearing scheduled for 7/19/2018 at 09:30 AM at Phyllis Jones' Little Rock Courtroom. (Mansfield, MaryBeth) (Entered: 06/11/2018) |
| 6/12/2018 | 46 | Hearing Scheduled For 6/13/18 Not Held. PER EMAIL FROM KOLB; SUSTAINED W/ 21 TO MOD, HE WILL SUBMIT ORDER (RE: related document(s) 26 Objection to |

| | | |
|---|---|---|
| | | Confirmation of Plan (2013 Buick Regal) Filed by Joseph F. Kolb on behalf of Creditor Ally Bank) (Mansfield, MaryBeth) (Entered: 06/12/2018) |
| 7/5/2018 | 47 | Request by Hurricane Creek Federal Credit Union Designating Mailing Address for Notices pursuant to Bankruptcy Rule 2002(g)(1), requesting service of copies of all future notices at the address specified in the process of filing this Request filed by Katrina Louise Taylor Creditor Hurricane Creek Federal Credit Union. (Taylor, Katrina) (Entered: 07/05/2018) |
| 7/12/2018 | 48 | Order on Objection to Confirmation of Plan (RE: related document(s) 26 Objection to Confirmation of Plan (2013 Buick Regal) Filed by Joseph F. Kolb on behalf of Creditor Ally Bank (Attachments: # 1 Exhibit Contract # 2 Exhibit Title) filed by Creditor Ally Bank) Entered on 7/12/2018(Jones, Michelle) (Entered: 07/12/2018) |
| 7/14/2018 | 49 | BNC Certificate of Mailing(RE: related document(s) 48 Order on Objection to Confirmation of Plan (RE: related document(s) 26 Objection to Confirmation of Plan (2013 Buick Regal) Filed by Joseph F. Kolb on behalf of Creditor Ally Bank (Attachments: # 1 Exhibit Contract # 2 Exhibit Title) filed by Creditor Ally Bank) Entered on 7/12/2018(Jones, Michelle) ) No. of Notices: 1. Notice Date 07/14/2018. (Admin.) (Entered: 07/14/2018) |
| 7/18/2018 | 50 | NO Hearing Held (RE: Motion to Dismiss Case for Failure to Make Plan Payments - related document(s) 44) (Hearing NOT Held 7/19/2018; PER EMAIL FROM TRUSTEE - WITHDRAWN UPON CONDITION, STRICT COMPLIANCE; AUG 2018 - JAN 2019)(McDaniel, Lisa) (Entered: 07/18/2018) |
| 7/23/2018 | 51 | Order Withdrawing Trustee Motion to Dismiss Upon Conditions (etrustee) (Entered: 07/23/2018) |
| 8/30/2018 | 52 | Chapter 13 AMENDED Plan With Notice of Opportunity to Object/Respond. Filed by William Marshall Hubbard on behalf of Joint Debtor Jennifer M. Berry, Debtor Terry A Berry (Attachments: # 1 matrix # 2 Certificate of Service)(Hubbard, William) (Entered: 08/30/2018) |
| 8/30/2018 | 53 | Amended Schedules/Statements Filed: Sch D, Sch E/F, [Fee Due No] Filed by William Marshall Hubbard on behalf of Joint Debtor Jennifer M. Berry, Debtor Terry A Berry (Hubbard, William) (Entered: 08/30/2018) |
| 8/30/2018 | 54 | Application for Compensation for Additional Services Filed by William Marshall Hubbard on behalf of Jennifer M. Berry, Terry A Berry (Hubbard, William) (Entered: 08/30/2018) |
| 8/31/2018 | 55 | Order to Pay Trustee (etrustee) (Entered: 08/31/2018) |
| 9/10/2018 | 56 | Objection to Confirmation of Amended Plan Filed by Trustee (etrustee) (Entered: 09/10/2018) |
| 9/12/2018 | 57 | Hearing SCHEDULED(RE: related document(s) 56 Objection to Confirmation of Amended Plan Filed by Trustee (etrustee)) Hearing scheduled for 10/11/2018 at 09:30 AM at Phyllis Jones' Little Rock Courtroom. (Robinson, Annette) (Entered: 09/12/2018) |
| 9/14/2018 | 58 | BNC Certificate of Mailing - Hearing(RE: related document(s) 57 Hearing SCHEDULED(RE: related document(s) 56 Objection to Confirmation of Amended Plan Filed by Trustee (etrustee)) Hearing scheduled for 10/11/2018 at 09:30 AM at Phyllis Jones' Little Rock Courtroom.) No. of Notices: 2. Notice Date 09/14/2018. (Admin.) (Entered: 09/14/2018) |
| 9/20/2018 | 59 | Amended Trustee's Notice of Claim (etrustee) (Entered: 09/20/2018) |
| 9/21/2018 | 60 | Order on Application For Compensation Ch. 13 (etrustee) (Entered: 09/21/2018) |
| 9/26/2018 | 61 | BNC Certificate of Mailing(RE: related document(s) 60 Order on Application For Compensation Ch. 13 (etrustee)) No. of Notices: 1. Notice Date 09/26/2018. (Admin.) (Entered: 09/26/2018) |
| 10/10/2018 | 62 | NO Hearing Held (RE: Objection to Confirmation of Amended Plan - related document(s) 56) (Hearing NOT Held 10/11/18: PER EMAIL FROM TRUSTEE - SUSTAINED)(Robinson, Annette) (Entered: 10/10/2018) |
| 10/15/2018 | 63 | Order to Modify Plan (etrustee) (Entered: 10/15/2018) |
| 10/28/2018 | 64 | Notice of Appearance and Request for Notice Filed by Sherry L. Daves Creditor John Gibson Auto Sales, Inc. (Daves, Sherry) (Entered: 10/28/2018) |
| 10/28/2018 | 65 | Motion for Relief from Stay and Motion for Adequate Protection or in the alternative, Motion to Dismiss. Fee Amount $181 Filed by Sherry L. Daves on behalf of John Gibson Auto Sales, Inc. (Attachments: # 1 Exhibit Contract & Title) (Daves, Sherry) (Entered: 10/28/2018) |

| | | |
|---|---|---|
| 10/28/2018 | 66 | RECEIPT of Motion for Relief From Stay(4:18-bk-16629)[motion,mrlfsty] ( 181.00) Filing Fee. receipt number 13158530, amount $ 181.00. (U.S. Treasury) (Entered: 10/28/2018) |
| 10/28/2018 | 67 | Order On 65 Motion for Relief from Stay and Motion for Adequate Protection or in the alternative, Motion to Dismiss and Notice of Opportunity to Object. If No Objection is Filed by the Objection Date, an Order Granting the Motion Will be Entered. If an Objection is Filed the Scheduled Hearing Will be Held on 11/20/2018 at 09:30 AM at Phyllis Jones' Little Rock Courtroom. Objection/Response due by 11/19/2018. Entered on 10/28/2018(McDaniel, Lisa) (Entered: 10/28/2018) |
| 10/31/2018 | 68 | BNC Certificate of Mailing (RE: related document(s) 67 Order On 65 Motion for Relief from Stay and Motion for Adequate Protection or in the alternative, Motion to Dismiss and Notice of Opportunity to Object. If No Objection is Filed by the Objection Date, an Order Granting the Motion Will be Entered. If an Objection is Filed the Scheduled Hearing Will be Held on 11/20/2018 at 09:30 AM at Phyllis Jones' Little Rock Courtroom. Objection/Response due by 11/19/2018. Entered on 10/28/2018(McDaniel, Lisa) ) No. of Notices: 2. Notice Date 10/31/2018. (Admin.) (Entered: 10/31/2018) |
| 11/7/2018 | 69 | Chapter 13 AMENDED Plan With Notice of Opportunity to Object/Respond. Filed by Marc Honey on behalf of Joint Debtor Jennifer M. Berry, Debtor Terry A Berry (Attachments: # 1 Certificate of Service # 2 matrix)(Honey, Marc) (Entered: 11/07/2018) |
| 11/7/2018 | 70 | Amended Schedules/Statements Filed: Sch D, Sch I, Sch J, [Fee Due No] Filed by Marc Honey on behalf of Joint Debtor Jennifer M. Berry, Debtor Terry A Berry (Honey, Marc) (Entered: 11/07/2018) |
| 11/7/2018 | 71 | Application for Compensation for Additional Services Filed by Marc Honey on behalf of Jennifer M. Berry, Terry A Berry (Honey, Marc) (Entered: 11/07/2018) |
| 11/8/2018 | 72 | Order to Pay Trustee (etrustee) (Entered: 11/08/2018) |
| 11/15/2018 | 73 | Objection to Confirmation of Amended Plan Filed by Trustee (etrustee) (Entered: 11/15/2018) |
| 11/16/2018 | 74 | Response to Motion for Relief From Stay, Motion for Adequate Protection or in the Alternative, Motion to Dismiss (RE: related document(s)65 Motion for Relief from Stay and Motion for Adequate Protection or in the alternative, Motion to Dismiss. Fee Amount $181 Filed by Sherry L. Daves on behalf of John Gibson Auto Sales, Inc. (Attachments: # 1 Exhibit Contract & Title) filed by Creditor John Gibson Auto Sales, Inc.) Filed by Marc Honey on behalf of Joint Debtor Jennifer M. Berry, Debtor Terry A Berry (Honey, Marc) (Entered: 11/16/2018) |
| 11/17/2018 | 75 | Court Calendar Update (RE: related document(s) 74 Response to Motion for Relief From Stay, Motion for Adequate Protection or in the Alternative, Motion to Dismiss (RE: related document(s)65 Motion for Relief from Stay and Motion for Adequate Protection or in the alternative, Motion to Dismiss. Filed by Sherry L. Daves on behalf of John Gibson Auto Sales, Inc.) Filed by Marc Honey on behalf of Joint Debtor Jennifer M. Berry, Debtor Terry A Berry filed ) Hearing scheduled for 11/20/2018 at 09:30 AM at Phyllis Jones' Little Rock Courtroom. (McDaniel, Lisa) (Entered: 11/17/2018) |
| 11/17/2018 | 76 | Hearing SCHEDULED (RE: related document(s) 73 Objection to Confirmation of Amended Plan Filed by Trustee (etrustee)) Hearing scheduled for 12/13/2018 at 09:30 AM at Phyllis Jones' Little Rock Courtroom. (McDaniel, Lisa) (Entered: 11/17/2018) |
| 11/19/2018 | 77 | Hearing Scheduled For 11/20/2018 CANCELLED. PER EMAIL FROM SHERRY DAVES, WITHDRAWN UPON CONDITIONS. ORDER IS DUE BY SHERRY DAVES ON OR BEFORE 12/10/2018 (RE: related document(s) 65 Motion for Relief from Stay and Motion for Adequate Protection or in the alternative, Motion to Dismiss. Filed by Sherry L. Daves on behalf of John Gibson Auto Sales, Inc.) (McDaniel, Lisa) (Entered: 11/19/2018) |
| 11/21/2018 | 78 | BNC Certificate of Mailing - Hearing(RE: related document(s) 76 Hearing SCHEDULED (RE: related document(s) 73 Objection to Confirmation of Amended Plan Filed by Trustee (etrustee)) Hearing scheduled for 12/13/2018 at 09:30 AM at Phyllis Jones' Little Rock Courtroom.) No. of Notices: 2. Notice Date 11/21/2018. (Admin.) (Entered: 11/21/2018) |
| 12/3/2018 | 79 | Trustee's Summary Notice of Claims Filed (etrustee) (Entered: 12/03/2018) |
| 12/7/2018 | 80 | Agreed Order Granting Motion For Relief From Stay (Related Doc # 65) Entered on Docket 12/7/2018 (Mansfield, MaryBeth) (Entered: 12/07/2018) |
| 12/9/2018 | 81 | BNC Certificate of Mailing(RE: related document(s) 80 Agreed Order Granting Motion For Relief From Stay (Related Doc 65) Entered on Docket 12/7/2018 (Mansfield, MaryBeth) ) No. of Notices: 1. Notice Date 12/09/2018. (Admin.) (Entered: 12/09/2018) |

| 12/12/2018 | 82 | NOT Hearing Held (RE: Objection to Confirmation of Amended Plan related document(s) 73) (Hearing NOT Held (12/13/2018): PER EMAIL FROM TRUSTEE - WITHDRAWN)(McDaniel, Lisa) (Entered: 12/12/2018) |
|---|---|---|
| 12/18/2018 | 83 | Order Withdrawing Trustee Objection (etrustee) (Entered: 12/18/2018) |
| 12/18/2018 | 84 | Order on Application For Compensation Ch. 13 (etrustee) (Entered: 12/18/2018) |
| 12/20/2018 | 85 | Order Withdrawing Trustee Objection (etrustee) (Entered: 12/20/2018) |
| 12/20/2018 | 86 | Order Confirming Modified Chapter 13 Plan (etrustee) (Entered: 12/20/2018) |
| 12/21/2018 | 87 | Memorandum of Document Deficiency to Jennifer Wyse Regarding Fee Due (RE: related document(s) 53 Amended Schedules/Statements Filed: Sch D, Sch E/F, [Fee Due No] Filed by William Marshall Hubbard on behalf of Joint Debtor Jennifer M. Berry, Debtor Terry A Berry filed by Debtor Terry A Berry, Joint Debtor Jennifer M. Berry) (changed classification of debt/add secured debt) (McCormack, Linda) (Entered: 12/21/2018) |
| 12/21/2018 | 88 | BNC Certificate of Mailing(RE: related document(s) 84 Order on Application For Compensation Ch. 13 (etrustee)) No. of Notices: 1. Notice Date 12/21/2018. (Admin.) (Entered: 12/21/2018) |
| 12/22/2018 | 89 | BNC Certificate of Mailing(RE: related document(s) 86 Order Confirming Modified Chapter 13 Plan (etrustee)) No. of Notices: 1. Notice Date 12/22/2018. (Admin.) (Entered: 12/22/2018) |
| 12/27/2018 | 90 | Receipt of Amendment Filing Fee - $31.00 by MJ. Receipt Number 80209846. (admin) (Entered: 12/27/2018) |
| 1/9/2019 | doc | Notice of Mortgage Payment Change ( Claim # 11 )with Certificate of Service Filed by Leslie N. Mann on behalf of Deutsche Bank National Trust Company as Trustee in Trust for the registered holders of Morgan Stanley ABS Capital I Inc. Trust 2006-HE6 Mortgage Pass-Through Certificates Series 2006-HE6 (Mann, Leslie) (Entered: 01/09/2019) |
| 1/10/2019 | 91 | Motion to Dismiss Case filed by Trustee (etrustee) (Entered: 01/10/2019) |
| 1/11/2019 | 92 | Hearing SCHEDULED (RE: related document(s) 91 Motion to Dismiss Case filed by Trustee (etrustee)) Hearing scheduled for 2/14/2019 at 09:30 AM at Phyllis Jones' Little Rock Courtroom. (McDaniel, Lisa) (Entered: 01/11/2019) |
| 1/13/2019 | 93 | BNC Certificate of Mailing - Hearing(RE: related document(s) 92 Hearing SCHEDULED (RE: related document(s) 91 Motion to Dismiss Case filed by Trustee (etrustee)) Hearing scheduled for 2/14/2019 at 09:30 AM at Phyllis Jones' Little Rock Courtroom.) No. of Notices: 2. Notice Date 01/13/2019. (Admin.) (Entered: 01/13/2019) |
| 2/13/2019 | 94 | Hearing Scheduled For 2/14/2019 Not Held. PER EMAIL FROM TRUSTEE - W/DRAWN UPON CONDITIONS(RE: related document(s) 91 Motion to Dismiss Case filed by Trustee (etrustee)) (McCormack, Linda) (Entered: 02/13/2019) |
| 2/19/2019 | 95 | Amended Trustee's Notice of Claim (etrustee) (Entered: 02/19/2019) |
| 2/25/2019 | 96 | Order to Modify Plan (etrustee) (Entered: 02/25/2019) |
| 2/25/2019 | 97 | Order To Dismiss Both Debtors (etrustee) (Entered: 02/25/2019) |
| 2/27/2019 | 98 | BNC Certificate of Mailing(RE: related document(s) 97 Order To Dismiss Both Debtors (etrustee)) No. of Notices: 42. Notice Date 02/27/2019. (Admin.) (Entered: 02/27/2019) |
| 4/23/2019 | 99 | Chapter 13 Final Report and Account Filed by Trustee (etrustee) (Entered: 04/23/2019) |
| 5/22/2019 | 100 | Order that the Chapter 13 Trustee is Discharged and Relieved of his/her Trust in This Case (ADIclerk) (Entered: 05/22/2019) |
| 5/24/2019 | 101 | Bankruptcy Case Closed. The Trustee Has Performed All Duties Required and is Discharged From and Relieved of His Trust. (Jones, Michelle) (Entered: 05/24/2019) |

**Last Updated: Dec 22 2020 2:03PM CST**

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN AND WESTERN DISTRICTS OF ARKANSAS

Exhibit H

IN RE: Terry A Berry and Jennifer M Berry

CASE NO:  4:18-bk-10629 J
Chapter 13

CHAPTER 13 ORDER DISMISSING CASE
FOR VIOLATING STRICT COMPLIANCE ORDER

COMES NOW THE COURT and finds that an order was entered in the above styled case on July 23, 2018, Docket Entry [51],  requiring the debtor to make specific payments to the Trustee. The order further provided that the case was to be dismissed if payments were not submitted as required. The court finds that the payments have not been submitted as required and, therefore, the case should be, and hereby is, dismissed for failure of the debtor to comply with the court's order of July 23, 2018.

IT IS SO ORDERED.

Date:  02/25/2019

_____
/s/  Phyllis M. Jones

Phyllis M. Jones
U.S. Bankruptcy Judge

cc:   Jack W Gooding, Trustee

The Honey Law Firm
P O Box 1254
Hot Springs, AR  71902

Terry A Berry and Jennifer M Berry
816 W Ashley Street
Benton, AR  72015

All Creditors

**Last Updated: Dec 22 2020 1:53PM CST**

**Repeat, TRANSIN, DebtEd, MDSM, DISMISSED, CLOSED**

Exhibit I

**U.S. Bankruptcy Court**
**Eastern District of Arkansas (Central Division)**
**Bankruptcy Petition #: 4:19-bk-11907**

*Assigned to:* Judge Richard D. Taylor
Chapter 13
Voluntary
Asset Claims Register

*Debtor disposition:* Dismissed for failure to
make plan payments
*Joint debtor disposition:* Dismissed for
failure to make plan payments

*Date filed:* 03/12/2019
*Date transferred:* 04/09/2019
*Date terminated:* 03/18/2020
*Debtor dismissed:* 12/11/2019
*Joint debtor dismissed:* 12/11/2019
*Plan confirmed:* 08/31/2019

**Debtor**
**Terry Berry**
816 W. Ashley St
Benton, AR 72015
HEMPSTEAD-AR
SSN / ITIN: xxx-xx-0877

represented by

**Marc Honey**
HONEY LAW FIRM, P.A.
P.O. Box 1254
Hot Springs, AR 71902
(501) 321-1007
Fax : (501) 321-1255
Email:
mhoney@honeylawfirm.com

**Jennifer Wyse**
Honey Law Firm, P.A.
1311 Central Ave.
Hot Springs, AR 71901
501-321-1007
Email:
jwyse@honeylawfirm.com

**Joint Debtor**
**Jennifer Berry**
816 W. Ashley St
Benton, AR 72015
HEMPSTEAD-AR
SSN / ITIN: xxx-xx-9819
*fka* Jennifer Wilmoth

represented by

**Marc Honey**
(See above for address)

**Jennifer Wyse**
(See above for address)

**Trustee**
**Jack W. Gooding**
Chapter 13 Standing Trustee
**Line 1: 877-988-6627**
**code3840362**
**Line 2: 877-921-0644**
**code4852474**
P.O. Box 8202
Little Rock, AR 72221-8202
501-537-4400

**U.S. Trustee**

Office Of U. S. Trustee
200 W Capitol, Ste. 1200
Little Rock, AR 72201
501-324-7357

| Last Updated: Dec 22 2020 1:53PM CST | | |
|---|---|---|
| **Filing Date** | **#** | **Docket Text** |
| 3/12/2019 | 1 | Chapter 13 Voluntary Petition Individual. Fee Amount $310 filed by Marc Honey of HONEY LAW FIRM, P.A. on behalf of Terry Berry, Jennifer Berry. (Honey, Marc) [Transferred from Arkansas Western on 4/9/2019.] (Entered: 03/12/2019) |
| 3/12/2019 | 2 | Chapter 13 Plan. filed by Marc Honey of HONEY LAW FIRM, P.A. on behalf of Terry Berry, Jennifer Berry.. Court ONLY Deadline 2/14/2024. (Honey, Marc) [Transferred from Arkansas Western on 4/9/2019.] (Entered: 03/12/2019) |
| 3/12/2019 | 3 | Application for Compensation Filed by Marc Honey on behalf of Jennifer Berry, Terry Berry (Honey, Marc) [Transferred from Arkansas Western on 4/9/2019.] (Entered: 03/12/2019) |
| 3/12/2019 | 4 | RECEIPT of Chapter 13 Voluntary Petition - case upload(4:19-bk-70662) [caseupld,1305u] ( 310.00) Filing Fee. receipt number 7098258, amount $ 310.00. (U.S. Treasury) [Transferred from Arkansas Western on 4/9/2019.] (Entered: 03/12/2019) |
| 3/13/2019 | 5 | Meeting of Creditors with 341(a) meeting to be held on 04/09/2019 at 01:30 PM at Texarkana First Meeting Room. Last day to oppose dischargeability is 06/10/2019. Proof of Claim due by 05/21/2019. (admin, ) [Transferred from Arkansas Western on 4/9/2019.] (Entered: 03/13/2019) |
| 3/13/2019 | 6 | Order to Pay Trustee (wtrustee) [Transferred from Arkansas Western on 4/9/2019.] (Entered: 03/13/2019) |
| 3/13/2019 | * | Clerk's Evidence of Repeat Filings for joint debtors Terry Berry and Jennifer Berry Case Number 00-43304, Chapter 13 filed in Arkansas Eastern Bankruptcy Court on 07/31/2000; Case Number 10-18494, Chapter 7 filed in Arkansas Eastern Bankruptcy Court on 11/23/2010 , Standard Discharge on 03/15/2011; Case Number 18-10629, Chapter 13 filed in Arkansas Eastern Bankruptcy Court on 02/06/2018; Case Number 17-12950, Chapter 13 filed in Arkansas Eastern Bankruptcy Court on 05/24/2017 , Dismissed for failure to make plan payments on 01/29/2018.(Admin) [Transferred from Arkansas Western on 4/9/2019.] (Entered: 03/13/2019) |
| 3/15/2019 | 7 | BNC Certificate of Mailing - Meeting of Creditors(RE: related document(s) 5 Meeting of Creditors with 341(a) meeting to be held on 04/09/2019 at 01:30 PM at Texarkana First Meeting Room. Last day to oppose dischargeability is 06/10/2019. Proof of Claim due by 05/21/2019. (admin, )) No. of Notices: 16. Notice Date 03/15/2019. (Admin.) [Transferred from Arkansas Western on 4/9/2019.] (Entered: 03/15/2019) |
| 3/19/2019 | 8 | REDOCKETED SEE ENTRY #9 Motion to Transfer Case To Another Division Filed by Marc Honey on behalf of Jennifer Berry, Terry Berry (Attachments: # 1 Matrix) (Honey, Marc) Modified on 3/19/2019 (Schacherbauer, Linda). [Transferred from Arkansas Western on 4/9/2019.] (Entered: 03/19/2019) |
| 3/19/2019 | 9 | Motion to Transfer Case To Another District (redocketed to reflect pleading filed #8) Filed by Marc Honey on behalf of Jennifer Berry, Terry Berry (Schacherbauer, Linda) [Transferred from Arkansas Western on 4/9/2019.] (Entered: 03/19/2019) |
| 3/21/2019 | 10 | Notice of Appearance and Request for Notice filed by Sarah Murphy McDaniel Creditor Select Portfolio Servicing, Inc.. (McDaniel, Sarah) [Transferred from Arkansas Western on 4/9/2019.] (Entered: 03/21/2019) |
| 3/25/2019 | 11 | Objection to Confirmation of Plan Filed by Sarah Murphy McDaniel on behalf of Creditor Select Portfolio Servicing, Inc. (McDaniel, Sarah) [Transferred from Arkansas Western on 4/9/2019.] (Entered: 03/25/2019) |
| 3/26/2019 | 12 | Hearing SCHEDULED(RE: related document(s) 11 Objection to Confirmation of Plan Filed by Sarah Murphy McDaniel on behalf of Creditor Select Portfolio Servicing, Inc. filed by Creditor Select Portfolio Servicing, Inc.) Hearing scheduled for 5/8/2019 at 09:30 AM at Texarkana Division. (Scales, Erika) [Transferred from Arkansas Western on 4/9/2019.] (Entered: 03/26/2019) |
| 3/28/2019 | 13 | |

| | | Motion to Extend Automatic Stay Filed by Marc Honey on behalf of Jennifer Berry, Terry Berry (Attachments: # 1 matrix) (Honey, Marc) [Transferred from Arkansas Western on 4/9/2019.] (Entered: 03/28/2019) |
|---|---|---|
| 3/28/2019 | 14 | BNC Certificate of Mailing(RE: related document(s) 12 Hearing SCHEDULED(RE: related document(s) 11 Objection to Confirmation of Plan Filed by Sarah Murphy McDaniel on behalf of Creditor Select Portfolio Servicing, Inc. filed by Creditor Select Portfolio Servicing, Inc.) Hearing scheduled for 5/8/2019 at 09:30 AM at Texarkana Division.) No. of Notices: 1. Notice Date 03/28/2019. (Admin.) [Transferred from Arkansas Western on 4/9/2019.] (Entered: 03/28/2019) |
| 4/4/2019 | 15 | Order on Application For Compensation Ch. 13 (wtrustee) [Transferred from Arkansas Western on 4/9/2019.] (Entered: 04/04/2019) |
| 4/7/2019 | 16 | BNC Certificate of Mailing(RE: related document(s) 15 Order on Application For Compensation Ch. 13 (wtrustee)) No. of Notices: 1. Notice Date 04/07/2019. (Admin.) [Transferred from Arkansas Western on 4/9/2019.] (Entered: 04/07/2019) |
| 4/9/2019 | 17 | Order Granting Motion To Transfer Bankruptcy Case To Another Division. (Related Doc 9) Entered on Docket 4/9/2019 (Wilkins, Tanya) [Transferred from Arkansas Western on 4/9/2019.] (Entered: 04/09/2019) |
| 4/9/2019 | 18 | Case Transferred In, Docket Sheet Attached (Schacherbauer, Linda) (Entered: 04/09/2019) |
| 4/10/2019 | 19 | ENTERED IN ERROR Notice of Case Change: Judge Phyllis M. Jones Added to the Case; Involvement of Judge Richard D. Taylor Terminated (Bell, Allison) Modified on 4/10/2019 (Bell, Allison). (Entered: 04/10/2019) |
| 4/10/2019 | 20 | Amended Meeting of Creditors 341(a) meeting to be held on 6/6/2019 at 01:00 PM at U.S. Trustee's Office Meeting Room. Proofs of Claims due by 5/21/2019. Last day to oppose dischargeability is 6/10/2019. (Stanley, Lori) (Entered: 04/10/2019) |
| 4/10/2019 | * | Judge Richard D. Taylor added; Involvement of Judge Phyllis M. Jones Terminated; (Bell, Allison) (Entered: 04/10/2019) |
| 4/11/2019 | 21 | Order to Pay Trustee (etrustee) (Entered: 04/11/2019) |
| 4/12/2019 | 22 | BNC Certificate of Mailing - Meeting of Creditors(RE: related document(s) 20 Amended Meeting of Creditors 341(a) meeting to be held on 6/6/2019 at 01:00 PM at U.S. Trustee's Office Meeting Room. Proofs of Claims due by 5/21/2019. Last day to oppose dischargeability is 6/10/2019.) No. of Notices: 24. Notice Date 04/12/2019. (Admin.) (Entered: 04/13/2019) |
| 5/1/2019 | 23 | Order to Submit Order (RE: related document(s) 13 Motion to Extend Automatic Stay Filed by Marc Honey on behalf of Joint Debtor Jennifer Berry, Debtor Terry Berry) Entered on 5/1/2019(Mansfield, MaryBeth) (Entered: 05/01/2019) |
| 5/1/2019 | 24 | Hearing RESCHEDULED(RE: related document(s) 11 Objection to Confirmation of Plan Filed by Sarah Murphy McDaniel on behalf of Creditor Select Portfolio Servicing, Inc. (McDaniel, Sarah) [Transferred from Arkansas Western on 4/9/2019.] filed by Creditor Select Portfolio Servicing, Inc.) Hearing scheduled for 5/30/2019 at 09:00 AM at Richard Taylor's Little Rock Courtroom. (Scales, Erika) (Entered: 05/01/2019) |
| 5/2/2019 | 25 | Order Granting Motion to Extend Automatic Stay(Related Doc # 13) Entered on Docket 5/2/2019 (Mansfield, MaryBeth) (Entered: 05/02/2019) |
| 5/3/2019 | 26 | BNC Certificate of Mailing - Hearing(RE: related document(s) 24 Hearing RESCHEDULED(RE: related document(s) 11 Objection to Confirmation of Plan Filed by Sarah Murphy McDaniel on behalf of Creditor Select Portfolio Servicing, Inc. (McDaniel, Sarah) [Transferred from Arkansas Western on 4/9/2019.] filed by Creditor Select Portfolio Servicing, Inc.) Hearing scheduled for 5/30/2019 at 09:00 AM at Richard Taylor's Little Rock Courtroom.) No. of Notices: 1. Notice Date 05/03/2019. (Admin.) (Entered: 05/03/2019) |
| 5/4/2019 | 27 | BNC Certificate of Mailing(RE: related document(s) 25 Order Granting Motion to Extend Automatic Stay(Related Doc 13) Entered on Docket 5/2/2019 (Mansfield, MaryBeth) ) No. of Notices: 25. Notice Date 05/04/2019. (Admin.) (Entered: 05/04/2019) |
| 5/20/2019 | 28 | Hearing Continued (RE:Objection to Confirmation of the Plan - related document(s) 11) (Continued to 6/27/2019 09:00 AM at Richard Taylor's Little Rock Courtroom) (Albritton, Allison) (Entered: 05/20/2019) |
| 5/22/2019 | 29 | BNC Certificate of Mailing - Hearing(RE: related document(s) 28 Hearing Continued (RE:Objection to Confirmation of the Plan - related document(s) 11) (Continued to |

| | | |
|---|---|---|
| | | ...iller Richard Taylor's Little Rock Courtroom)) No. of Notices: 1. Notice Date 05/22/2019. (Admin.) (Entered: 05/22/2019) |
| 6/6/2019 | 30 | Order on Application For Compensation Ch. 13 (etrustee) (Entered: 06/06/2019) |
| 6/8/2019 | 31 | BNC Certificate of Mailing(RE: related document(s) 30 Order on Application For Compensation Ch. 13 (etrustee)) No. of Notices: 1. Notice Date 06/08/2019. (Admin.) (Entered: 06/08/2019) |
| 6/12/2019 | 32 | Meeting of Creditors Held and Concluded 6/6/2019. (Kane, Jolene) (Entered: 06/12/2019) |
| 6/14/2019 | 33 | Order to Pay Trustee (etrustee) (Entered: 06/14/2019) |
| 6/19/2019 | 34 | Objection to Confirmation of Plan Filed by Trustee (etrustee) (Entered: 06/19/2019) |
| 6/20/2019 | 35 | Hearing SCHEDULED(RE: related document(s) 34 Objection to Confirmation of Plan Filed by Trustee (etrustee)) Hearing scheduled for 7/23/2019 at 09:00 AM at Richard Taylor's Little Rock Courtroom. (Scales, Erika) (Entered: 06/20/2019) |
| 6/20/2019 | 36 | Hearing Continued (RE:Objection to Confirmation of the Plan - related document(s) 11) (Continued to 7/23/2019 09:00 AM at Richard Taylor's Little Rock Courtroom) (Albritton, Allison) (Entered: 06/20/2019) |
| 6/22/2019 | 37 | BNC Certificate of Mailing - Hearing(RE: related document(s) 35 Hearing SCHEDULED(RE: related document(s) 34 Objection to Confirmation of Plan Filed by Trustee (etrustee)) Hearing scheduled for 7/23/2019 at 09:00 AM at Richard Taylor's Little Rock Courtroom.) No. of Notices: 1. Notice Date 06/22/2019. (Admin.) (Entered: 06/22/2019) |
| 6/22/2019 | 38 | BNC Certificate of Mailing - Hearing(RE: related document(s) 36 Hearing Continued (RE:Objection to Confirmation of the Plan - related document(s) 11) (Continued to 7/23/2019 09:00 AM at Richard Taylor's Little Rock Courtroom)) No. of Notices: 1. Notice Date 06/22/2019. (Admin.) (Entered: 06/22/2019) |
| 6/25/2019 | 39 | PDF FILED IN WRONG CASE. Personal Financial Management Course Certificate for Debtor(Bhatt, Jai) Modified on 6/25/2019 (Stanley, Lori). (Entered: 06/25/2019) |
| 6/25/2019 | 40 | Memorandum of Document Deficiency to Jai Bhatt Regarding Incorrect PDF (RE: related document(s) 39 PDF FILED IN WRONG CASE. Personal Financial Management Course Certificate for Debtor(Bhatt, Jai) Modified on 6/25/2019 .) (Stanley, Lori) (Entered: 06/25/2019) |
| 6/27/2019 | 41 | BNC Certificate of Mailing(RE: related document(s) 40 Memorandum of Document Deficiency to Jai Bhatt Regarding Incorrect PDF (RE: related document(s) 39 PDF FILED IN WRONG CASE. Personal Financial Management Course Certificate for Debtor(Bhatt, Jai) Modified on 6/25/2019 .)) No. of Notices: 1. Notice Date 06/27/2019. (Admin.) (Entered: 06/27/2019) |
| 7/12/2019 | 42 | Order On Objection To Confirmation Of Plan. (RE: related document(s) 11 Objection to Confirmation of Plan Filed by Sarah Murphy McDaniel on behalf of Creditor Select Portfolio Servicing, Inc. (McDaniel, Sarah) [Transferred from Arkansas Western on 4/9/2019.] filed by Creditor Select Portfolio Servicing, Inc.) Entered on 7/12/2019(Penrod, Arch) (Entered: 07/12/2019) |
| 7/14/2019 | 43 | BNC Certificate of Mailing(RE: related document(s) 42 Order On Objection To Confirmation Of Plan. (RE: related document(s) 11 Objection to Confirmation of Plan Filed by Sarah Murphy McDaniel on behalf of Creditor Select Portfolio Servicing, Inc. (McDaniel, Sarah) [Transferred from Arkansas Western on 4/9/2019.] filed by Creditor Select Portfolio Servicing, Inc.) Entered on 7/12/2019(Penrod, Arch) ) No. of Notices: 1. Notice Date 07/14/2019. (Admin.) (Entered: 07/14/2019) |
| 7/22/2019 | 44 | Hearing Not Held. Settled or Continued Prior to the Hearing (RE: Objection to Confirmation of Plan - related document(s) 34) (Sustained with 21 days to Modify (Trustee))(Albritton, Allison) (Entered: 07/22/2019) |
| 7/22/2019 | 45 | Notice of Requirement to Complete Course in Financial Management (admin) (Entered: 07/22/2019) |
| 7/25/2019 | 46 | BNC Certificate of Mailing(RE: related document(s) 45 Notice of Requirement to Complete Course in Financial Management (admin)) No. of Notices: 1. Notice Date 07/25/2019. (Admin.) (Entered: 07/25/2019) |
| 7/26/2019 | 47 | Order to Modify Plan (etrustee) (Entered: 07/26/2019) |
| 8/2/2019 | 48 | Motion to Dismiss Case for Failure to Make Plan Payments Filed by Trustee (etrustee) (Entered: 08/02/2019) |

| 8/8/2019 | 49 | Chapter 13 AMENDED Plan With Notice of Opportunity to Object/Respond. Filed by Jennifer Wyse on behalf of Joint Debtor Jennifer Berry, Debtor Terry Berry (Attachments: # 1 Certificate of Service # 2 matrix)(Wyse, Jennifer) (Entered: 08/08/2019) |
|---|---|---|
| 8/8/2019 | 50 | Amended Schedules/Statements Filed: Sch D, Sch I, Sch J, [Fee Due No] Filed by Jennifer Wyse on behalf of Joint Debtor Jennifer Berry, Debtor Terry Berry (Wyse, Jennifer) (Entered: 08/08/2019) |
| 8/8/2019 | 51 | Application for Compensation for Additional Services Filed by Jennifer Wyse on behalf of Jennifer Berry, Terry Berry (Wyse, Jennifer) (Entered: 08/08/2019) |
| 8/12/2019 | 52 | Order to Pay Trustee (etrustee) (Entered: 08/12/2019) |
| 8/14/2019 | 53 | Objection to Claim Number 6 by Claimant Arkansas Department of Finance and Administration Filed by Jennifer Wyse on behalf of Jennifer Berry, Terry Berry (Wyse, Jennifer) (Entered: 08/14/2019) |
| 8/14/2019 | 62 | DISREGARD, REDOCKETED IN ERROR Objection to Claim Number 32 by Claimant Arkansas Department of Finance (Redocketed to reflect document filed #53) Filed by Jennifer Wyse on behalf of Jennifer Berry, Terry Berry (Mansfield, MaryBeth) Modified on 9/13/2019 (Mansfield, MaryBeth). Modified on 9/13/2019 (Mansfield, MaryBeth). (Entered: 09/13/2019) |
| 8/20/2019 | 54 | Application for Administrative Expenses Filed by Jennifer Wyse on behalf of Jennifer Berry, Terry Berry (Attachments: # 1 matrix) (Wyse, Jennifer) (Entered: 08/20/2019) |
| 8/31/2019 | 55 | Order Confirming Modified Chapter 13 Plan (etrustee) (Entered: 08/31/2019) |
| 8/31/2019 | 56 | Order on Application For Compensation Ch. 13 (etrustee) (Entered: 08/31/2019) |
| 9/5/2019 | 57 | BNC Certificate of Mailing(RE: related document(s) 55 Order Confirming Modified Chapter 13 Plan (etrustee)) No. of Notices: 1. Notice Date 09/05/2019. (Admin.) (Entered: 09/05/2019) |
| 9/5/2019 | 58 | BNC Certificate of Mailing(RE: related document(s) 56 Order on Application For Compensation Ch. 13 (etrustee)) No. of Notices: 1. Notice Date 09/05/2019. (Admin.) (Entered: 09/05/2019) |
| 9/11/2019 | 59 | Order Approving Allowance Of Administrative Claim. (Related Doc # 54) Entered on Docket 9/11/2019 (Penrod, Arch) (Entered: 09/11/2019) |
| 9/13/2019 | 60 | RECEIPT of Amended Schedules, Statements, Petition Page or Creditors(4:19-bk-11907) [misc,amdsc] ( 31.00) Filing Fee. receipt number 13801106, amount $ 31.00. (U.S. Treasury) (Entered: 09/13/2019) |
| 9/13/2019 | 61 | Response to Objection to Claim Filed by Creditor Arkansas Department of Finance and Administration ( Claim # 6) Filed by Bradley Bruce Young on behalf of Arkansas Department of Finance and Administration (RE: related document(s) 53 Objection to Claim filed by Jennifer Berry, Terry Berry) (Young, Bradley)(Entered: 09/13/2019). MODIFIED on (09/13/2019) to remove this entry from Claim No 32 and to add this entry to Claim No 6; (Mansfield, MaryBeth) (Entered 09/13/2019). (Entered: 09/13/2019) |
| 9/13/2019 | 63 | BNC Certificate of Mailing(RE: related document(s) 59 Order Approving Allowance Of Administrative Claim. (Related Doc 54) Entered on Docket 9/11/2019 (Penrod, Arch) ) No. of Notices: 28. Notice Date 09/13/2019. (Admin.) (Entered: 09/13/2019) |
| 9/16/2019 | 64 | Hearing SCHEDULED(RE: related document(s) 53 Objection to Claim Number 6 by Claimant Arkansas Department of Finance and Administration Filed by Jennifer Wyse on behalf of Jennifer Berry, Terry Berry filed by Joint Debtor Jennifer Berry, Debtor Terry Berry, 61 Response to Objection to Claim Filed by Creditor Arkansas Department of Finance and Administration ( Claim # 6) Filed by Bradley Bruce Young on behalf of Arkansas Department of Finance and Administration (RE: related document(s) 53 Objection to Claim filed by Jennifer Berry, Terry Berry) (Young, Bradley)(Entered: 09/13/2019). MODIFIED on (09/13/2019) to remove this entry from Claim No 32 and to add this entry to Claim No 6; (Mansfield, MaryBeth) (Entered 09/13/2019). filed by Creditor Arkansas Department of Finance and Administration) Hearing scheduled for 10/17/2019 at 09:00 AM at Richard Taylor's Little Rock Courtroom. (Scales, Erika) (Entered: 09/16/2019) |
| 9/18/2019 | 65 | BNC Certificate of Mailing - Hearing(RE: related document(s) 64 Hearing SCHEDULED(RE: related document(s) 53 Objection to Claim Number 6 by Claimant Arkansas Department of Finance and Administration Filed by Jennifer Wyse on behalf of Jennifer Berry, Terry Berry filed by Joint Debtor Jennifer Berry, Debtor Terry Berry, 61 Response to Objection to Claim Filed by Creditor Arkansas Department of Finance and |

| | | Department of Finance and Administration (RE: related document(s) 53 Objection to Claim filed by Jennifer Berry, Terry Berry) (Young, Bradley)(Entered: 09/13/2019). MODIFIED on (09/13/2019) to remove this entry from Claim No 32 and to add this entry to Claim No 6; (Mansfield, MaryBeth) (Entered 09/13/2019). filed by Creditor Arkansas Department of Finance and Administration) Hearing scheduled for 10/17/2019 at 09:00 AM at Richard Taylor's Little Rock Courtroom.) No. of Notices: 1. Notice Date 09/18/2019. (Admin.) (Entered: 09/18/2019) |
|---|---|---|
| 9/22/2019 | 66 | Order Withdrawing Trustee Motion to Dismiss Upon Conditions (etrustee) (Entered: 09/22/2019) |
| 10/4/2019 | 67 | Application for Compensation for Additional Services Filed by Jennifer Wyse on behalf of Jennifer Berry, Terry Berry (Wyse, Jennifer) (Entered: 10/04/2019) |
| 10/16/2019 | 68 | Hearing Not Held. Settled or Continued Prior to the Hearing (RE: Objection to Claim - related document(s) 53) (Withdrawn Upon Conditions (Wyse))(Albritton, Allison) (Entered: 10/16/2019) |
| 10/16/2019 | 69 | Hearing Not Held. Settled or Continued Prior to the Hearing (RE: Response to Objection to Claim - related document(s) 61) (Albritton, Allison) (Entered: 10/16/2019) |
| 10/30/2019 | 70 | Order on Application For Compensation Ch. 13 (etrustee) (Entered: 10/30/2019) |
| 11/2/2019 | 71 | BNC Certificate of Mailing (RE: related document(s) 70 Order on Application For Compensation Ch. 13 (etrustee)) No. of Notices: 1. Notice Date 11/02/2019. (Admin.) (Entered: 11/02/2019) |
| 12/11/2019 | 72 | Order To Dismiss Both Debtors (etrustee) (Entered: 12/11/2019) |
| 12/12/2019 | 73 | Notice of Cancellation of Auto Insurance Filed by Trustee (etrustee) (Entered: 12/12/2019) |
| 12/12/2019 | 74 | Notice of Cancellation of Auto Insurance Filed by Trustee (etrustee) (Entered: 12/12/2019) |
| 12/13/2019 | 75 | BNC Certificate of Mailing(RE: related document(s) 72 Order To Dismiss Both Debtors (etrustee)) No. of Notices: 27. Notice Date 12/13/2019. (Admin.) (Entered: 12/13/2019) |
| 2/13/2020 | 76 | Chapter 13 Final Report and Account Filed by Trustee (etrustee) (Entered: 02/13/2020) |
| 3/13/2020 | 77 | Order that the Chapter 13 Trustee is Discharged and Relieved of his/her Trust in This Case (ADIclerk) (Entered: 03/13/2020) |
| 3/18/2020 | 78 | Bankruptcy Case Closed. The Trustee Has Performed All Duties Required and is Discharged From and Relieved of His Trust. (Penrod, Arch) (Entered: 03/18/2020) |

**Last Updated: Dec 22 2020 1:53PM CST**

4:19-bk-11907 Doc#: 72 Filed: 12/5/19 Entered: 12/5/19 04:07:09 Page 70 of 8

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN AND WESTERN DISTRICTS OF ARKANSAS

Exhibit J

IN RE: Terry Berry and Jennifer Berry

CASE NO:   4:19-bk-11907 T

Chapter 13

CHAPTER 13 ORDER DISMISSING CASE
FOR VIOLATING STRICT COMPLIANCE ORDER

COMES NOW THE COURT and finds that an order was entered in the above styled case on September 22, 2019, Docket Entry [66], requiring the debtor to make specific payments to the Trustee. The order further provided that the case was to be dismissed if payments were not submitted as required. The court finds that the payments have not been submitted as required and, therefore, the case should be, and hereby is, dismissed for failure of the debtor to comply with the court's order of September 22, 2019.

IT IS SO ORDERED.

Date:  12/11/2019

_____
/s/   Richard D. Taylor

Richard D. Taylor
U.S. Bankruptcy Judge

cc:   Jack W Gooding, Trustee

The Honey Law Firm
P O Box 1254
Hot Springs, AR  71902

Terry Berry and Jennifer Berry
816 W Ashley St
Benton, AR  72015

All Creditors

LK      /195

**Last Updated: Dec 21 2020 10:52AM CST**

**DebtEd, Repeat, MDSM, DISMISSED**

Exhibit K

**U.S. Bankruptcy Court**
**Eastern District of Arkansas (Central Division)**
**Bankruptcy Petition #: 4:20-bk-10393**

| | |
|---|---|
| *Date filed:* | 01/24/2020 |
| *Debtor dismissed:* | 10/13/2020 |
| *Plan confirmed:* | 07/10/2020 |
| *Deadline for filing claims:* | 04/03/2020 |
| *Deadline for filing claims (govt.):* | 07/22/2020 |

*Assigned to:* Judge Richard D. Taylor
Chapter 13
Voluntary
Asset <u>Claims Register</u>

*Debtor*
**Jennifer Berry**
816 W. Ashley St
Benton, AR 72015
SALINE-AR
SSN / ITIN: xxx-xx-9819

represented by

**Marc Honey**
HONEY LAW FIRM, P.A.
P.O. Box 1254
Hot Springs, AR 71902
(501) 321-1007
Fax : (501) 321-1255
Email:
<u>mhoney@honeylawfirm.com</u>

**Jennifer Wyse**
Honey Law Firm, P.A.
1311 Central Ave.
Hot Springs, AR 71901
501-321-1007
Email:
<u>jwyse@honeylawfirm.com</u>

*Trustee*
**Mark T. McCarty**
Chapter 13 Standing Trustee
**Line 1: 877-951-7471**
**code4545532**
**Line 2: 877-692-1036**
**code7210329**
P.O. Box 5006
N. Little Rock, AR 72119-5006
501-374-1572
*TERMINATED: 01/27/2020*

*Trustee*
**Jack W. Gooding**
Chapter 13 Standing Trustee
**Line 1: 877-988-6627**
**code3840362**
**Line 2: 877-921-0644**
**code4852474**
P.O. Box 8202
Little Rock, AR 72221-8202
501-537-4400

*U.S. Trustee*
**U.S. Trustee (ust)**

| Last Updated: Dec 21 2020 10:52AM CST | | |
|---|---|---|
| **Filing Date** | **#** | **Docket Text** |
| 1/24/2020 | 1 | Chapter 13 Voluntary Petition. Fee Amount $310 Filed by Jennifer Berry. (Honey, Marc) (Entered: 01/24/2020) |
| 1/24/2020 | 2 | Credit Counseling Certificate Filed by Marc Honey on behalf of Debtor Jennifer Berry (Honey, Marc) (Entered: 01/24/2020) |
| 1/24/2020 | 3 | RECEIPT of Voluntary Petition (Chapter 13)(4:20-bk-10393) [misc,volp13a] ( 310.00) Filing Fee. receipt number 14061707, amount $ 310.00. (U.S. Treasury) (Entered: 01/24/2020) |
| 1/27/2020 | 4 | Notice of Case Change: Trustee Jack W. Gooding Added to the Case; Involvement of Trustee Mark T. McCarty Terminated; (Bell, Allison) (Entered: 01/27/2020) |
| 1/27/2020 | 5 | Meeting of Creditors 341(a) meeting to be held on 3/19/2020 at 01:00 PM at U.S. Trustee's Office Meeting Room. Proofs of Claims due by 4/3/2020. Last day to oppose dischargeability is 5/18/2020. (Bell, Allison) (Entered: 01/27/2020) |
| 1/27/2020 | 6 | Order of Deficiency Summary of Assets and Liabilities due 2/7/2020. Schedules-Documents due 2/7/2020. Statement of Financial Affairs due 2/7/2020. Ch. 13 Plan and/or Notice of Opportunity to Object due by 2/7/2020. Statement of Current Monthly Income Ch 13 due 2/7/2020 (Bell, Allison) (Entered: 01/27/2020) |
| 1/27/2020 | 7 | Motion to Extend Automatic Stay Filed by Jennifer Wyse on behalf of Jennifer Berry (Attachments: # 1 matrix) (Wyse, Jennifer) (Entered: 01/27/2020) |
| 1/27/2020 | * | Clerk's Evidence of Repeat Filings for debtor Jennifer Berry Case Number 10-18494, Chapter 7 filed in Arkansas Eastern Bankruptcy Court on 11/23/2010 , Standard Discharge on 03/15/2011; Case Number 18-10629, Chapter 13 filed in Arkansas Eastern Bankruptcy Court on 02/06/2018 , Dismissed for failure to make plan payments on 02/25/2019; Case Number 17-12950, Chapter 13 filed in Arkansas Eastern Bankruptcy Court on 05/24/2017 , Dismissed for failure to make plan payments on 01/29/2018; Case Number 19-11907, Chapter 13 filed in Arkansas Eastern Bankruptcy Court on 03/12/2019; Case Number 19-70662, Chapter 13 filed in Arkansas Western Bankruptcy Court on 03/12/2019.(Admin) (Entered: 01/27/2020) |
| 1/29/2020 | 8 | BNC Certificate of Mailing - Meeting of Creditors(RE: related document(s) 5 Meeting of Creditors 341(a) meeting to be held on 3/19/2020 at 01:00 PM at U.S. Trustee's Office Meeting Room. Proofs of Claims due by 4/3/2020. Last day to oppose dischargeability is 5/18/2020.) No. of Notices: 21. Notice Date 01/29/2020. (Admin.) (Entered: 01/29/2020) |
| 1/29/2020 | 9 | BNC Certificate of Mailing:(RE: related document(s) 6 Order of Deficiency Summary of Assets and Liabilities due 2/7/2020. Schedules-Documents due 2/7/2020. Statement of Financial Affairs due 2/7/2020. Ch. 13 Plan and/or Notice of Opportunity to Object due by 2/7/2020. Statement of Current Monthly Income Ch 13 due 2/7/2020) No. of Notices: 1. Notice Date 01/29/2020. (Admin.) (Entered: 01/29/2020) |
| 2/3/2020 | 10 | Notice of Appearance and Request for Notice Filed by Sarah Murphy McDaniel Creditor Select Portfolio Servicing Inc. (McDaniel, Sarah) (Entered: 02/03/2020) |
| 2/6/2020 | 11 | Schedules Filed: Summary of Assets and Liabilities, Sch A/B, Sch C, Sch D, Sch E/F, Sch G, Sch H, Sch I, Sch J, Declaration About Individual Debtor Schedules, Stmt of Financial Affairs, Disclosure of Compensation for Attorney, Stmt of Current Monthly Income, [Fee Due Yes] Filed by Marc Honey on behalf of Debtor Jennifer Berry (Honey, Marc) (Entered: 02/06/2020) |
| 2/6/2020 | 12 | RECEIPT of Schedules Filed(4:20-bk-10393) [misc,schdfld] ( 31.00) Filing Fee. receipt number 14087288, amount $ 31.00. (U.S. Treasury) (Entered: 02/06/2020) |
| 2/6/2020 | 13 | Chapter 13 Plan With Notice of Opportunity to Object/Respond. Filed by Marc Honey on behalf of Debtor Jennifer Berry (Honey, Marc) (Entered: 02/06/2020) |
| 2/6/2020 | 14 | Application for Compensation Filed by Marc Honey on behalf of Jennifer Berry (Honey, Marc) (Entered: 02/06/2020) |
| 2/9/2020 | 15 | Order to Pay Trustee (etrustee) (Entered: 02/09/2020) |

| 2/10/2020 | 16 | Objection to Motion to Extend Automatic Stay (RE: related document(s)7 Motion to Extend Automatic Stay Filed by Jennifer Wyse on behalf of Jennifer Berry (Attachments: # 1 matrix) filed by Debtor Jennifer Berry) Filed by Sarah Murphy McDaniel on behalf of Creditor Select Portfolio Servicing Inc. (McDaniel, Sarah) (Entered: 02/10/2020) |
|---|---|---|
| 2/10/2020 | 17 | Motion to Withdraw Motion (related documents 7 Motion to Extend Automatic Stay) Filed by Jennifer Wyse on behalf of Jennifer Berry (Wyse, Jennifer) (Entered: 02/10/2020) |
| 2/10/2020 | 18 | Motion to Impose Automatic Stay Filed by Jennifer Wyse on behalf of Jennifer Berry (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 matrix) (Wyse, Jennifer) (Entered: 02/10/2020) |
| 2/14/2020 | 19 | Objection to Motion to Impose Automatic Stay (RE: related document(s)18 Motion to Impose Automatic Stay Filed by Jennifer Wyse on behalf of Jennifer Berry (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 matrix) filed by Debtor Jennifer Berry) Filed by Sarah Murphy McDaniel on behalf of Creditor Select Portfolio Servicing Inc. (McDaniel, Sarah) (Entered: 02/14/2020) |
| 2/14/2020 | 20 | Objection to Confirmation of Plan Filed by Sarah Murphy McDaniel on behalf of Creditor SELECT PORTFOLIO SERVICING, INC. AS SERVICER FOR DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, IN TRUST FOR THE REGISTERED HOLDERS OF MORGAN STANLEY ABS CAPITAL I INC. TRUST 2006-HE6, MORTGAGE PAS (McDaniel, Sarah) (Entered: 02/14/2020) |
| 2/18/2020 | 21 | Hearing SCHEDULED(RE: related document(s) 18 Motion to Impose Automatic Stay Filed by Jennifer Wyse on behalf of Jennifer Berry (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 matrix), 19 Objection to Motion to Impose Automatic Stay (RE: related document(s)18 Motion to Impose Automatic Stay Filed by Jennifer Wyse on behalf of Jennifer Berry (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 matrix) filed by Debtor Jennifer Berry) Filed by Sarah Murphy McDaniel on behalf of Creditor Select Portfolio Servicing Inc., 20 Objection to Confirmation of Plan Filed by Sarah Murphy McDaniel on behalf of Creditor SELECT PORTFOLIO SERVICING, INC. AS SERVICER FOR DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, IN TRUST FOR THE REGISTERED HOLDERS OF MORGAN STANLEY ABS CAPITAL I INC. TRUST 2006-HE6, MORTGAGE PAS) Hearing scheduled for 3/11/2020 at 09:00 AM at Richard Taylor's Little Rock Courtroom. (Scales, Erika) (Entered: 02/18/2020) |
| 2/20/2020 | 22 | BNC Certificate of Mailing - Hearing(RE: related document(s) 21 Hearing SCHEDULED(RE: related document(s) 18 Motion to Impose Automatic Stay Filed by Jennifer Wyse on behalf of Jennifer Berry (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 matrix), 19 Objection to Motion to Impose Automatic Stay (RE: related document(s)18 Motion to Impose Automatic Stay Filed by Jennifer Wyse on behalf of Jennifer Berry (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 matrix) filed by Debtor Jennifer Berry) Filed by Sarah Murphy McDaniel on behalf of Creditor Select Portfolio Servicing Inc., 20 Objection to Confirmation of Plan Filed by Sarah Murphy McDaniel on behalf of Creditor SELECT PORTFOLIO SERVICING, INC. AS SERVICER FOR DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, IN TRUST FOR THE REGISTERED HOLDERS OF MORGAN STANLEY ABS CAPITAL I INC. TRUST 2006-HE6, MORTGAGE PAS) Hearing scheduled for 3/11/2020 at 09:00 AM at Richard Taylor's Little Rock Courtroom.) No. of Notices: 1. Notice Date 02/20/2020. (Admin.) (Entered: 02/20/2020) |
| 3/5/2020 | 23 | Hearing Continued (RE:Objection to Confirmation of the Plan - related document(s) 20) (Continued to 4/9/2020 09:00 AM at Richard Taylor's Little Rock Courtroom) (Scales, Erika) (Entered: 03/05/2020) |
| 3/7/2020 | 24 | BNC Certificate of Mailing - Hearing(RE: related document(s) 23 Hearing Continued (RE:Objection to Confirmation of the Plan - related document(s) 20) (Continued to 4/9/2020 09:00 AM at Richard Taylor's Little Rock Courtroom)) No. of Notices: 1. Notice Date 03/07/2020. (Admin.) (Entered: 03/08/2020) |
| 3/10/2020 | 25 | Hearing Not Held. Settled or Continued Prior to the Hearing (RE: Motion to Impose Automatic Stay - related document(s) 18) (Granted Upon Conditions (Wyse))(Albritton, Allison) (Entered: 03/10/2020) |
| 3/10/2020 | 26 | Hearing Not Held. Settled or Continued Prior to the Hearing (RE: Objection - related document(s) 19) (Albritton, Allison) (Entered: 03/10/2020) |
| 3/16/2020 | 27 | Order on Application For Compensation Ch. 13 (etrustee) (Entered: 03/16/2020) |
| 3/19/2020 | 28 | Objection to Confirmation of Plan Filed by Bradley Bruce Young on behalf of Creditor |

| | | |
|---|---|---|
| | | Arkansas Department of Finance and Administration (Young, Bradley) (Entered: 03/19/2020) |
| 3/19/2020 | 29 | BNC Certificate of Mailing(RE: related document(s) 27 Order on Application For Compensation Ch. 13 (etrustee)) No. of Notices: 1. Notice Date 03/19/2020. (Admin.) (Entered: 03/19/2020) |
| 3/20/2020 | 30 | Hearing SCHEDULED(RE: related document(s) 28 Objection to Confirmation of Plan Filed by Bradley Bruce Young on behalf of Creditor Arkansas Department of Finance and Administration) Hearing scheduled for 5/8/2020 at 09:00 AM at Richard Taylor's Little Rock Courtroom. (Scales, Erika) (Entered: 03/20/2020) |
| 3/20/2020 | 31 | Objection to Claim Number 6 by Claimant Arkansas Department of Finance and Administration Filed by Jennifer Wyse on behalf of Jennifer Berry (Wyse, Jennifer) (Entered: 03/20/2020) |
| 3/22/2020 | 32 | BNC Certificate of Mailing - Hearing(RE: related document(s) 30 Hearing SCHEDULED(RE: related document(s) 28 Objection to Confirmation of Plan Filed by Bradley Bruce Young on behalf of Creditor Arkansas Department of Finance and Administration) Hearing scheduled for 5/8/2020 at 09:00 AM at Richard Taylor's Little Rock Courtroom.) No. of Notices: 1. Notice Date 03/22/2020. (Admin.) (Entered: 03/22/2020) |
| 3/25/2020 | 33 | Response to Objection to Claim Filed by Creditor Arkansas Department of Finance and Administration ( Claim # 6 ) Filed by Bradley Bruce Young on behalf of Arkansas Department of Finance and Administration (RE: related document(s) 31 Objection to Claim filed by Jennifer Berry) (Young, Bradley) (Entered: 03/25/2020) |
| 3/25/2020 | 34 | Order to Submit Order (RE: related document(s) 17 Motion to Withdraw Motion (related documents 7 Motion to Extend Automatic Stay) Filed by Jennifer Wyse on behalf of Jennifer Berry) Entered on 3/25/2020(Bell, Allison) (Entered: 03/25/2020) |
| 3/26/2020 | 35 | Order Granting Motion To Withdraw Motion (Related Doc # 17) Entered on Docket 3/26/2020 (Bell, Allison) (Entered: 03/26/2020) |
| 3/26/2020 | 36 | Hearing SCHEDULED(RE: related document(s) 31 Objection to Claim Number 6 by Claimant Arkansas Department of Finance and Administration Filed by Jennifer Wyse on behalf of Jennifer Berry, 33 Response to Objection to Claim Filed by Creditor Arkansas Department of Finance and Administration ( Claim # 6 ) Filed by Bradley Bruce Young on behalf of Arkansas Department of Finance and Administration (RE: related document(s) 31 Objection to Claim filed by Jennifer Berry)) Hearing scheduled for 5/8/2020 at 09:00 AM at Richard Taylor's Little Rock Courtroom. (Scales, Erika) (Entered: 03/26/2020) |
| 3/28/2020 | 37 | BNC Certificate of Mailing - Hearing(RE: related document(s) 36 Hearing SCHEDULED(RE: related document(s) 31 Objection to Claim Number 6 by Claimant Arkansas Department of Finance and Administration Filed by Jennifer Wyse on behalf of Jennifer Berry, 33 Response to Objection to Claim Filed by Creditor Arkansas Department of Finance and Administration ( Claim # 6 ) Filed by Bradley Bruce Young on behalf of Arkansas Department of Finance and Administration (RE: related document(s) 31 Objection to Claim filed by Jennifer Berry)) Hearing scheduled for 5/8/2020 at 09:00 AM at Richard Taylor's Little Rock Courtroom.) No. of Notices: 1. Notice Date 03/28/2020. (Admin.) (Entered: 03/28/2020) |
| 3/28/2020 | 38 | BNC Certificate of Mailing(RE: related document(s) 35 Order Granting Motion To Withdraw Motion (Related Doc 17) Entered on Docket 3/26/2020 (Bell, Allison) ) No. of Notices: 27. Notice Date 03/28/2020. (Admin.) (Entered: 03/28/2020) |
| 4/1/2020 | 39 | Order to Submit Order (RE: related document(s) 18 Motion to Impose Automatic Stay Filed by Jennifer Wyse on behalf of Jennifer Berry (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 matrix)) Entered on 4/1/2020(Bell, Allison) (Entered: 04/01/2020) |
| 4/2/2020 | 40 | Order Granting Motion to Impose Automatic Stay (Related Doc # 18) Entered on Docket 4/2/2020 (Bell, Allison) (Entered: 04/02/2020) |
| 4/4/2020 | 41 | BNC Certificate of Mailing(RE: related document(s) 40 Order Granting Motion to Impose Automatic Stay (Related Doc 18) Entered on Docket 4/2/2020 (Bell, Allison) ) No. of Notices: 27. Notice Date 04/04/2020. (Admin.) (Entered: 04/04/2020) |
| 4/6/2020 | 42 | Hearing Continued (RE:Objection to Confirmation of the Plan - related document(s) 20) (Continued to 5/8/2020 09:00 AM at Richard Taylor's Little Rock Courtroom) (Albritton, Allison) (Entered: 04/06/2020) |
| 4/7/2020 | 43 | Notice of RE-SCHEDULED Meeting of Creditors 341(a) meeting to be held on 5/1/2020 at 02:00 PM at 341a Telephonic Meeting (Line 2). (McCormack, Linda) (Entered: |

| | | |
|---|---|---|
| 4/8/2020 | 44 | BNC Certificate of Mailing - Hearing(RE: related document(s) 42 Hearing Continued (RE:Objection to Confirmation of the Plan - related document(s) 20) (Continued to 5/8/2020 09:00 AM at Richard Taylor's Little Rock Courtroom)) No. of Notices: 1. Notice Date 04/08/2020. (Admin.) (Entered: 04/08/2020) |
| 4/9/2020 | 45 | BNC Certificate of Mailing - Ch 13 Meeting Continued(RE: related document(s) 43 Notice of RE-SCHEDULED Meeting of Creditors 341(a) meeting to be held on 5/1/2020 at 02:00 PM at 341a Telephonic Meeting (Line 2).) No. of Notices: 27. Notice Date 04/09/2020. (Admin.) (Entered: 04/09/2020) |
| 4/13/2020 | 46 | Amended Order Granting Motion to Impose the Automatic Stay (RE: related document(s) 40 Order Granting Motion to Impose Automatic Stay (Related Doc 18) Entered on Docket 4/2/2020 (Bell, Allison) ) Entered on 4/13/2020(Bell, Allison) (Entered: 04/13/2020) |
| 4/15/2020 | 47 | BNC Certificate of Mailing(RE: related document(s) 46 Amended Order Granting Motion to Impose the Automatic Stay (RE: related document(s) 40 Order Granting Motion to Impose Automatic Stay (Related Doc 18) Entered on Docket 4/2/2020 (Bell, Allison) ) Entered on 4/13/2020(Bell, Allison) ) No. of Notices: 27. Notice Date 04/15/2020. (Admin.) (Entered: 04/15/2020) |
| 4/27/2020 | 48 | Hearing Continued (RE:Objection to Confirmation of the Plan - related document(s) 20) (Continued to 6/9/2020 09:00 AM at Richard Taylor's Little Rock Courtroom) (Scales, Erika) (Entered: 04/27/2020) |
| 4/27/2020 | 49 | Hearing Continued (RE:Objection to Confirmation of the Plan - related document(s) 28) (Continued to 6/9/2020 09:00 AM at Richard Taylor's Little Rock Courtroom) (Scales, Erika) (Entered: 04/27/2020) |
| 4/28/2020 | 50 | Application for Compensation for Additional Services Filed by Jennifer Wyse on behalf of Jennifer Berry (Wyse, Jennifer) (Entered: 04/28/2020) |
| 4/28/2020 | 51 | Hearing Not Held. Settled or Continued Prior to the Hearing (RE: Objection to Claim - related document(s) 31) (Settled (Wyse))(Albritton, Allison) (Entered: 04/28/2020) |
| 4/28/2020 | 52 | Hearing Not Held. Settled or Continued Prior to the Hearing (RE: Response to Objection to Claim - related document(s) 33) (Albritton, Allison) (Entered: 04/28/2020) |
| 4/29/2020 | 53 | BNC Certificate of Mailing - Hearing(RE: related document(s) 48 Hearing Continued (RE:Objection to Confirmation of the Plan - related document(s) 20) (Continued to 6/9/2020 09:00 AM at Richard Taylor's Little Rock Courtroom) No. of Notices: 1. Notice Date 04/29/2020. (Admin.) (Entered: 04/29/2020) |
| 4/29/2020 | 54 | BNC Certificate of Mailing - Hearing(RE: related document(s) 49 Hearing Continued (RE:Objection to Confirmation of the Plan - related document(s) 28) (Continued to 6/9/2020 09:00 AM at Richard Taylor's Little Rock Courtroom) No. of Notices: 1. Notice Date 04/29/2020. (Admin.) (Entered: 04/29/2020) |
| 4/30/2020 | 55 | Order on Objection to Confirmation of Plan (RE: related document(s) 28 Objection to Confirmation of Plan Filed by Bradley Bruce Young on behalf of Creditor Arkansas Department of Finance and Administration) Entered on 4/30/2020(Bell, Allison) (Entered: 04/30/2020) |
| 5/2/2020 | 56 | BNC Certificate of Mailing(RE: related document(s) 55 Order on Objection to Confirmation of Plan (RE: related document(s) 28 Objection to Confirmation of Plan Filed by Bradley Bruce Young on behalf of Creditor Arkansas Department of Finance and Administration) Entered on 4/30/2020(Bell, Allison) ) No. of Notices: 1. Notice Date 05/02/2020. (Admin.) (Entered: 05/02/2020) |
| 5/4/2020 | 57 | Meeting of Creditors Held and Concluded 5/1/20. (Kane, Jolene) (Entered: 05/04/2020) |
| 5/4/2020 | 58 | Notice of Requirement to Complete Course in Financial Management (admin) (Entered: 05/04/2020) |
| 5/6/2020 | 59 | Order to Pay Trustee (etrustee) (Entered: 05/06/2020) |
| 5/6/2020 | 60 | Objection to Confirmation of Plan Filed by Trustee (etrustee) (Entered: 05/06/2020) |
| 5/7/2020 | 61 | Order on Objection to Confirmation of Plan (RE: related document(s) 20 Objection to Confirmation of Plan Filed by Sarah Murphy McDaniel on behalf of Creditor SELECT PORTFOLIO SERVICING, INC. AS SERVICER FOR DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, IN TRUST FOR THE REGISTERED HOLDERS OF MORGAN STANLEY ABS CAPITAL I INC. TRUST 2006-HE6, MORTGAGE PAS) Entered on 5/7/2020(Bell, Allison) (Entered: 05/07/2020) |
| 5/7/2020 | 62 | |

| | | |
|---|---|---|
| | | BNC Certificate of Mailing(RE: related document(s) 58 Notice of Requirement to Complete Course in Financial Management (admin) No. of Notices: 1. Notice Date 05/07/2020. (Admin.) (Entered: 05/07/2020) |
| 5/8/2020 | 63 | Hearing SCHEDULED(RE: related document(s) 60 Objection to Confirmation of Plan Filed by Trustee (etrustee)) Hearing scheduled for 6/9/2020 at 09:00 AM at Richard Taylor's Little Rock Courtroom. (Scales, Erika) (Entered: 05/08/2020) |
| 5/9/2020 | 64 | BNC Certificate of Mailing(RE: related document(s) 61 Order on Objection to Confirmation of Plan (RE: related document(s) 20 Objection to Confirmation of Plan Filed by Sarah Murphy McDaniel on behalf of Creditor SELECT PORTFOLIO SERVICING, INC. AS SERVICER FOR DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, IN TRUST FOR THE REGISTERED HOLDERS OF MORGAN STANLEY ABS CAPITAL I INC. TRUST 2006-HE6, MORTGAGE PAS) Entered on 5/7/2020(Bell, Allison) ) No. of Notices: 1. Notice Date 05/09/2020. (Admin.) (Entered: 05/09/2020) |
| 5/10/2020 | 65 | BNC Certificate of Mailing - Hearing(RE: related document(s) 63 Hearing SCHEDULED(RE: related document(s) 60 Objection to Confirmation of Plan Filed by Trustee (etrustee)) Hearing scheduled for 6/9/2020 at 09:00 AM at Richard Taylor's Little Rock Courtroom.) No. of Notices: 1. Notice Date 05/10/2020. (Admin.) (Entered: 05/10/2020) |
| 5/21/2020 | 66 | Order to Submit Order (RE: related document(s) 31 Objection to Claim Number 6 by Claimant Arkansas Department of Finance and Administration Filed by Jennifer Wyse on behalf of Jennifer Berry) Entered on 5/21/2020(Bell, Allison) (Entered: 05/21/2020) |
| 5/28/2020 | 67 | Chapter 13 AMENDED Plan With Notice of Opportunity to Object/Respond. Filed by Jennifer Wyse on behalf of Debtor Jennifer Berry (Attachments: # 1 Certificate of Service # 2 Creditor Matrix)(Wyse, Jennifer) (Entered: 05/28/2020) |
| 5/28/2020 | 68 | Amended Schedules/Statements Filed: Sch I, Sch J, [Fee Due No] Filed by Jennifer Wyse on behalf of Debtor Jennifer Berry (Wyse, Jennifer) (Entered: 05/28/2020) |
| 5/28/2020 | 69 | Amended Schedules/Statements Filed: Sch E/F, Sch G [Fee Due Yes] Filed by Jennifer Wyse on behalf of Debtor Jennifer Berry (Wyse, Jennifer) Modified on 5/29/2020 (Bell, Allison). (Entered: 05/28/2020) |
| 5/28/2020 | 70 | RECEIPT of Amended Schedules, Statements, Petition Page or Creditors(4:20-bk-10393) [misc,amdsc] ( 31.00) Filing Fee. receipt number 14294610, amount $ 31.00. (U.S. Treasury) (Entered: 05/28/2020) |
| 5/28/2020 | 71 | Application for Compensation for Additional Services Filed by Jennifer Wyse on behalf of Jennifer Berry (Wyse, Jennifer) (Entered: 05/28/2020) |
| 6/2/2020 | 72 | Order to Pay Trustee (etrustee) (Entered: 06/02/2020) |
| 6/5/2020 | 73 | Hearing Not Held. Settled or Continued Prior to the Hearing (RE: Objection to Confirmation of Plan - related document(s) 60) (Withdrawn (Trustee))(Albritton, Allison) (Entered: 06/05/2020) |
| 6/5/2020 | 74 | Order to Pay Trustee (etrustee) (Entered: 06/05/2020) |
| 6/8/2020 | 75 | Objection to Confirmation of Amended Plan Filed by Trustee (etrustee) (Entered: 06/08/2020) |
| 6/10/2020 | 76 | Hearing SCHEDULED(RE: related document(s) 75 Objection to Confirmation of Amended Plan Filed by Trustee (etrustee)) Hearing scheduled for 7/1/2020 at 09:00 AM at Richard Taylor's Little Rock Courtroom. (Scales, Erika) (Entered: 06/10/2020) |
| 6/12/2020 | 77 | Order Withdrawing Trustee Objection (etrustee) (Entered: 06/12/2020) |
| 6/12/2020 | 78 | BNC Certificate of Mailing - Hearing(RE: related document(s) 76 Hearing SCHEDULED(RE: related document(s) 75 Objection to Confirmation of Amended Plan Filed by Trustee (etrustee)) Hearing scheduled for 7/1/2020 at 09:00 AM at Richard Taylor's Little Rock Courtroom.) No. of Notices: 1. Notice Date 06/12/2020. (Admin.) (Entered: 06/12/2020) |
| 6/16/2020 | 79 | Order Sustaining Objection to Claim (RE: related document(s) 31 Objection to Claim Number 6 by Claimant Arkansas Department of Finance and Administration Filed by Jennifer Wyse on behalf of Jennifer Berry) Entered on 6/16/2020(Bell, Allison) (Entered: 06/16/2020) |
| 6/18/2020 | 80 | BNC Certificate of Mailing(RE: related document(s) 79 Order Sustaining Objection to Claim (RE: related document(s) 31 Objection to Claim Number 6 by Claimant Arkansas Department of Finance and Administration Filed by Jennifer Wyse on behalf of Jennifer Berry) Entered on 6/16/2020(Bell, Allison) ) No. of Notices: 27. Notice Date 06/18/2020. |

| 6/19/2020 | 81 | Order on Application For Compensation Ch. 13 (etrustee) (Entered: 06/19/2020) |
|---|---|---|
| 6/19/2020 | 82 | Order on Application For Compensation Ch. 13 (etrustee) (Entered: 06/19/2020) |
| 6/21/2020 | 83 | BNC Certificate of Mailing(RE: related document(s) 81 Order on Application For Compensation Ch. 13 (etrustee)) No. of Notices: 1. Notice Date 06/21/2020. (Admin.) (Entered: 06/21/2020) |
| 6/21/2020 | 84 | BNC Certificate of Mailing(RE: related document(s) 82 Order on Application For Compensation Ch. 13 (etrustee)) No. of Notices: 1. Notice Date 06/21/2020. (Admin.) (Entered: 06/21/2020) |
| 6/29/2020 | 85 | Hearing Not Held. Settled or Continued Prior to the Hearing (RE: Objection to Confirmation of Amended Plan - related document(s) 75) (Withdrawn (Trustee))(Albritton, Allison) (Entered: 06/29/2020) |
| 7/10/2020 | 86 | Order Withdrawing Trustee Objection (etrustee) (Entered: 07/10/2020) |
| 7/10/2020 | 87 | Order Confirming Modified Chapter 13 Plan (etrustee) (Entered: 07/10/2020) |
| 7/12/2020 | 88 | BNC Certificate of Mailing(RE: related document(s) 87 Order Confirming Modified Chapter 13 Plan (etrustee)) No. of Notices: 1. Notice Date 07/12/2020. (Admin.) (Entered: 07/12/2020) |
| 8/6/2020 | 89 | Motion to Dismiss Case for Failure to Make Plan Payments Filed by Trustee (etrustee) (Entered: 08/06/2020) |
| 9/13/2020 | 90 | Order Withdrawing Trustee Motion to Dismiss Upon Conditions (etrustee) (Entered: 09/13/2020) |
| 10/13/2020 | 91 | Order To Dismiss Debtor (etrustee) (Entered: 10/13/2020) |
| 10/14/2020 | 92 | Notice of Cancellation of Auto Insurance Filed by Trustee (etrustee) (Entered: 10/14/2020) |
| 10/14/2020 | 93 | Notice of Cancellation of Auto Insurance Filed by Trustee (etrustee) (Entered: 10/14/2020) |
| 10/15/2020 | 94 | BNC Certificate of Mailing(RE: related document(s) 91 Order To Dismiss Debtor (etrustee)) No. of Notices: 28. Notice Date 10/15/2020. (Admin.) (Entered: 10/16/2020) |
| 12/11/2020 | 95 | Chapter 13 Final Report and Account Filed by Trustee (etrustee) (Entered: 12/11/2020) |

**Last Updated: Dec 21 2020 10:52AM CST**

Exhibit L

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

IN RE: Jennifer Berry

CASE NO: 4:20-bk-10393 T

Chapter 13

CHAPTER 13 ORDER DISMISSING CASE
FOR VIOLATING STRICT COMPLIANCE ORDER

COMES NOW THE COURT and finds that an order was entered in the above styled case on September 13, 2020, Docket Entry [90], requiring the debtor to make specific payments to the Trustee. The order further provided that the case was to be dismissed if payments were not submitted as required. The court finds that the payments have not been submitted as required and, therefore, the case should be, and hereby is, dismissed for failure of the debtor to comply with the court's order of September 13, 2020.

IT IS SO ORDERED.

Date: 10/13/2020

_____
/s/ Richard D. Taylor

Richard D. Taylor
U.S. Bankruptcy Judge

cc: Jack W Gooding, Trustee

The Honey Law Firm
P O Box 1254
Hot Springs, AR 71902

Jennifer Berry
816 W Ashley St
Benton, AR 72015

All Creditors

LK    /195

## Exhibit M

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **Jennifer Berry** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF ARKANSAS |
| Case number (If known) | **4:20-bk-10393** |

Check if this is:
☐ An amended filing
☐ A supplement showing postpetition chapter 13 income as of the following date:
_____
MM / DD/ YYYY

## Official Form 106I
# Schedule I: Your Income
12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1: Describe Employment

**1. Fill in your employment information.**

If you have more than one job, attach a separate page with information about additional employers.

Include part-time, seasonal, or self-employed work.

Occupation may include student or homemaker, if it applies.

| | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| | Employment status | ■ Employed<br>☐ Not employed | ■ Employed<br>☐ Not employed |
| | Occupation | Admin Support | Welder |
| | Employer's name | Friendship Community Care | Lexicon, Inc. |
| | Employer's address | 920 University Drive<br>Russellville, AR 72801 | 8900 Fourche Dam Pike<br>Little Rock, AR 72206 |
| | How long employed there? | 3 years | 1 month |

### Part 2: Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. | $ 2,600.00 | $ 3,080.00 |
| 3. | **Estimate and list monthly overtime pay.** | 3. | +$ 0.00 | +$ 0.00 |
| 4. | **Calculate gross income.** Add line 2 + line 3. | 4. | $ 2,600.00 | $ 3,080.00 |

| Debtor 1 | **Jennifer Berry** | Case number (*if known*) | **4:20-bk-10393** |
|---|---|---|---|

|  |  |  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| | Copy line 4 here | 4. | $ **2,600.00** | $ **3,080.00** |
| 5. | List all payroll deductions: | | | |
| | 5a. Tax, Medicare, and Social Security deductions | 5a. | $ **433.33** | $ **643.00** |
| | 5b. Mandatory contributions for retirement plans | 5b. | $ **0.00** | $ **0.00** |
| | 5c. Voluntary contributions for retirement plans | 5c. | $ **0.00** | $ **0.00** |
| | 5d. Required repayments of retirement fund loans | 5d. | $ **0.00** | $ **0.00** |
| | 5e. Insurance | 5e. | $ **0.00** | $ **307.40** |
| | 5f. Domestic support obligations | 5f. | $ **0.00** | $ **0.00** |
| | 5g. Union dues | 5g. | $ **0.00** | $ **0.00** |
| | 5h. Other deductions. Specify: **401(K)** | 5h.+ | $ **0.00** + | $ **154.00** |
| | Dental | | $ **0.00** | $ **31.48** |
| | Vision | | $ **0.00** | $ **10.30** |
| 6. | Add the payroll deductions. Add lines 5a+5b+5c+5d+5e+5f+5g+5h. | 6. | $ **433.33** | $ **1,146.18** |
| 7. | Calculate total monthly take-home pay. Subtract line 6 from line 4. | 7. | $ **2,166.67** | $ **1,933.82** |
| 8. | List all other income regularly received: | | | |
| | 8a. Net income from rental property and from operating a business, profession, or farm | | | |
| | Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $ **0.00** | $ **0.00** |
| | 8b. Interest and dividends | 8b. | $ **0.00** | $ **0.00** |
| | 8c. Family support payments that you, a non-filing spouse, or a dependent regularly receive | | | |
| | Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ **0.00** | $ **0.00** |
| | 8d. Unemployment compensation | 8d. | $ **0.00** | $ **0.00** |
| | 8e. Social Security | 8e. | $ **0.00** | $ **0.00** |
| | 8f. Other government assistance that you regularly receive | | | |
| | Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: | 8f. | $ **0.00** | $ **0.00** |
| | 8g. Pension or retirement income | 8g. | $ **0.00** | $ **0.00** |
| | 8h. Other monthly income. Specify: | 8h.+ | $ **0.00** + | $ **0.00** |
| 9. | Add all other income. Add lines 8a+8b+8c+8d+8e+8f+8g+8h. | 9. | $ **0.00** | $ **0.00** |
| 10. | Calculate monthly income. Add line 7 + line 9. Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. | 10. | $ **2,166.67** + | $ **1,933.82** = $ **4,100.49** |

11. **State all other regular contributions to the expenses that you list in** *Schedule J.*
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*
Specify:      11. +$ **0.00**

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.
Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data,* if it applies      12. $ **4,100.49**

**Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**
☒ No.
☐ Yes. Explain:

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 **Jennifer Berry** | Check if this is: |
| Debtor 2 (Spouse, if filing) | ☐ An amended filing |
| | ☐ A supplement showing postpetition chapter 13 expenses as of the following date: |
| United States Bankruptcy Court for the: EASTERN DISTRICT OF ARKANSAS | _____ |
| Case number **4:20-bk-10393** (If known) | MM / DD / YYYY |

## Official Form 106J
# Schedule J: Your Expenses
**12/15**

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

| Part 1: | Describe Your Household |
|---|---|

1. **Is this a joint case?**

   ■ No. Go to line 2.

   ☐ Yes. **Does Debtor 2 live in a separate household?**

       ☐ No

       ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2. **Do you have dependents?** ■ No

   Do not list Debtor 1 and Debtor 2.

   Do not state the dependents names.

   ☐ Yes. Fill out this information for each dependent..............

| | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|---|
| | _____ | _____ | ☐ No ☐ Yes |
| | _____ | _____ | ☐ No ☐ Yes |
| | _____ | _____ | ☐ No ☐ Yes |
| | _____ | _____ | ☐ No ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**

   ■ No
   ☐ Yes

| Part 2: | Estimate Your Ongoing Monthly Expenses |
|---|---|

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

| | | **Your expenses** |
|---|---|---|

4. **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot.
   
   4. $          0.00

   **If not included in line 4:**

   | 4a. | Real estate taxes | 4a. $ | 0.00 |
   |---|---|---|---|
   | 4b. | Property, homeowner's, or renter's insurance | 4b. $ | 0.00 |
   | 4c. | Home maintenance, repair, and upkeep expenses | 4c. $ | 0.00 |
   | 4d. | Homeowner's association or condominium dues | 4d. $ | 0.00 |

5. **Additional mortgage payments for your residence,** such as home equity loans
   
   5. $          0.00

| Debtor 1 | Jennifer Berry | | | Case number (if known) | 4:20-bk-10393 |
|---|---|---|---|---|---|

| | | | | | |
|---|---|---|---|---|---|
| 6. | **Utilities:** | | | | |
| | 6a. | Electricity, heat, natural gas | 6a. | $ | 120.00 |
| | 6b. | Water, sewer, garbage collection | 6b. | $ | 30.00 |
| | 6c. | Telephone, cell phone, Internet, satellite, and cable services | 6c. | $ | 120.00 |
| | 6d. | Other. Specify: | 6d. | $ | 0.00 |
| 7. | **Food and housekeeping supplies** | | 7. | $ | 590.00 |
| 8. | **Childcare and children's education costs** | | 8. | $ | 0.00 |
| 9. | **Clothing, laundry, and dry cleaning** | | 9. | $ | 50.00 |
| 10. | **Personal care products and services** | | 10. | $ | 70.00 |
| 11. | **Medical and dental expenses** | | 11. | $ | 0.00 |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. | | | | |
| | Do not include car payments. | | 12. | $ | 230.00 |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | | 13. | $ | 50.00 |
| 14. | **Charitable contributions and religious donations** | | 14. | $ | 0.00 |
| 15. | **Insurance.** | | | | |
| | Do not include insurance deducted from your pay or included in lines 4 or 20. | | | | |
| | 15a. | Life insurance | 15a. | $ | 0.00 |
| | 15b. | Health insurance | 15b. | $ | 0.00 |
| | 15c. | Vehicle insurance | 15c. | $ | 210.00 |
| | 15d. | Other insurance. Specify: | 15d. | $ | 0.00 |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. | | | | |
| | Specify: **Personal property tax** | | 16. | $ | 10.00 |
| 17. | **Installment or lease payments:** | | | | |
| | 17a. | Car payments for Vehicle 1 | 17a. | $ | 0.00 |
| | 17b. | Car payments for Vehicle 2 | 17b. | $ | 0.00 |
| | 17c. | Other. Specify: | 17c. | $ | 0.00 |
| | 17d. | Other. Specify: | 17d. | $ | 0.00 |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, Schedule I, Your Income (Official Form 106I).** | | 18. | $ | 0.00 |
| 19. | **Other payments you make to support others who do not live with you.** | | | $ | 0.00 |
| | Specify: | | 19. | | |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on Schedule I: Your Income.** | | | | |
| | 20a. | Mortgages on other property | 20a. | $ | 0.00 |
| | 20b. | Real estate taxes | 20b. | $ | 0.00 |
| | 20c. | Property, homeowner's, or renter's insurance | 20c. | $ | 0.00 |
| | 20d. | Maintenance, repair, and upkeep expenses | 20d. | $ | 0.00 |
| | 20e. | Homeowner's association or condominium dues | 20e. | $ | 0.00 |
| 21. | **Other:** Specify: **Pet Expenses** | | 21. | +$ | 30.00 |

| | | | | |
|---|---|---|---|---|
| 22. | **Calculate your monthly expenses** | | | |
| | 22a. Add lines 4 through 21. | | $ | 1,510.00 |
| | 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | | $ | |
| | 22c. Add line 22a and 22b. The result is your monthly expenses. | | $ | 1,510.00 |
| 23. | **Calculate your monthly net income.** | | | |
| | 23a. Copy line 12 (your combined monthly income) from Schedule I. | 23a. | $ | 4,100.49 |
| | 23b. Copy your monthly expenses from line 22c above. | 23b. | -$ | 1,510.00 |
| | 23c. Subtract your monthly expenses from your monthly income. The result is your monthly net income. | 23c. | $ | 2,590.49 |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

■ No.

☐ Yes. | Explain here:

Exhibit N

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **Terry Berry** |
| Debtor 2 (Spouse, if filing) | **Jennifer Berry** |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF ARKANSAS |
| Case number (If known) | |

Check if this is:
☐ An amended filing
☐ A supplement showing postpetition chapter 13 income as of the following date:

_____
MM / DD/ YYYY

## Official Form 106I
# Schedule I: Your Income
**12/15**

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:　Describe Employment

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

| | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| | Employment status | ■ Employed<br>☐ Not employed | ■ Employed<br>☐ Not employed |
| | Occupation | **Welder** | **Admin Support** |
| | Employer's name | **Bearden Lumber Co.** | **Friendship Community Care** |
| | Employer's address | **Attn: Payroll<br>111 N. Plum Street<br>Bearden, AR 71720** | **Attn: Payroll<br>920 Unitversity Drive<br>Russellville, AR 72801** |
| | How long employed there? | | |

### Part 2:　Give Details About Monthly Income

**Estimate monthly income as of the date you file this form.** If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions).  If not paid monthly, calculate what the monthly wage would be. | 2. | $ **3,607.06** | $ **3,333.20** |
| 3. | **Estimate and list monthly overtime pay.** | 3. | +$ **0.00** | +$ **0.00** |
| 4. | **Calculate gross income.**  Add line 2 + line 3. | 4. | $ **3,607.06** | $ **3,333.20** |

Debtor 1   **Terry Berry**
Debtor 2   **Jennifer Berry**

Case number (*if known*) _____

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| **Copy line 4 here** | 4. | $ 3,607.06 | $ 3,333.20 |

5. **List all payroll deductions:**

| | | For Debtor 1 | | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 5a. | **Tax, Medicare, and Social Security deductions** | 5a. | $ 1,385.50 | $ 478.66 |
| 5b. | **Mandatory contributions for retirement plans** | 5b. | $ 0.00 | $ 0.00 |
| 5c. | **Voluntary contributions for retirement plans** | 5c. | $ 0.00 | $ 0.00 |
| 5d. | **Required repayments of retirement fund loans** | 5d. | $ 0.00 | $ 0.00 |
| 5e. | **Insurance** | 5e. | $ 0.00 | $ 678.40 |
| 5f. | **Domestic support obligations** | 5f. | $ 0.00 | $ 0.00 |
| 5g. | **Union dues** | 5g. | $ 0.00 | $ 0.00 |
| 5h. | **Other deductions.** Specify: _____ | 5h.+ | $ 0.00 + | $ 0.00 |

6. **Add the payroll deductions.** Add lines 5a+5b+5c+5d+5e+5f+5g+5h.   6.   $ 1,385.50   $ 1,157.06

7. **Calculate total monthly take-home pay.** Subtract line 6 from line 4.   7.   $ 2,221.56   $ 2,176.14

8. **List all other income regularly received:**

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 8a. | **Net income from rental property and from operating a business, profession, or farm** Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $ 0.00 | $ 0.00 |
| 8b. | **Interest and dividends** | 8b. | $ 0.00 | $ 0.00 |
| 8c. | **Family support payments that you, a non-filing spouse, or a dependent regularly receive** Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ 0.00 | $ 0.00 |
| 8d. | **Unemployment compensation** | 8d. | $ 0.00 | $ 0.00 |
| 8e. | **Social Security** | 8e. | $ 0.00 | $ 0.00 |
| 8f. | **Other government assistance that you regularly receive** Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: _____ | 8f. | $ 0.00 | $ 0.00 |
| 8g. | **Pension or retirement income** | 8g. | $ 0.00 | $ 0.00 |
| 8h. | **Other monthly income.** Specify: _____ | 8h.+ | $ 0.00 + | $ 0.00 |

9. **Add all other income.** Add lines 8a+8b+8c+8d+8e+8f+8g+8h.   9.   $ 0.00   $ 0.00

10. **Calculate monthly income.** Add line 7 + line 9.   10.   $ 2,221.56 + $ 2,176.14 = $ 4,397.70
Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.

11. **State all other regular contributions to the expenses that you list in *Schedule J*.**
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J*.
Specify: _____   11.   +$ 0.00

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.
Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data*, if it applies   12.   $ 4,397.70
**Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**
   ■ No.
   ☐ Yes. Explain: _____

12/16/20 1:47PM

| Fill in this information to identify your case: | |
|---|---|

Debtor 1 **Terry Berry**

Debtor 2 **Jennifer Berry**
(Spouse, if filing)

United States Bankruptcy Court for the: EASTERN DISTRICT OF ARKANSAS

Case number
(If known)

Check if this is:
- ☐ An amended filing
- ☐ A supplement showing postpetition chapter 13 expenses as of the following date:

MM / DD / YYYY

## Official Form 106J
# Schedule J: Your Expenses                                    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:   Describe Your Household

1. **Is this a joint case?**
   - ☐ No. Go to line 2.
   - ■ Yes. **Does Debtor 2 live in a separate household?**
     - ■ No
     - ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2. **Do you have dependents?** ■ No

   Do not list Debtor 1 and Debtor 2.   ☐ Yes. Fill out this information for each dependent..............

   Do not state the dependents names.

   | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
   |---|---|---|
   | | | ☐ No  ☐ Yes |
   | | | ☐ No  ☐ Yes |
   | | | ☐ No  ☐ Yes |
   | | | ☐ No  ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**   ■ No  ☐ Yes

### Part 2:   Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

| | Your expenses |
|---|---|

4. **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot.   4. $ 0.00

   If not included in line 4:

   4a. Real estate taxes   4a. $ 0.00
   4b. Property, homeowner's, or renter's insurance   4b. $ 0.00
   4c. Home maintenance, repair, and upkeep expenses   4c. $ 100.00
   4d. Homeowner's association or condominium dues   4d. $ 0.00

5. **Additional mortgage payments for your residence,** such as home equity loans   5. $ 0.00

Debtor 1  **Terry Berry**
Debtor 2  **Jennifer Berry**                                    Case number (if known) _____

6.  **Utilities:**
    6a.  Electricity, heat, natural gas                           6a.  $          275.00
    6b.  Water, sewer, garbage collection                        6b.  $           55.00
    6c.  Telephone, cell phone, Internet, satellite, and cable services    6c.  $          220.00
    6d.  Other. Specify:                                    6d.  $            0.00
7.  **Food and housekeeping supplies**                       7.  $         500.00
8.  **Childcare and children's education costs**               8.  $            0.00
9.  **Clothing, laundry, and dry cleaning**                  9.  $           75.00
10. **Personal care products and services**                10.  $           65.00
11. **Medical and dental expenses**                     11.  $         177.70
12. **Transportation.** Include gas, maintenance, bus or train fare.
    Do not include car payments.                        12.  $         280.00
13. **Entertainment, clubs, recreation, newspapers, magazines, and books**  13.  $         100.00
14. **Charitable contributions and religious donations**        14.  $            0.00
15. **Insurance.**
    Do not include insurance deducted from your pay or included in lines 4 or 20.
    15a.  Life insurance                                15a.  $            0.00
    15b.  Health insurance                           15b.  $            0.00
    15c.  Vehicle insurance                          15c.  $         340.00
    15d.  Other insurance. Specify:                   15d.  $            0.00
16. **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20.
    Specify:  **Personal Property Taxes, Tags**            16.  $           60.00
17. **Installment or lease payments:**
    17a.  Car payments for Vehicle 1                    17a.  $            0.00
    17b.  Car payments for Vehicle 2                    17b.  $            0.00
    17c.  Other. Specify:                           17c.  $            0.00
    17d.  Other. Specify:                           17d.  $            0.00
18. **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5,** *Schedule I, Your Income* **(Official Form 106I).**  18.  $            0.00
19. **Other payments you make to support others who do not live with you.**        $            0.00
    Specify:                                          19.
20. **Other real property expenses not included in lines 4 or 5 of this form or on** *Schedule I: Your Income.*
    20a.  Mortgages on other property                  20a.  $            0.00
    20b.  Real estate taxes                          20b.  $            0.00
    20c.  Property, homeowner's, or renter's insurance         20c.  $            0.00
    20d.  Maintenance, repair, and upkeep expenses         20d.  $            0.00
    20e.  Homeowner's association or condominium dues      20e.  $            0.00
21. **Other:** Specify:                                21.  +$            0.00

22. **Calculate your monthly expenses**
    22a. Add lines 4 through 21.                              $       2,247.70
    22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2     $
    22c. Add line 22a and 22b. The result is your monthly expenses.            $       2,247.70

23. **Calculate your monthly net income.**
    23a. Copy line 12 *(your combined monthly income)* from Schedule I.    23a.  $      4,397.70
    23b. Copy your monthly expenses from line 22c above.             23b.  -$      2,247.70

    23c. Subtract your monthly expenses from your monthly income.
         The result is your *monthly net income.*                23c.  $      2,150.00

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
    For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?
    ■ No.
    ☐ Yes.    Explain here: